UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 20-MD-02966-LHK<br><br>**ORDER APPOINTING INTERIM CO-LEAD CLASS COUNSEL AND PLAINTIFFS' STEERING COMMITTEE** |

Before the Court are two motions for appointment as interim class counsel. ECF Nos. 55, 56. The Court also received two response briefs. ECF Nos. 57, 58.

Having reviewed the submissions and considering the factors enumerated in Rule 23(g)(1)(A), the Court hereby appoints Michael Buchman of Motley Rice LLC and Dena Sharp of Girard Sharp LLP as Interim Co-Lead Class Counsel.

The Court notes that Defendants are represented by Williams & Connolly LLP, White & Case LLP, Kirkland & Ellis LLP, O'Melveny & Meyers LLP, and Skaggs Faucette LLP. The Court further recognizes that this antitrust multi-district litigation will require significant resources from Plaintiffs' counsel, who must advance the cost of litigation, including attorneys' and experts' fees. Thus, the Court appoints the following attorneys to serve on Plaintiffs' Steering Committee:

Joseph Saveri of Joseph Saveri Law Firm, Inc.; Jessica R. MacAuley of Hagens Berman Sobol Shapiro LLP; Karin Garvey of Labaton Sucharow LLP; Kenneth Wexler of Wexler Wallace LLP; Clark Craddock of the Radice Law Firm; John Macoretta of Spector Roseman & Kodroff PC; and Mark Fischer of Rawlings & Associates, PLLC.

In light of the number of attorneys and law firms appointed, and in order to ensure efficiency, the Court adopts the following protocols. Other than the Interim Co-Lead Class Counsel and Plaintiffs' Steering Committee, no other law firms shall work on the instant case without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Interim Co-Lead Class Counsel and Plaintiffs' Steering Committee cannot perform these tasks. If attorneys' fees are ultimately awarded in this case, the Court will not award fees for additional Plaintiffs' counsel whom the Court has not approved. Interim Co-Lead Class Counsel must seek approval before additional Plaintiffs' counsel begin work on the case in order to seek reimbursement of the fees for such work.

Further, Interim Co-Lead Class Counsel and the Plaintiffs' Steering Committee shall take the following steps to ensure efficiency in representing the putative class in the instant case. First, as Interim Co-Lead Class Counsel, Michael Buchman and Dena Sharp shall review all billing records for all billers every month and strike duplicative or inefficient billing. Second, all billing shall be contemporaneous, meaning that billing for each task shall be recorded within seven days of the task. Third, all billing shall be recorded by task, rather than by block billing. Fourth, only work that has been assigned shall be eligible for compensation. Fifth, all billing by task should be billed in tenth-of-an hour increments. Sixth, Interim Co-Lead Class Counsel and the Plaintiffs' Steering Committee shall impose and enforce limits on the number of lawyers assigned to each task. For expenses, only coach airfare will be reimbursed.

Finally, Interim Co-Lead Class Counsel, the Plaintiffs' Steering Committee, and any additional Plaintiffs' counsel approved by the Court shall not bill time related to fee issues or time spent preparing or reviewing time and expenses. In other words, "fees on fees" are not billable.

"Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 694 n.5 (9th Cir. 1991); *accord* 5 Newberg on Class Actions § 15:93 (5th ed. Dec. 2020 update) (collecting cases).

**IT IS SO ORDERED.**

Dated: February 22, 2021

_____
LUCY H. KOH
United States District Judge