1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   IN RE: XYREM (SODIUM OXYBATE)        Master File No. 20-MD-02966-LHK
     ANTITRUST LITIGATION
13                                        **ORDER GRANTING**
                                          **ADMINISTRATIVE MOTIONS TO**
14                                        **SEAL DOCUMENTS RE:**
                                          **DEFENDANTS' MOTION TO DISMISS**
15   This Document Relates To: All Actions
                                          Re: Dkt. Nos. 110, 128
16

17

18        Before the Court are (1) Defendants' unopposed administrative motion to seal portions of

19   exhibits submitted in support of their motion to dismiss, ECF No. 110 ("Defendants' sealing

20   motion"); and (2) Plaintiffs' unopposed administrative motion to seal portions of Plaintiffs'

21   opposition to Defendants' motion to dismiss, ECF No. 128 ("Plaintiffs' sealing motion"). For the

22   following reasons, the Court GRANTS the parties' sealing motions.

23   **I.    LEGAL STANDARD**

24        "Historically, courts have recognized a 'general right to inspect and copy public records

25   and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of*

26   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

27                                        1

28   Case No. 19-CV-04700-LHK
     ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS RE: DEFENDANTS' MOTION
     TO DISMISS

United States District Court
Northern District of California

589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, a "strong presumption in favor of access is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In the Ninth Circuit, documents that are more than "tangentially related . . . to the underlying cause of action" are not sealable unless the Court agrees that "compelling reasons" exist to overcome the presumption of access. *See id.* at 1179.

Here, the parties seek to seal documents that Defendants have filed to support Defendants' motion to dismiss, ECF No. 109, which is a dispositive motion. The documents thus have more than a tangential relation to the merits of the case and, in turn, the "compelling reasons" standard applies. *See, e.g.*, *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 8617634, at *1 (N.D. Cal. Sept. 7, 2020) (applying the "compelling reasons" standard to exhibits to a motion to dismiss); *Dominion Assets LLC v. Masimo Corp.*, 2014 WL 12606653, at *1 (N.D. Cal. May 9, 2014) (same); *Yelp Inc. v. Datafiniti LLC*, 2013 WL 12324188, at *2 (N.D. Cal. Jan. 14, 2013) (same).

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a

2

Case No. 19-CV-04700-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS RE: DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order

2    that "lists in table format each document or portion thereof that is sought to be sealed," as well as

3    an "unredacted version of the document" that "indicate[s], by highlighting or other clear method,

4    the portions of the document that have been omitted from the redacted version." *Id.*

5    ## II.    DISCUSSION

6         The parties move to file under seal certain parts of documents related to Defendants'

7    motion to dismiss, which the Court granted in part and denied in part at ECF No. 138. The

8    documents disclose the financial details of agreements between Jazz and each of the Generic

9    Defendants (Hikma, Par, Lupin, and Amneal). The agreements at issue, which are described in the

10   Court's order granting in part and denying in part Defendant's motion to dismiss, are labeled

11   "Settlement Agreements" and "Authorized Generic Agreements." Defendants specifically move to

12   seal the following information in various Settlement Agreements and Authorized Generic

13   Agreements:

1. In all four of the Authorized Generic Agreements (Exhibits 2, 5, 8, and 11), information related to calculating the "Invoice Supply Price," which is used to calculate the fees Hikma, Par, Lupin, and Amneal will pay Jazz for supplying sodium oxybate product (the "AG Product"). *See* Hikma AG Agreement § 1.28; Par AG Agreement § 1.24; Lupin AG Agreement § 1.23; Amneal AG Agreement § 1.26.

2. In all four of the Authorized Generic Agreements, the "Per Unit Services Price," which is used to calculate the fees Hikma, Par, Lupin, and Amneal, will pay Jazz for services related to distribution of the AG Product. *See* Hikma AG Agreement § 5.4; Par AG Agreement § 1.41; Lupin AG Agreement § 1.38; Amneal AG Agreement § 1.38.

3. In all four of the Authorized Generic Agreements, information related to the royalties Hikma, Par, Lupin, and Amneal will pay to Jazz on their net sales of the AG Product. *See* Hikma AG Agreement §§ 2.8.2, 5.2; Par AG Agreement §§ 2.7.2, 5.1, Exhibit 1.10; Lupin AG Agreement §§ 2.7.2, 5.1, Exhibit 1.10; Amneal AG Agreement §§ 2.7.2, 5.1, Exhibit 1.13.

4. In the Jazz-Par, Jazz-Lupin, and Jazz-Amneal Authorized Generic Agreements (Exhibits 5, 8, and 11), information related to the quantity of AG Product authorized to be sold. *See* Par AG Agreement § 1.28; Lupin AG Agreement § 1.27; Amneal AG Agreement § 1.30.

5. In the Jazz-Hikma Authorized Generic Agreement (Exhibit 2) only, the applicable dates

*United States District Court*
*Northern District of California*

3

Case No. 19-CV-04700-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS RE: DEFENDANTS' MOTION
TO DISMISS

and Net Sales thresholds used in calculations related to a provision that could permit Hikma to distribute its AG Product earlier than January 2023. *See* Hikma AG Agreement § 2.7.

6.  In the Jazz-Hikma Authorized Generic Agreement only, a term related to the allocation of the supply of AG Product in the event of a supply shortage. *See* Hikma AG Agreement § 3.3.

7.  In all four of the Settlement Agreements (Exhibits 1, 4, 7, and 10), the saved litigation costs or portion thereof that Jazz will share with each generic manufacture litigating with Jazz. *See* Hikma, Par, Lupin, & Amneal Settlement Agreement § 3.

P.J. Honerkamp Decl. ¶ 9, ECF No. 110-1. Following Civil Local Rule 79-5(d)(1)(D), Defendants have filed unredacted version of the documents at issue and highlighted what Defendants move to seal.

To support their sealing request, Defendants file four declarations. The first declaration is from defense counsel and simply avers that Plaintiffs do not oppose Defendants' sealing motion. Alexander S. Zolan Decl. ¶ 3. ECF No. 110-2. The three other declarations are from senior employees of Jazz, Hikma, and Par. Jazz's declaration is from P.J. Honerkamp, the Senior Vice President "responsible for managing all aspects of business strategy and planning concerning the medications manufactured for Jazz's Sleep business unit, including Xyrem." *Id.* ¶ 2. Hikma's declaration is from Edward J. Pardon, Senior IP and Litigation Counsel, who is "personally familiar" with the Jazz-Hikma Authorized Generic ("AG") Agreement and Settlement Agreement. Pardon Decl. ¶ 2, ECF No. 110-4. Lastly, Par's declaration is from Lawrence M. Brown, Assistant General Counsel for Generics IP, who is familiar with the Jazz-Par AG Agreement and Settlement Agreement. Brown Decl. ¶ 2, ECF No. 110-3.

Plaintiffs' sealing request is derivative of Defendants' request. Plaintiffs merely seek to seal portions of Plaintiffs' opposition to Defendants' motion to dismiss. ECF No. 128 at 2. Those portions contain or summarize what Defendants move to seal. *Id.*

The parties' sealing requests are narrowly tailored and warranted. As the Ninth Circuit has explained, "business information that might harm a litigant's competitive standing [if disclosed]" meets the compelling reasons standard for sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569

4

1  (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598); *see also, e.g.*, *In re Anthem, Inc. Data Breach*

2  *Litig.*, No. 15-MD-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) (sealing

3  information on same grounds). Types of sealable business information include "pricing terms" and

4  "royalty rates" in a confidential contract. *In re Elec. Arts, Inc.*, 298 F. App'x at 569. These are the

5  types of information that Defendants seek to seal here. For instance, as noted above, Defendants

6  ask to seal precise prices and royalty percentages. Defendants also ask to seal "quantit[ies] of AG

7  Product authorized to be sold" and allocations of manufacturing capacity—information which

8  could "harm [Defendants]' competitive standing" if disclosed. *Id.*

9        Defendants' declarations reinforce the apparent confidentiality of the information at issue.

10  Honerkamp avers, for example, that the "contents of the agreements comprising [the Settlement

11  Agreements and AG Agreements above] are closely guarded within Jazz, and not widely

12  accessible electronically except by the company's law department personnel, its most senior

13  business people, and others with an operational need to know." Honerkamp Decl. ¶ 11. Pardon and

14  Brown further aver, on behalf of Hikma and Par, that public disclosure of their agreements with

15  Jazz would harm Hikma and Par. *See* Brown Decl. ¶¶ 3–5 (describing competitive harm); Pardon

16  Decl. ¶¶ 4–7 (same). Disclosure would not only hurt Hikma and Par's competitive position

17  relative to other potential manufacturers of generic Xyrem, but also disadvantage Hikma and Par

18  in future settlement negotiations of patent litigation. *Id.* Accordingly, the Court GRANTS

19  Defendants' sealing motion, ECF No. 110, and Plaintiffs' sealing motion, ECF No. 128.

20        The Court notes, however, that Defendants' sealing motion has a procedural defect.

21  Defendants failed to file and email a proposed order, let alone a proposed order "that is narrowly

22  tailored to seal only the sealable material, and which lists in table format each document or portion

23  thereof that is sought to be sealed." Civ. L.R. 79-5(d)(1)(B); *see also* Civ. L.R. 5(g) (email

24  requirement for proposed orders). The Court warns that future sealing motions that violate Civil

25  Local Rule 79-5 will be denied without prejudice.

26  **IT IS SO ORDERED.**

27

28  Case No. 19-CV-04700-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS RE: DEFENDANTS' MOTION
TO DISMISS

United States District Court
Northern District of California

1

2     Dated: August 13, 2021

3                                          _Lucy H. Koh_____

4                                          LUCY H. KOH
                                           United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         6

Case No. 19-CV-04700-LHK
       ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS RE: DEFENDANTS' MOTION
       TO DISMISS

United States District Court
Northern District of California