UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION

Case No. 20-md-02966-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES AND GRANTING MOTION TO DISQUALIFY EXPERTS**

**I. INTRODUCTION**

In this multidistrict litigation, Plaintiffs aver that Defendants engaged in an anticompetitive scheme to delay generic competition for Xyrem, a drug used to treat cataplexy and daytime sleepiness in patients with narcolepsy. Defendants have answered the operative complaints,[1] and Plaintiffs now move to strike affirmative defenses included in Defendants' answers. Defendant Hikma moves to disqualify two of Plaintiffs' expert witnesses. The motion to strike is granted in part and denied in part, and Defendants are granted leave to amend as to the stricken defenses. The motion to disqualify two expert witnesses is granted. Hikma previously retained these expert witnesses, and has met its burden of establishing it provided the experts with relevant confidential information.

---

[1] There are two operative complaints at issue in this motion: the Amended Consolidated Class Action Complaint, and the United Healthcare Services Complaint, 21-cv-02710.

## II. BACKGROUND

This multidistrict litigation arises from alleged anticompetitive conduct in the distribution of Xyrem, a prescription sodium oxybate drug product. Xyrem was sold by Jazz Pharmaceuticals, Inc., Jazz Pharmaceuticals Ireland Limited, and Jazz Pharmaceuticals Public Limited Company (collectively "Jazz"). The complaints aver that Jazz and the other Defendants engaged in anticompetitive conduct to delay a generic version of Xyrem from entering the market. In addition to Jazz, the Defendants include generic companies Hikma Labs, Inc. (formerly known as Roxane Laboratories, Inc.), Hikma Pharmaceuticals USA Inc. (formerly known as West-Ward Pharmaceuticals Corp.), Eurohealth (USA), Inc., and Hikma Pharmaceuticals plc (collectively, "Hikma"), which are all related companies, and Amneal Pharmaceuticals LLC ("Amneal"), Par Pharmaceuticals, Inc. ("Par"), and Lupin Ltd, Lupin Pharmaceuticals Inc., and Lupin, Inc. (collectively "Lupin").

This MDL comprises both class and individual actions. Eight of the cases making up this MDL involve putative class actions.[2] The judge previously assigned to this MDL appointed co-lead counsel, and Plaintiffs filed a Consolidated Class Action Complaint. After the filing of the Consolidated Class Action Complaint, plaintiff United Healthcare Services' ("UHS") action was transferred to this district by the Judicial Panel on Multidistrict Litigation.[3] All parties have agreed that UHS's complaint overlaps significantly with the Consolidated Class Action Complaint, and that UHS will litigate its overlapping claims to resolution before litigating any remaining causes of action.[4]

---

[2] The Class Plaintiffs include eight health benefits plans—A.F. of L. – A.G.C. Building Trades Welfare Plan, Blue Cross Blue Shield Association, City of Providence, Rhode Island, Government Employees Health Association, Inc., New York State Teamsters Council Health and Hospital Fund, UFCW Local 1500 Welfare Fund—and an individual purchaser, Ruth Hollman.

[3] This Court also granted motions to relate *Humana Inc. v. Jazz Pharmaceuticals, Inc., et al.*, No. 21-cv-07934 ("Humana") and *Molina Healthcare Inc. v. Jazz Pharmaceuticals, Inc., et al.*, No. 21-cv-07935 ("Molina") to the *In Re Xyrem* MDL.

[4] The overlapping claims are Counts 1, 5, 6, 7, 8, 9, and 11 of the UHS Complaint.

Following Defendants' answers to the Amended Consolidated Class Action Complaint and the UHS Complaint, the Class Plaintiffs and UHS brought a motion to strike affirmative defenses. Defendant Hikma brings a motion to disqualify its former expert witnesses, Dr. Michael I. Shamos and Dr. Robert T. Hrubiec, as expert witnesses for Class Plaintiffs.[5]

### III. LEGAL STANDARD

#### A. Motion to Strike Affirmative Defenses

A party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense may be insufficient as a matter of pleading or a matter of law." *G & G Closed Cir. Events, LLC v. Nguyen*, No. 5:10-CV-05718-EJD, 2011 WL 6293922, at *1 (N.D. Cal. Dec. 15, 2011). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Neo4j, Inc. v. PureThink*, LLC, 5:18-cv-07182-EJD, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (citation omitted).

Courts in this district have "held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses." *Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (citing *Perez v. Gordon & Wong L. Grp.*, No. 11–CV–03323–LHK2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012)). While "a party need only plead some factual support for its affirmative defense . . . the simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient." *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) (internal quotation marks and citation omitted). Courts view the pleadings in the light most favorable to the pleading party. *See In re 2TheMart.com, Inc.*

---

[5] Class Plaintiffs filed an administrative motion to consider whether Hikma's material should be sealed in their opposition to Hikma's motion to strike. As Hikma has stated that the documents Class Plaintiffs filed under seal does not need to be sealed, Class Plaintiffs' administrative motion is denied.

ORDER ON MOTION TO STRIKE AND MOTION TO DISQUALIFY
CASE NO. 20-md-02966-RS

3

*Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Some courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion. *Id.* When striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

### B. Motion to Disqualify Expert Witnesses

"[D]isqualification of an expert is warranted based on a prior relationship with an adversary if (1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation." *Packet Intel. LLC v. Juniper Networks Inc.*, No. 19-CV-04741-WHO, 2020 WL 4001460, at *2 (N.D. Cal. July 15, 2020) (quoting *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp.2d 1087, 1092-93 (N.D. Cal. 2004). The party seeking to disqualify an expert carries the burden to establish that disqualification is warranted. *Hewlett-Packard*, 330 F. Supp. 2d at 1094. Additionally, courts consider "whether disqualification would be fair to the affected party and would promote the integrity of the legal process." *Packet Intel.*, 2020 WL 4001460, at *2.

## IV. DISCUSSION

### A. Motion to Strike Affirmative Defenses

Plaintiffs move to strike seven affirmative defenses raised by Defendants in their answers to the Consolidated Class Action Complaint and the UHS Complaint: laches, estoppel, waiver, the Takings Clause, intervening cause, passed-on overcharges, and *ultra vires*.[6] Each defense is addressed separately.

---

[6] Not all Defendants raise each of the defenses; Plaintiffs provide a chart of which defenses apply to which defendant(s). *See* Motion to Strike Affirmative Defenses, at pg. 2.

*1. Laches*

Defendants Jazz, Amneal, Lupin, Hikma, and Par raise laches defenses to both complaints. A laches defense "requires proof of the following elements: [1] the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and [2] the delay operated to the prejudice or injury of the defendant." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 941 (N.D. Cal. 2012). Defendants point to portions of the complaints they believe could indicate that Plaintiffs were already on notice of their claims. Defendants argue "[t]he bare fact of delay creates a rebuttable presumption of prejudice." *Boone v. Mechanical Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979) (quoting *International T. & T. Corp. v. General T. & E. Corp.*, 518 F.2d 913, 926 (9th Cir. 1975)). Plaintiffs argue the statement in *Boone* is dicta, citing *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 667 n.8 (9th Cir. 1980). The laches defense may not succeed on the merits, but at this stage the motion to strike this defense is denied as Defendants have raised a plausible laches defense.

*2. Estoppel*

Defendants Jazz, Amneal, Lupin, Hikma, and Par raise estoppel defenses to both complaints. Defendants, however, fail to specify which type of estoppel doctrine they seek to invoke as a defense, or explain how any facts pled relate to the elements of their estoppel defense. The motion to strike as to the estoppel defense is therefore granted.

*3. Waiver*

Defendants Jazz, Amneal, Lupin, and Par raise waiver defenses to both complaints. "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 WL 4468680, at *4 (N.D. Cal. Sept. 18, 2018) (citation omitted). Defendants have failed to identify in this affirmative defense what right Plaintiffs relinquished. The motion to strike as to the waiver defense is therefore granted.

*4. Takings Clause*

Hikma raises a Takings Clause defense to both Complaints. A claim under the Takings Clause of the Fifth Amendment requires showing "the Government has both taken property and denied just compensation." *Horne v. Dep't of Agric.*, 569 U.S. 513, 526 (2013) (emphasis omitted). Hikma has failed to specify in its affirmative defense how the Government has taken property and how Hikma has been denied just compensation. The motion to strike as to the Takings Clause defense is therefore granted.

*5. Superseding and intervening cause*

Hikma raises an intervening cause defense to the Consolidated Class Action Complaint. Although "[a]n antitrust violation can be the proximate cause of a plaintiff's injury even if there are additional independent causes of the injury[,]" sometimes "an independent cause fully accounts for the plaintiff's alleged injury and breaks the causal connection between the alleged antitrust violation and the plaintiff's injury." *In re Flonase Antitrust Litig.*, 798 F. Supp. 2d 619, 627 (E.D. Pa. 2011) (internal quotation marks and citations omitted). Hikma's basis for the defense, as pled in the answer, is that "the role and actions of third-party payors prevented any anticompetitive overcharges" because third-party payors negotiate contract rates for drugs, which then sets the prices paid for the drug. Hikma Defendants' Amended Answer and Affirmative Defenses to First Amended Class Action Complaint, at pg. 66. At this stage, Plaintiffs have pled a plausible intervening cause defense, and the motion to strike as to this defense is denied.

*6. Passed-on overcharges*

Par raises a passed-on overcharges defense to both complaints, stating in its answers that "Plaintiffs' claims are barred, in whole or in part, to the extent they seek damages for any alleged overcharge that was passed on to others." *See* Defendant Par Pharmaceutical, Inc's Amended Answer and Defenses to Consolidated Class Action Complaint, at pg. 82. Defendants contend the essence of this defense is that "indirect purchaser claims are limited to the harm that plaintiff actually suffered, and that plaintiffs cannot recover the amount of any overcharge that they passed-

on to their customers." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2012 WL 6709621, at *1 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th Cir. 2016). Yet, as noted in cases cited by Plaintiffs, it is unclear whether this defense is applicable to end-payor health and benefit plans in pharmaceutical cases. *See, e.g., In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *30 n. 44 (N.D. Cal. Feb. 21, 2017) (noting "[t]he application of the pass-on defense does not appear to be appropriate" in a pharmaceutical antitrust case brought by end-payor health and benefit plans). At this stage, therefore, the Court declines to strike this defense.

*7. Ultra vires*

Par raises an *ultra vires* defense to both complaints. Par states: "[t]o the extent any actionable conduct occurred, Plaintiffs' claims are barred to the extent that such conduct was committed by an individual acting *ultra vires*. No employee of Par had or has the authority to cause Par to violate any law." *See* Defendant Par Pharmaceutical, Inc's Amended Answer and Defenses to Consolidated Class Action Complaint, at pg. 83. Par fails to explain what *ultra vires* conduct it alleges, and therefore it has not adequately pled this defense. The motion to strike as to the *ultra vires* defense accordingly is granted.

*8. Conclusion as to Motion to Strike Affirmative Defenses*

For many of the defenses for which the motion to strike is granted, it is unclear whether the deficiencies may be cured. As leave to amend is to be freely granted, *Wyshak v. City Nat'l Bank*, 607 F.2d at 826, at this juncture Defendants are given leave to amend.

**B. Motion to Disqualify Expert Witnesses**

Class Plaintiffs have retained two expert witnesses, Dr. Michael I. Shamos and Dr. Robert T. Hrubiec, as expert witnesses.[7] Dr. Shamos and Dr. Hrubiec were previously retained by Hikma

---

[7] Plaintiffs United Healthcare Services, Humana, and Molina have not retained Dr. Shamos and Dr. Hrubiec.

during its patent litigation against Jazz.[8] Hikma seeks to disqualify Dr. Shamos and Dr. Hrubiec, arguing that the two were given confidential information during their work with Hikma, and that Hikma will suffer prejudice if Class Plaintiffs are allowed to present opinions from Dr. Shamos and Dr. Hrubiec.

Of the two requirements to grant a motion to disqualify, the existence of a confidential relationship and the disclosure of relevant confidential information, *Packet Intel.*, 2020 WL 4001460, at *2, Plaintiffs do not dispute the latter. *See* Opposition to Motion to Disqualify, at pg. 10. The focus of this analysis is thus whether relevant confidential information was disclosed, as well as "whether disqualification would be fair to the affected party and would promote the integrity of the legal process." *Packet Intel.*, 2020 WL 4001460, at *2.

"Confidential information essentially is information of either particular significance or [that] which can be readily identified as either attorney work product or within the scope of the attorney-client privilege." *Hewlett-Packard*, 330 F. Supp. 2d at 1094 (internal quotation marks and citation omitted). This kind of information can include "discussion of the party's strategy in the litigation, the kinds of experts [the party] expected to retain, [the party's] view of the strengths and weaknesses of each side, the role of each of the [party's] experts to be hired and anticipated defenses." *Id.* (internal quotation marks and citation omitted). Hikma argues Dr. Shamos and Dr. Hrubiec received five types of confidential information: (1) information on Hikma counsel's litigation strategy; (2) information relating to, but not included in, the expert reports; (3) information on topics other than the subjects of their expert reports; (4) Hikma counsel's thoughts on the strengths and weaknesses of Hikma's patent litigation position and ultimate likelihood of success; and (5) other written attorney work product.

Class Plaintiffs first argue that because they have instructed Dr. Shamos and Dr. Hrubiec

---

[8] Jazz filed a patent infringement action against Hikma averring Hikma's proposed generic Xyrem product would violate numerous Jazz patents. Consolidated Class Action Complaint ¶ 150. Dr. Shamos is a computer scientist, and was retained by Hikma to opine on validity and infringement issues related to Jazz's patents. Dr. Hrubiec is a patent attorney with expertise in pharmaceuticals, and was retained as an "expert consultant."

"not to disclose any of the purportedly confidential information that Hikma identifies[,]" Opposition to Motion to Disqualify, at pg. 11, there are no concerns about the disclosure of confidential information. Class Plaintiffs, however, have offered no case establishing that a promise not to ask for confidential information can overcome a motion to disqualify in which the requirements for disqualification are otherwise satisfied. Indeed, the relevant legal standard concerns the fact of prior disclosure, not whether the expert can be expected to keep confidential previously disclosed information. *See Packet Intel.*, 2020 WL 4001460, at *2.

Class Plaintiffs also argue Hikma has not met its burden of showing it provided relevant confidential information to the experts. They argue that the validity of the patents, a subject of the expert reports in the earlier litigation, is only indirectly related to this litigation. One of the types of confidential information Hikma states it provided to Dr. Shamos and Dr. Hrubiec, though, is counsel's thoughts on the strength of Hikma's earlier patent litigation and the likelihood of success. Class Plaintiffs state in their opposition that one of things they must show to establish the settlement between Hikma and Jazz created antitrust injury is "'some evidence' that [the patent challengers] could have won at trial . . . or on appeal at the Federal Circuit." *Lidoderm*, 296 F. Supp. 3d 1142 at 1155-56. Hikma has provided a declaration from Alan Clement, one of its lawyers in the earlier litigation, stating he provided his thoughts on the success of litigation to Dr. Shamos and Dr. Hrubiec.[9] Clement Decl., ¶¶ 19, 22, 38, 40. Those thoughts are relevant to the present litigation. Hikma has met its burden of showing it disclosed relevant confidential information to Dr. Shamos and Dr. Hrubiec.[10]

---

[9] In their declarations, Dr. Shamos and Dr. Hrubiec state they do not remember any confidential information, including counsel's thoughts on litigation success. Shamos Decl., ¶ 4; Hrubiec Decl., ¶ 4. The legal standard this Court applies, though, focuses on the fact of disclosure, rather than whether the experts still remember the information disclosed. *See Packet Intel.*, 2020 WL 4001460, at *2.

[10] Class Plaintiffs further argue that much of the information Hikma wishes to protect is not confidential. They do, however, concede that "Hikma's outside counsel's opinions regarding the merits of the patents are, at this point, undisclosed confidential information." Opposition to Motion to Strike, at pg. 11. As the Court finds that category of information is relevant, confidential, and previously disclosed to the expert witnesses, Hikma has met its burden, and the confidentiality and relevancy of other information need not be assessed.

Further, prejudice to Class Plaintiffs will be minimal. This case is in the early stages of litigation, and Class Plaintiffs will have an adequate opportunity to find and retain other expert witnesses. *See Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 3991107, at *7 (N.D. Cal. Aug. 2, 2013) (finding plaintiffs would not be unduly prejudiced by disqualification of expert witness in part because the case was "still in the initial stages"). Further, Class Plaintiffs were aware of this possible conflict at the time they sought out and retained Dr. Shamos and Dr. Hrubiec. *See id.* (noting plaintiffs' counsel "knew from their initial contacts with [the expert] that [the expert] had a conflict with [the defendant]"). The greatest prejudice to Class Plaintiffs will be expense. Other experts who are not already familiar with the Jazz-Hikma litigation and the patents at issue will require more time, and thus will bill more hours, to review the materials and establish their opinions. That an expert will need to start from scratch in their review of the case, however, is not a significant prejudice to Class Plaintiffs. Indeed, Class Plaintiffs have not argued that it will be difficult to find an expert able to opine on the issues at hand. *See Auto-Kaps, LLC v. Clorox Co.*, No. 15 CIV. 1737 (BMC), 2016 WL 1122037, at *4 (E.D.N.Y. Mar. 22, 2016) ("Plaintiff has offered no representation that [expert]'s expertise is rare, or that there are few experts on the topic of dispensing systems.").

Public policy concerns also do not prevent disqualification here. Unlike *In re Androgel Antitrust Litig. (No. II)*, No. 1:09-MD-2084-TWT, 2011 WL 1882516 (N.D. Ga. May 17, 2011), in which the experts in question were only retained for a short time by a pharmaceutical company during patent litigation, Dr. Shamos and Dr. Hrubiec were both retained for an extended period and developed expert reports. Further, disqualification only bars Dr. Shamos and Dr. Hrubiec from consulting on "identical claims" in litigation against the company that previously retained them. *See Kane*, 2013 WL 3991107 at *7. Moreover, this is not a "situation in which a party retains an expert solely for the purpose of preempting access to that expert by opposing counsel." *Id.* In short, consideration of fairness and prejudice weighs in favor of disqualification.

When considering the requirements for disqualification along with fundamental fairness and prejudice concerns, disqualification of Dr. Shamos and Dr. Hrubiec is proper. Hikma's motion

to disqualify these experts is therefore granted.

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs' motion to strike affirmative defenses is granted in part and denied in part. For any affirmative defenses for which the motion is granted, Defendants are granted leave to amend. Hikma's motion to disqualify expert witnesses is granted.

**IT IS SO ORDERED**.

Dated: February 9, 2022

_____
RICHARD SEEBORG
Chief United States District Judge