UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAZZ PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | Case No. 20-md-02966-RS   (SVK)<br><br>**ORDER ON JOINT DISCOVERY LETTER BRIEF**<br><br>Dkt. No. 316 |

Plaintiffs move to compel production of documents pursuant to four Requests for Production which relate in varying ways to the relationship of Jazz's predecessor (collectively "Jazz") with Nova Factor during the period 1998-2002.  Dkt. 316; 316-1.  The Court has reviewed the Parties' joint submission, the discovery history of this case, and relevant statutory and case law.  The Court determines that this matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b).  In consideration of the foregoing, Plaintiffs' motion is **DENIED**.

Plaintiffs allege that Jazz abused the RiskMAP to REMS[1] transition process.  Dkt. 316 at 2. In particular, Plaintiffs complain about Jazz's conduct before the FDA in 2009 and 2014 regarding Jazz's urging first for certification of multiple pharmacies for the distribution of Xyrem and then, according to Plaintiffs, changing course and seeking certification of a single pharmacy. Dkt. 316 at 2-3.  "Plaintiffs allege that Jazz's single pharmacy REMS proposal [in 2014] was an anticompetitive sham intended to thwart generic competition." *Id.* at 2.  Plaintiffs suggest that the reasons why Jazz urged single pharmacy certification in the 1998-2002 time-frame, including why Jazz changed its preferred single pharmacy from Nova Factor to Express Scripts in 2002, are

---

[1] These terms are defined, succinctly and clearly, in the Parties' joint submission. Dkt. 316 at 2.

relevant to Jazz's conduct in 2014.

The Court disagrees as the conduct in 1998-2002 is too tenuously connected to Jazz's conduct in 2009 and 2014.  Plaintiffs' statement demonstrates that they have had full discovery around Jazz's change of position before the FDA in 2009 and 2014.  Dkt. 316 at 3-4.  Reaching back to conduct at least seven years prior, in the circumstances of this case, strains the bounds of relevance and proportionality.  Jazz's arguments against production as untimely and overly burdensome at this stage of the litigation further support the Court's determination.

**SO ORDERED.**

Dated: September 12, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge