1  [*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS-SVK |
| This Document Relates to:<br><br>All Actions | **UNITED HEALTHCARE SERVICES, INC.'S STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND EXHIBITS REFERENCED IN THE DECLARATION OF CO-LEAD COUNSEL SHOULD BE SEALED** |

# INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, and the parties Stipulated Protective Order (ECF No. 65) ("Protective Order"), United HealthCare Services, Inc. ("United") hereby submits this Statement in Support of Class Plaintiffs' Administrative Motion to File Under Seal (ECF No. 352) to seal portions of the Class Certification record discussing United's confidential business information. More specifically, United seeks to seal the following excerpts from the Expert Report of Laura R. Craft, MPH (the "Craft Report") (ECF 352-25 (Exhibit 28)) (the redacted version of which appears at ECF No. 353-9), which contains an analysis of United's claims data that has been designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order:

| Page(s) | Portions(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| 39-40 | Paragraph 64 (beginning with the first full sentence on page 39) through the end of Paragraph 67. | The description and analysis of United's highly confidential and proprietary claims data rises to the level of a trade secret, the discovery of which could cause competitive disadvantage. |
| n/a | Appendix 4, the table identifying "UHC Commercial Claims Data Fields" | The description of United's highly confidential and proprietary claims data rises to the level of a trade secret, the discovery of which could cause competitive disadvantage. |
| n/a | Appendix 5, the table identifying "Medicare Plan Names in UHC Data" | The description of United's highly confidential and proprietary claims data rises to the level of a trade secret, the discovery of which could cause competitive disadvantage. |

# DISCUSSION

The Court may enter an order sealing court records upon a request that makes a showing that sealing is warranted. Though the Ninth Circuit starts with a "strong presumption in favor of access" to judicial records, courts must balance the interests of the public and the party seeking to keep certain records under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party seeking to seal documents filed bears the burden of showing there is a "compelling reason" for documents to remain under seal. *Id.*

Courts have consistently found that compelling reasons exist to seal documents and information contained therein when the documents discuss the non-public information of a business that, if disclosed, could cause the business to suffer some competitive disadvantage. *See, e.g.*, *Malig, as Trustee for the Malig Family Trust v. Lyft, Inc.*, No. 19-cv-02690-HSG, 2022 WL 1143360, at *3 (granting motion to seal portions of documents that contain "non-public information that could be used by a third party to gain a competitive advantage"); *Juniper Networks, Inc. v. Andrade*, No. 20-cv-02360-BLF, slip op. at 2 (N.D. Cal. Apr. 15, 2020) (finding fact that document to be sealed contained "non-public, proprietary business information, the public disclosure of which could bring harm to the parties from their competitors" sufficient to satisfy compelling reason test); *Nicolosi Distrib. v. FinishMaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (granting motion to seal documents "because they contain proprietary and confidential business information, including potential trade secrets and business practices" and public disclosure could cause competitive harm to party who produced the records); *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sep. 14, 2015) (party met its burden for sealing specified portions of materials because they were designated confidential under a protective order and contained confidential company information).

Courts have also consistently found that compelling reasons exist to seal documents and information when the documents or information discuss or depict a party's non-public financial or other data, including both non-public financial or damages information and claims data. *See, e.g.*, *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014) (granting party's motion to seal damages report that had been submitted in connection with motion to exclude expert testimony because it references the party's confidential financial information); *Nordock Inc. v. Sys. Inc.*, No. 11-C-118, 2012 WL 4760784, at *8 (E.D. Wis. Oct. 5, 2012) (explaining that "highly sensitive financial information" constitutes a trade secret, and therefore, may be filed under seal, and granting motion to seal damages report that contains such financial information); *Grayson v. Gen. Elec. Co.*, No. 3:13CV1799 (WWE), 2017 WL 923907, at *3, 8 (D. Conn. Mar. 7, 2017) (granting motion to redact and seal financial,

damages, and pricing information drawn from confidential financial data and finding that disclosure of same could cause competitive harm); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *9 (E.D. Wisc. Oct. 24, 2008) (granting motion to seal portions of damages expert report that contained "nonpublic financial and business information"); *Zheng-Lawson*, 2019 WL 6841324, at *2-3 (granting motion to seal because documents contained party's confidential sales data); *Bell N. Research, LLC v. Coolpad Techs., Inc.*, No. 18-cv-1783-CAB-BLM, 2020 WL 353630, at *2 (S.D. Cal. Jan. 21, 2020) (granting request to seal documents containing confidential financial information filed with summary judgment motion); *see also Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, No. 2:10-CV-01609-JFC, 2019 WL 3778090, at *21 (W.D. Pa. May 31, 2019) (recommending sealing claims data and stating it can rise "to the level of a trade secret"); *Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021 WL 3883915, at *2 (S.D. Ohio Aug. 31, 2021) (granting motion to seal confidential documents discussing claims data, data systems, and confidential business practices, finding disclosure would cause competitive disadvantage).

The principles set forth in these decisions justify sealing the information that describes and discusses United's highly confidential and proprietary data that United seeks to seal here. The Craft Report includes two appendices (Appendix 4 and Appendix 5) that excerpt from and analyze transactional data fields concerning payments for Xyrem that United made on behalf of itself and certain of its customers. Appendix 4 identifies the specific names and terms of United's data fields. Appendix 5 purports to analyze United's Medicare claims data. Two pages of the Craft Report (pp. 39-40) discuss these data in detail. United has compelling reasons to protect the information about its transactional data, including the data fields, because the information contains non-public proprietary and trade secret information. United designated this information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" under the Stipulated Protective Order precisely because of its confidential and sensitive nature. *Id.* ¶¶ 5, 7-21. Thus, consistent with the decisions set forth above, the substantive nature of this confidential information establishes a compelling interest in keeping the information sealed.

Moreover, disclosure of the information contained in the portions of the expert report that United seeks to seal would substantially risk causing competitive harm to United. *Id.* If the confidential, proprietary, and sensitive information were not sealed, third parties, including but not limited to competitors, pharmaceutical companies, and other entities and individuals operating in the healthcare industry who have no right to United's confidential information would be able to access it and use it to their advantage and United's disadvantage. *Id.* The public disclosure of this confidential and competitively-sensitive information could undercut United's competitive standing in current and future contract negotiations with drug companies or other business counterparts. Information concerning United's lines of business, and their respective market share for purposes of purchases of Xyrem, is also non-public information that could have competitive value. United's competitors do not know United's payments, spend, or purchase volumes broken out by line of business for any pharmaceutical product, and disclosing this information could harm United's interests. These facts concerning the substantial risk of competitive harm independently suffice to establish that sealing is warranted and required, under applicable law.

Finally, United's proposed sealing is narrowly tailored to redact just limited cited portions of the Craft Report that reflect United's confidential and proprietary internal information, the disclosure of which could cause harm to United. United's Motion to Seal thus satisfies the applicable legal standards for sealing requests.

## **CONCLUSION**

For the reasons identified above, United respectfully requests that the Court grant the portion of Class Plaintiffs' Administrative Motion to File Under Seal concerning United's confidential information.

Dated: November 29, 2022

By: */s/ Judith Zahid*
Judith A. Zahid (SBN 215418)
Eric W. Buetzow (SBN 253803)
Heather T. Rankie (SBN 268002)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607

|   |   |
|---|---|
| 1 | Tel: (415) 693-0700 |
| 2 | jzahid@zellelaw.com |
|   | ebuetzow@zellelaw.com |
| 3 | hrankie@zellelaw.com |

James R. Martin (SBN 173329)
Jennifer Duncan Hackett (*pro hac vice*)
John A. Carriel (*pro hac vice*)
**ZELLE LLP**
1775 Pennsylvania Avenue, NW,
Suite 375
Washington, D.C. 20006
Tel: (202) 899-4100
jmartin@zellelaw.com
jhackett@zellelaw.com
jcarriel@zellelaw.com

By: */s/ Hamish P.M. Hume*
Hamish P.M. Hume (*pro hac vice*)
Michael S. Mitchell (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com
mmitchell@bsfllp.com

Beko O. Reblitz-Richardson (SBN 238027)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
brichardson@bsfllp.com

*Attorneys for Plaintiff United HealthCare Services, Inc.*

UNITED HEALTHCARE SERVICES, INC.'S CIV. L. R. 79-5 STATEMENT
IN RESPONSE TO ADMINISTRATIVE MOTION