UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION.

Case No. 20-md-02966-RS   (SVK)

**ORDER ON JOINT DISCOVERY SUBMISSION**

Re: Dkt. No. 372

The Court has reviewed the Parties' joint discovery submission wherein Plaintiffs challenge Defendant Jazz's assertion of privilege as to the attachments to three documents withheld on the grounds of attorney-client privilege. Dkt. 372. Plaintiffs also challenge the sufficiency of the privilege log as to the de minimus or entirely absent descriptions of the withheld attachments. Plaintiffs bring this challenge as a "bellwether" to determine if approximately 30,000 additional entries on Jazz's privilege log are either improperly withheld attachments or inadequately described, or both. To facilitate evaluation of the joint submission, the Court ordered the *in-camera* production of the disputed parent and child documents withheld, as well as the relevant excerpts of the privilege log (Dkt. 381), which the Court has reviewed. Discovery in this action closes on January 30, 2023. In light of the joint submission and the *in-camera* production, the Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

Plaintiffs' request for relief is **DENIED**. Pursuant to its *in-camera* review, the Court finds that the privileged parent communications and the attachments to which they refer are sufficiently entwined with references, discussion, and in some instances cross-referenced notations between parent and child that the child attachments are properly withheld. The Court is further persuaded that given the level of justification for withholding the child attachments in the three exemplars presented, there is no basis to order further review of withheld attachments to parent privileged

documents.  Additionally, the fact that challenged attachment PL000512 was produced separately from a file where it was unattached to legal advice (Dkt. 372, fn. 1) further demonstrates that Jazz withheld attachments only when directly tied to privilege communications and not merely because they had been sent to legal counsel.  As for the descriptions of attachments, particularly where none is provided, they are insufficient.  At a minimum, a party needs to provide enough information about an attachment to support its assertion that it is addressed in a privileged communication.  However, because of the absence of any indicia of improper withholding of attachments as noted herein and the late stage of this litigation with discovery closing on 10 days, further supplementation of the privilege log for the purpose of more particularly describing withheld attachments is not proportional to the needs of the litigation.

**SO ORDERED.**

Dated: January 23, 2023

SUSAN VAN KEULEN
United States Magistrate Judge