United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION

Case No. 20-md-02966-RS   (SVK)

**ORDER ON JOINT DISCOVERY SUBMISSION IN RE PLAINTIFFS' RESPONSES TO INTERROGATORIES 7, 8 AND 10**

Re: Dkt. No. 390

The Court has considered the Parties' joint submission, and the extensive, relevant discovery history in this matter, as well as statutes and case law. This matter is appropriate for resolution without further oral argument. Civ. L.R. 7-1(b). At issue in the present submission are Plaintiffs' responses to Interrogatories Nos. 7, 8 and 10. Plaintiffs' responses to Interrogatory No. 9 are not in dispute, though relevant to the issues at hand. Dkt. 390-1. This submission arises out of this Court's previous order directed to these interrogatories which followed briefing and oral argument. Dkt. Nos. 326, 331. For the reasons stated herein, Defendants' request for further supplementation is **DENIED**.

The disputed interrogatories seek discovery regarding premium rates set by Plaintiffs for plans that cover Xyrem in the relevant time period. Dkt. 390. The Court previously denied or ordered limited supplemental responses to the disputed interrogatories on the grounds that the substantial burdens arising from the breadth of the requests were not proportional to the needs of the litigation, particularly in light of the absence of factual bases that either past drug charges generally (e.g., Interrogatory No. 7) or Xyrem costs in particular (e.g., Interrogatory No. 10) are factors in premium calculations. Dkt. 331-1. Defendants now argue that through the supplemental responses previously ordered by this Court and subsequently deposition testimony,

the requisite showings have been made and further supplementation is appropriate. The Court disagrees.

Plaintiffs' response to Interrogatory No. 9 is instructive. This Court's previous order required Plaintiffs to list "the factors incorporated into their plan premium rates during the relevant time period." Dkt. 390-1, 17. In response, each Plaintiff explained their premium setting process, which includes a look back at previous costs for various aspects of medical care, including prescription drugs. It is this latter point upon which Defendants largely base their current request. However, Plaintiffs' responses to Interrogatory No. 9 continue to explain that the look back is in the aggregate and not "granular" such that the cost of or past spending on any particular drug is not considered when establishing future premium rates. Dkt. 390-1 at 18-26. Defendants' citations to other discovery are similarly unavailing. General testimony about drug spends being incorporated into the premium analysis (Dkt. 390 at 3) is consistent with Plaintiffs' responses to Interrogatory No. 9. Nothing in the three cited testimony excerpts demonstrates that the cost or spend of any specific drug, let alone Xyrem, is specifically considered in setting premiums. As a result, even considering Defendants slightly more targeted amendments to Interrogatory Nos. 7 and 10, the requests remain overly burdensome and as such are not proportional to the needs of the case. Further supplementation of responses to Interrogatories Nos. 7, 8 and 10 is not warranted.

**SO ORDERED.**

Dated: January 27, 2023

SUSAN VAN KEULEN
United States Magistrate Judge