EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: XYREM (SODIUM OXYBATE)
ANTITRUST LITIGATION

Case No. 3:20-md-02966-RS

This Document Relates to: The End-Payor
Class Action

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is made and entered into on February 28, 2023, by and between Defendant Amneal Pharmaceuticals LLC ("Amneal") and separately with Defendants Lupin Ltd, Lupin Pharmaceuticals Inc., and Lupin, Inc. ("Lupin," and, collectively, the "Settling Defendants") on behalf of Plaintiffs City of Providence, Rhode Island, A.F. of L. - A.C.G. Building Trades Welfare Plan, Blue Cross Blue Shield Association, Government Employees Health Association, Inc., New York State Teamsters Council Health and Hospital Fund, Self-Insured Schools of California, and UFCW Local 1500 Welfare Fund, including all affiliates, subsidiaries, and members for the foregoing entities, and Ruth Hollman (collectively "Class Representative Plaintiffs"), and on behalf of the proposed Settlement Class (collectively "Plaintiffs").

WHEREAS, the parties acknowledge that the United States District Court for the Northern District of California (the "Court") has jurisdiction over the above-captioned action (the "Action"), each of the parties hereto, and all putative members of the Settlement Class for all manifestations of this case, including this Settlement;

WHEREAS, Plaintiffs alleged that Settling Defendants violated federal antitrust and numerous state antitrust, unjust enrichment, and consumer protection laws by engaging in a course of conduct to delay and impair generic competition and maintain a monopoly in respect of Xyrem, including, as detailed in the Plaintiffs' Consolidated Class Action Complaint dated March 8, 2021 [Doc. # 62] and other papers filed with the Court, by means of alleged reverse-payment settlements of each Settling Defendant's respective patent litigation against Defendant Jazz Pharmaceuticals;

WHEREAS, Plaintiffs and members of the Settlement Class allegedly incurred significant damages as a result;

WHEREAS, Settling Defendants deny each and every one of Plaintiffs' allegations of unlawful conduct, deny that any conduct challenged by Plaintiffs caused any damage whatsoever, and have asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and Settling Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or of the truth of any of the claims or allegations alleged by the Settlement Class or a waiver of any defenses thereto;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and Settling Defendants, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Settling Defendants and Plaintiffs—both individually and on behalf of the Settlement Class (the "Settlement")—has been reached, subject to the final approval of the Court;

WHEREAS, Plaintiffs' counsel has concluded, after extensive fact discovery and investigation of the facts, and after carefully considering the circumstances of the Action, including the claims asserted, and the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the Settlement Class, and, further, that Plaintiffs' counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the Settlement Class; and

WHEREAS, Settling Defendants have concluded, despite their belief that they are not liable for the claims asserted and that they have good defenses thereto, that it would be in their best interests to enter into this Settlement Agreement to avoid the uncertainties of litigation, and thereby avoid the risks inherent in complex litigation;

NOW THEREFORE, it is agreed by the undersigned, on behalf of Settling Defendants, Plaintiffs, and the Settlement Class, that all of Plaintiffs' claims against Settling Defendants be settled, compromised, and dismissed with prejudice and, except as hereinafter provided, without costs as to Settling Defendants or Plaintiffs, subject to the approval of the Court, on the following terms and conditions:

1.      **Settlement Class Definition.**  The "Settlement Class" is defined as "all persons and entities in the United States that, for consumption by themselves, their families, their members, employees, insureds, participants, or beneficiaries, and other than for resale, paid and/or provided reimbursement for some or all the purchase price for Xyrem and/or Xywav during the time from January 1 2015, through the Execution Date."  Excluded from Settlement Class are (1) Defendants and their counsel, officers, directors, management, employees, parents, subsidiaries, and affiliates, (2) Express Scripts Specialty Distribution Services, Inc. and any of its counsel, officers, directors, management, employees, parents, subsidiaries, and affiliates, (3) federal and state governmental entities, not including cities, towns, municipalities, counties or carriers for Federal Employee Health Benefit plans, (4) any "single flat co-pay" consumers whose benefit plan requires a co-payment that does not vary based on the drug's status as a brand or generic, and (5) all judges assigned to this case and any members of their immediate families.

2.      **Reasonable Best Efforts to Effectuate This Settlement.**  Counsel for the undersigned agree to recommend approval of this Settlement by the Court and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to secure approval and to carry out the terms of this Settlement.

3.      **Motion for Preliminary Approval.**  Following the execution of this Settlement Agreement by all parties hereto, Plaintiffs shall file with the Court a motion for preliminary approval of the Settlement.  The motion for preliminary approval shall request the entry of a preliminary approval order that seeks the following relief:  (i) the preliminary approval of the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the Settlement Class; (ii) preliminarily approving the settlement but deferring notice to the Class until a later date in connection with class certification, settlements with other defendants, or as otherwise ordered by the Court; (iii) a stay of all proceedings brought by Class Representative Plaintiffs in the Action against Settling Defendants until such time as the Court renders a final decision regarding the approval of the Settlement as described below in paragraph 14; and (iv) approval of an Escrow Agreement regarding the Settlement consideration described below in paragraph 6. Subject to the Court's approval, Plaintiffs shall defer notice of the Settlement until such time as notice may be appropriate in connection with class certification or any future settlement.  Before any notice is disseminated, and as directed by the Court, Plaintiffs will propose

3

a notice to the Class according to a Notice Plan submitted by the Notice Administrator, which shall provide for the best notice practicable, including direct mail to those members of the Class who can be reasonably identified.

4.      **Motion for Final Approval and Entry of Final Judgment.**   If the Court preliminarily approves the Settlement, and after notice has been provided to the Settlement Class, Plaintiffs shall submit a motion for final approval of this Settlement by the Court and shall seek entry of a Final Order and Judgment with any additional findings of fact and conclusions of law (the "Final Order and Judgment"):

(a)      finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiffs and the members of the Settlement Class within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms;

(b)      reserving the Settlement Fund (as defined below) for the payment of the costs and expenses of this litigation;

(c)      in the event the Court does not approve Plaintiffs' request to reserve the Settlement Fund for the payment of the costs and expenses of this litigation, Plaintiffs will apply to distribute the net Settlement Fund to the proposed Classes, including payment of and reimbursement for litigation costs and expenses from the Settlement Fund (as defined below) and providing for payment solely from the Settlement Fund of service awards to the Class Representative Plaintiffs in addition to whatever monies they will receive from the Settlement Fund pursuant to a Court-approved Plan of Allocation;

(d)      directing that the Plaintiffs' Action be dismissed with prejudice as to Settling Defendants and, except as provided for herein, without attorney's fees recoverable under 15 U.S.C. § 15(a) or similar state statutes or costs;

(e)      reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including the provisions of this paragraph, the administration and consummation of this Settlement, the award of attorneys' fees and reimbursement of costs and expenses, and the payment of service awards to each of the Class Representative Plaintiffs, if allowed by the Court; and

(f)        directing that the judgment of dismissal of all Class claims against Settling Defendants shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

**5.        Finality of Settlement.**  This Settlement Agreement shall become final ("Final") upon the occurrence of the following:

(a)        it is approved by the Court as required by Federal Rule of Civil Procedure 23(e);

(b)        entry, as provided for in paragraph 4 herein, is made of the Final Order and Judgment of dismissal with prejudice against the Plaintiffs and the members of the Settlement Class; and

(c)        the time for appeal from the Court's approval of this Settlement and entry of the Final Order and Judgment has expired or, if appealed, either such appeal shall have been dismissed prior to resolution by the Court or approval of this Settlement and the Final Order and Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

**6.        Settlement Fund.**  Subject to the terms and conditions of this Settlement Agreement and the Escrow Agreement (as defined below), within fifteen (15) business days after entry by the Court of the Preliminary Approval Order, Settling Defendants shall deposit the Settlement Amounts (as defined in this Paragraph) into an interest-bearing escrow account (the "Escrow Account") held and administered by Citibank (the "Escrow Agent").  Amneal shall cause to be paid $1,900,000 (the "Amneal Settlement Amount") into the Escrow Account, and Lupin shall cause to be paid $1,500,000 (the "Lupin Settlement Amount") into the Escrow Account.  The Settlement Amounts deposited by Settling Defendants into the Escrow Account and any accrued interest after deposit shall become part of and shall be referred to as the "Settlement Fund." Except as described in paragraphs 15 and 16 herein, the Settlement Fund is non-reversionary and no portion of the Settlement Fund or Net Settlement Fund will revert to the Settling Defendants.

**7.        Cooperation**.  Settling Defendants agree to provide the following cooperation to Class Plaintiffs:

a.        *Depositions*:

      i.        Lupin shall make Vanam available for deposition.[1]

      ii.      Class Counsel may participate in the deposition questioning of any current or former Amneal and/or Lupin employee that may occur in the Action in the future.

      b.    *Documents*:  Settling Defendants agree to respond in good faith to any discovery requests and other written discovery timely served before the January 30, 2023 close of fact discovery.

**8.**    **Full Satisfaction; Limitation of Interest and Liability.**  The Settling Defendants' total financial commitments under this Agreement are the Settlement Amounts, and in no event shall Amneal or Lupin be obligated to pay to the Settlement Class, Class Representatives, or Class Counsel any amount other than the Settlement Amounts.  Nor shall Settling Defendants be required to provide any cooperation beyond the cooperation set forth in this Agreement.  In the event that the Settlement becomes Final pursuant to paragraph 5 herein, the Settlement Fund will fully satisfy any and all Released Claims as defined in paragraph 13 herein.  Except as provided by order of the Court, no member of the Settlement Class shall have any interest in the Settlement Fund. Plaintiffs, Plaintiffs' Counsel, and the Settling Defendants shall have no liability with respect to disbursements from the Settlement Fund pursuant to any Court-approved plan of allocation.

**9.**    **Reimbursement of Costs and Expenses.**  Plaintiffs and Plaintiffs' Counsel will be reimbursed and indemnified solely out of the Settlement Fund for all costs, fees, and expenses, including, but not limited to, administration of the Settlement Fund, escrow administration, taxes, and the costs of notice of this Settlement to proposed class members.  Settling Defendants shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, and representatives, or for any costs, fees, or expenses for notice (other than the CAFA Notice described in paragraph 10 below).

**10.**    **CAFA Notice.**  Upon filing of the motion requesting issuance of the Preliminary Approval Order, the Settling Defendants will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

**11.**    **Disbursement of the Settlement Fund.**  Plaintiffs intend to apply to the Court to reserve the proceeds of the Settlement Fund to fund litigation in the Action and pay litigation

---

[1]    Consistent with this agreement, Ms. Vanam's deposition was held on February 16, 2023.

expenses upon the Settlement Agreement becoming Final pursuant to the provisions of paragraph 4 herein.  In the alternative, Plaintiffs will apply to distribute the Settlement Fund to members of the Settlement Class pursuant to a plan of allocation as ordered by the Court.  Prior to the Settlement becoming Final pursuant to the provisions of paragraph 5, disbursements for the costs and expenses of the notice to the Settlement Class and (in the event settlement funds are distributed to the class) for administration of the Settlement Fund, up to $190,000.00, may be made from the Settlement Fund only upon written notice from Plaintiffs' Counsel to the Escrow Agent in the manner provided in the Escrow Agreement and subject to approval of the Court.  Any additional disbursements prior to the Settlement becoming Final shall, in addition to the procedures listed in the prior sentence, require the approval of each respective Settling Defendant.  To the extent that there is any ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement are read together, the terms of this Settlement Agreement shall control. Any taxes owed by the Settlement Fund will be paid by the Settlement Administrator out of the Settlement Fund, and interest earned on the balance of the Escrow Account will accrue to the Settlement Fund.  Subject to paragraphs 15 and 16 below, no portion of the Settlement Fund shall revert to Defendants.

**12.    Attorneys' Fees, Expenses, and Service Awards to the Class Representative Plaintiffs.**  If the Court does approve Plaintiffs' request to reserve the Settlement Fund for the payment of the costs and expenses of this litigation, Plaintiffs' counsel will not seek the payment of attorneys' fees, costs, and expenses incurred in the prosecution of the Class Action against Settling Defendants, or service awards for the Class Representative Plaintiffs. If the Court does not approve Plaintiffs' request to reserve the Settlement Fund for the payment of the costs and expenses of this litigation, Plaintiffs' counsel intend to seek, solely from the Settlement Fund, the reimbursement of attorneys' fees, costs, and expenses incurred in the prosecution of the Class Action against Settling Defendants, plus interests thereon, from the Escrow Fund, and a service award for each of the eight (8) Class Representative Plaintiffs. Any attorneys' fees, expenses, costs, and service awards approved by the Court shall be payable solely out of the Settlement Fund, and Plaintiffs, members of the Settlement Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs, or service awards from Settling Defendants.  The Released Parties (as defined in paragraph 13 hereof) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses,

costs, or service awards, any allocation of attorneys' fees, expenses, costs, or service awards among Class Counsel and/or Plaintiffs and/or the Settlement Class, or with respect to any allocation of expenses, costs, or service awards to any other person or entity who may assert any claim thereto.

13. **Releases.**

a. Upon this Settlement Agreement becoming final in accordance with paragraph 5 hereof, Plaintiffs and members of the Settlement Class, except those who have requested exclusion from the Settlement Class and such request has been approved by the Court, shall unconditionally, fully, and finally release and forever discharge Settling Defendants, any past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing) (the "Released Parties") from any and all existing or potential causes of action or claims that directly or indirectly arise out of, relate to, or refer in any way to the conduct alleged in the Action, including, but not limited to, any and all claims that the Class Plaintiffs and each member of the Settlement Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, has, ever had, or may have against either Settling Defendant that, whether directly or indirectly and whether known or unknown, arise from, relate to, or refer in any way to any act or omission alleged or that could have been alleged in the Action, no matter when accrued (up the date of this Settlement Agreement) (the "Released Claims"). Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.

b. In addition, Plaintiffs, on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and

all provisions, rights and benefits conferred on them by § 1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which purports to limit the scope and effectiveness of the release of any of the Released Claims provided pursuant to this Agreement. Plaintiffs and members of the Settlement Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph, but each Plaintiff and member of the Settlement Class hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Class Plaintiff and member of the Settlement Class also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against any Released Party under § 17200, *et seq*., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

**14.     Stay of Proceedings.**  Pending Court approval of the Settlement embodied in this Settlement Agreement, the parties agree to stay any and all proceedings brought by Plaintiffs against Settling Defendants in the Action other than those incident to the settlement process, and agree to extensions of time with respect to any court filings necessary to effectuate such stays.

**15.     Effect of Disapproval.**  If the Court declines to finally approve this Settlement, or if the Court does not enter the Final Order and Judgment in substantially the form provided for in paragraph 5, or if the Court enters the Final Order and Judgment and appellate review is sought, and on such review, the Final Order and Judgment is set aside or is affirmed with material modification, then this Settlement Agreement and the Settlement, with the exception of the parties' obligations under paragraph 9 herein which shall remain in full force and effect, shall be terminated

upon the election of any of the Settling Defendants or Plaintiffs' Counsel (Dena C. Sharp and Michael M. Buchman) by providing written notice to the parties designated to receive such notice hereunder in accordance with paragraph 21 hereof and the Escrow Agent within ten (10) business days following the occurrence of any such event. An Order by the Court awarding expenses, costs, and/or service awards from the Settlement Fund in any amount lower than requested by Plaintiffs' Counsel shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination. A modification or reversal on appeal of any amount of Plaintiffs' Counsel's, expenses, or costs awarded by the Court from the Settlement Fund, or the amount of service awards from the Settlement Fund to Plaintiffs, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.

16. **Termination.** In the event that the Settlement is terminated pursuant to paragraph 15 above, then (a) this Settlement Agreement shall be of no force or effect, (b) any amount of the Settlement Fund attributable to this Settlement, including any and all interest earned thereon (but less the costs that may have been expended for notice of the Settlement, settlement administration, escrow administration, and taxes paid on the Settlement Fund, all as approved by the Court, which, absent the approval of each respective Settling Defendant, shall not exceed $95,000 per Settling Defendant), shall be paid to Settling Defendants within fifteen (15) business days of such an occurrence, and (c) any release pursuant to paragraph 13 above shall be of no force or effect.

17. **Preservation of Rights.** The parties hereto agree that this Settlement Agreement, whether or not it shall become Final, and any and all negotiations, documents, and discussions associated with it shall be without prejudice to the rights of any party; shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Settling Defendants, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading or document; and evidence thereof shall not be discoverable, admissible, or otherwise used directly or indirectly, in any way (except in accordance with the terms of this Settlement; and that the provisions of this Settlement Agreement can be used by the parties to enforce the provisions of the Settlement Agreement), whether in the Class Action or in any other action or proceeding. The parties expressly reserve all rights if the Settlement does not become Final in accordance with the terms of this Settlement Agreement. Upon the Settlement

10

becoming Final, nothing in this paragraph shall prevent Settling Defendants from asserting any release or using this Settlement Agreement to offset any liability to any other parties.

      **18.**   **Resumption of Litigation.**  The parties agree, subject to approval of the Court, that in the event that the Settlement Agreement is not approved by the Court or the Settlement does not become Final pursuant to paragraph 5 and Settling Defendants do not perform under paragraph 6 herein, litigation of the Class Action against Settling Defendants will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

      **19.**   **Confidentiality.**  The terms of this Settlement Agreement shall remain confidential until Class Plaintiffs move for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement.  However, this provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement, and Settling Defendants shall be entitled to make such disclosures of the Settlement Agreement as they, in their sole discretion, determine are appropriate under the law.

      **20.**   **Binding Effect.**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the parties hereto, the Released Parties, the Releasors, and the successors and assigns of each of them.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Class Plaintiffs and their counsel shall be binding upon all members of the Settlement Class and the Releasors and their respective successors and assigns.

      **21.**   **Notice.**  Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given personally, or by express courier, or by electronic transmission (such as e-mail) to the following persons, and shall be addressed as follows:

*To Plaintiffs and the Settlement Class:*

Dena C. Sharp                                    Michael M. Buchman
Girard Sharp LLP                              Motley Rice LLC
601 California Street, Suite 1400      777 Third Avenue, 27th Floor
San Francisco, CA 94108                  New York, NY 10016
(415) 981-4800                                  (212) 577-0040
dsharp@girardsharp.com                 mbuchman@motleyrice.com

*To Settling Defendants*:

Devora Allon, P.C.
Jay P. Lefkowitz, P.C.
Kirkland & Ellis LLP

601 Lexington Avenue
New York, NY 10022
(212) 446-5967
devora.allon@kirkland.com
lefkowitz@kirkland.com

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered, by giving the other parties prior written notice of the changed address, in the manner hereinabove provided, ten (10) calendar days before the change is effective.

22.    **Integrated Agreement.**  This Settlement Agreement (including the exhibits hereto) contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.  This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

23.    **Headings.**  The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

24.    **No Party is the Drafter.**  None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

25.    **Choice of Law.**  All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California without regard to its choice of law or conflict of laws principles.

26.    **Consent to Jurisdiction.**  Any and all disputes arising from or related to the Settlement must be brought by the Parties, their counsel, and/or each member of the Settlement Class, exclusively in this Court. Settling Defendants and each member of the Settlement Class who did not timely and properly seek exclusion from the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for District of Northern California for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.  Nothing in this paragraph shall prohibit: (a) the

assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim; or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

27.     **No Admission of Liability.**  Nothing in this Settlement Agreement constitutes an admission by either Settling Defendants as to the merits of the allegations made in the Action, or an admission by Plaintiffs of the validity of any defenses that have been or could be asserted by either Settling Defendant. The settlement shall not be offered by any of the Parties in any proceeding, or utilized in any manner as, a presumption, concession, or an admission of any fault, wrongdoing, or liability on the part of either Settling Defendant.

28.     **Execution in Counterparts.**  This Settlement Agreement may be executed in counterparts.  Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of February 28, 2023.

Dena C. Sharp
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800
dsharp@girardsharp.com

*Co-Lead Counsel for the Proposed Settlement Class*

Michael M. Buchman
Motley Rice LLC
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0040
mbuchman@motleyrice.com

Devora Allon, P.C.
Jay P. Lefkowitz, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-5967
devora.allon@kirkland.com

*Counsel for Amneal and Lupin*