UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION

Case No. 20-md-02966-RS

**ORDER ON SEALING MOTIONS**

## I. INTRODUCTION

In connection with the briefing on Class Plaintiffs' motion for class certification, the parties have filed eight administrative sealing motions that cover a litany of materials sought to be sealed by different designating parties. This order addresses each of these motions. The parties shall file redacted copies of the materials for which sealing has been granted in part. Further, Defendants and some non-parties are ordered to file initial and/or revised responsive statements relating to some of the materials for which sealing has been sought.

## II. LEGAL STANDARD

There is a strong presumption in favor of allowing public access when deciding whether materials should be sealed. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). This District's Civil Local Rules require parties to justify why sealing is necessary and, where necessary, to provide evidence to support sealing. Civ. L.R. 79-5. Redacted copies are then to be filed and made available for public review with the minimum redactions necessary to protect sealable information.

## III. DISCUSSION

**A. Sealing of Materials Related to Class Certification Motion (Dkts. 351 & 352)**

    1. <u>Administrative Motion to File Under Seal (Dkt. 351)</u>

Class Plaintiffs seek to file select portions of Dr. Conti's Opening Report under seal because these portions rely on sensitive, proprietary data obtained from IQVIA, Inc. *See* Dkt. 351. This appears to constitute legitimately sensitive business information. Further, the redactions Class Plaintiffs seek are minimal and pertain only to portions of Dr. Conti's calculations using the Provigil yardstick. Class Plaintiffs have thus satisfied their burden, and the motion is granted.

    2. <u>Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (Dkt. 352)</u>

Class Plaintiffs have filed an administrative motion to consider whether portions of their materials should be sealed. These materials have been designated confidential by Amneal, Hikma, Jazz, Par, Teva, Lupin, Express Scripts Specialty Distribution Services, Inc. ("ESSDS"), Humana, and United Healthcare Services ("UHS"). Most of these entities have submitted statements in support of sealing. The motion is granted in part, denied in part, and ruling is reserved as to some materials.

    *a. Lupin Statement (Dkt. 356)*

Lupin seeks to redact two sentences in Dr. Conti's Opening Report (Ex. 27) because they contain numerical figures reflecting "nonpublic information about Lupin's strategic evaluation of the competitive landscape." Dkt. 356, at 1. This appears to constitute legitimately sensitive business information, and the redactions are minimal. As such, the motion is granted as to the material indicated in Dkt. 356.

    *b. Jazz Statement (Dkt. 357)*

Jazz seeks to maintain sealing for a number of exhibits filed with Class Plaintiffs' motion, including fourteen exhibits in their entirety, three exhibits ostensibly already under seal in this case, and one exhibit filed under seal in another court. Jazz also seeks to redact portions of Class Plaintiffs' motion and expert reports.

First, Jazz argues that nine exhibits — Exs. 1, 3, 16, 17, 18, 19, 20, 22, and 23 — all contain confidential business information and should be sealed in their entirety. Specifically, Exs. 1, 19, and 22 comprise "confidential budgeting and financial forecasting documents"; Exs. 3 and 23 "contain confidential recommendations from a third-party consultant around financial strategies for payor contracting"; and Exs. 16, 17, 18, and 20 are "business presentations regarding confidential market strategies and product development." Dkt. 357, at 2–3. Upon review, all of these exhibits, with the exception of Ex. 22, appear to contain such legitimately sensitive information and may be sealed in their entirety. However, Ex. 22 does not appear to contain any "confidential budgeting and financial forecasting documents," but instead consists only of a brief email exchange. Sealing is not warranted for this exhibit, so the motion is denied in that respect.

Second, Jazz "requests that the Court continue to keep under seal portions of the confidential settlement, license, and AG agreements" attached to the motion as Exs. 13, 14, and 15, respectively. Dkt. 357, at 3. Jazz states these documents were previously allowed to be filed under seal, though this appears to be only partially correct. While portions of the agreements captured in Exs. 13 and 15 were previously allowed to be filed under seal, Jazz does not appear to have previously sought sealing of the Jazz-Hikma License Agreement captured in Ex. 14, either in part or in whole. The motion will be granted as to Exs. 13 and 15, consistent with the prior order. *See* Dkts. 139, 110-13, 110-14. Assuming Jazz is suggesting Ex. 14 should be sealed in its entirety, that request is not narrowly tailored. Ruling on the motion is therefore reserved as to Ex. 14, and Jazz must specify which portions, if any, of the exhibit it seeks to file under seal, and the reasons for doing so.

Third, Jazz seeks to maintain sealing for Ex. 12, which consists of a pleading filed in the U.S. District Court for the District of New Jersey that was permitted to be filed partially under seal. To avoid disparate treatment of the same document by these two Courts, Ex. 12 may be redacted consistent with the District Court's ruling in that case. *See* Order Sealing Brief in Support of Motion to Dismiss All Counts of the Complaint, *Jazz Pharma. v. Roxane Lab'ys, Inc.*, No. 16-cv-04971-ES-JAD (D.N.J. Nov. 7, 2016), ECF No. 17, at 3; Brief in Support filed by Eurohealth

1  (USA), Inc., et al., *Jazz*, No. 16-cv-04971-ES-JAD (D.N.J. Nov. 14, 2016), ECF No. 20.

2  Fourth, Jazz argues that five exhibits — Exs. 5, 6, 7, 9, and 11 — should be sealed because
3  they constitute "confidential regulatory filings" submitted to the FDA in connection with Xyrem.
4  Other Ninth Circuit courts have concluded that certain materials submitted to the FDA warrant
5  sealing based on concerns around the disclosure of proprietary information, and because such data
6  often "will shed no light on the judicial process and bears the risk of causing confusion to the
7  public through the limited disclosure of traditionally confidential data and regulatory
8  submissions." *In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13md2452 AJB (MDD),
9  2021 WL 873290, at *3 (S.D. Cal. Mar. 9, 2021). These justifications bear directly on Exs. 5, 6, 7,
10  and 9, and sealing is appropriate for these documents. The motion is therefore granted in these
11  respects. However, Ex. 11 contains information that is (a) from a different company from Jazz,
12  and (b) over 25 years old. The same proprietary concerns thus apply with less force here, and Jazz
13  will be ordered to offer more narrowly tailored proposed redactions. Further, while Jazz's
14  response did not discuss Ex. 4, this document appears to fall under the same umbrella of FDA
15  communications.[1] Jazz is thus ordered to state its position as to the sealing of that document.

16  Finally, Jazz seeks to seal the portions of Class Plaintiffs' motion for class certification,
17  and its accompanying expert reports, that rely on the materials discussed above. Ruling on the
18  sealing motion is reserved as to these materials, pending Jazz's submission of a revised statement
19  in support of sealing.

20         *c.  Humana and UHS Statements (Dkts. 359 & 362)*

21  Humana and UHS both seek to maintain sealing for portions of Ms. Craft's Opening
22  Report that "excerpt from and analyze transactional data fields concerning purchases of Xyrem"

---

[1] This oversight may be due to some (reasonable) confusion around referencing docket numbers versus exhibit numbers. Because of how the sealing motion was filed, the docket number is one off from the exhibit number — for instance, Ex. 4 is filed as Dkt. 352-**5**, Ex. 5 is filed as Dkt. 352-**6**, etc. Jazz, in several instances in its response, conflates the two. *E.g.*, Dkt. 357 (erroneously stating Ex. 12 is filed as Dkt. 352-12). When responding to future sealing motions, Jazz — and all designating parties — are asked to double-check docket citations for this reason.

made by both companies. Dkt. 359, at 2; *accord* Dkt. 362, at 4–5. They argue this data should be subject to sealing because it is proprietary and confidential business information that, if disclosed, could undercut Humana's and UHS's business. Humana also notes that this data identifies some of its customers, which risks jeopardizing these customers' privacy interests if disclosed. These are all compelling reasons to seal the requested information, and both Humana and UHS have only sought to seal limited portions of the Craft Report. As such, the motion is granted as to these materials.

        d. *ESSDS Statement (Dkt. 364)*

ESSDS seeks to seal portions of Dr. Conti's Opening Report, and all of its accompanying Attachments C and D, because they contain "highly sensitive pricing and sales data." Dkt. 364 ¶ 8. Sealing is justified for the same reasons offered by Humana and UHS, given that the material contains proprietary information that, if revealed, could harm ESSDS. The motion is therefore granted as to these materials.

        e. *Missing Statements*

Class Plaintiffs have indicated that some of the materials included in their motion and the accompanying exhibits have been designated confidential by Defendants Amneal, Hikma, Par and Teva.[2] None of these parties have submitted statements in response to the sealing motion, as is required by Local Rule 79-5(f)(3). As such, these Defendants are ordered to file responsive statements regarding the materials they have designated as confidential.

        f. *Summary*

The sealing motion is granted as to Exs. 1, 3, 5, 6, 7, 9, 11, 12, 13, 15, 16, 17, 18, 19, 20, 23, and 28. These materials may remain under seal as provided for above. The motion is denied as to Ex. 22; this document should be filed publicly. Ruling on the motion is reserved as to Exs. 4 and 14 pending the filing of an updated responsive statement by Jazz. Ruling is further reserved as

---

[2] Specifically, the motion and Ex. 10 references material from Amneal; the motion and Exs. 2, 8, and 27 reference materials from Hikma; and Ex. 27 also references material from Par and Teva.

1    to sealing the motion for class certification, and Exs. 2, 8, 10, and 27, pending the filing of

2    responsive statements by Amneal, Hikma, Par, and Teva. All of these responsive statements must

3    be filed no later than June 27, 2023. Failure to file such statements will result in the unsealing of

4    the relevant materials without further notice.

### B. Materials Related to Opposition to Class Certification (Dkts. 407 & 408)

#### 1. Administrative Motion to Seal (Dkt. 407)

Defendants seek to maintain portions of their opposition and the Hughes Report under seal; they also seek to maintain Exs. B, E, G, K, M, O, and T under seal in their entirety. They claim all of these documents contain confidential business information. This is evident as to Exs. B and K, and the motion is granted as to these materials. However, while the remaining documents appear to contain confidential material, Defendants' sealing designations are far too broad. For instance, Exs. E, G, M, O, and T are all lengthy deposition transcripts. Certainly, portions contain material that could be validly filed under seal, but large portions do not. While much of these transcripts may be subject to sealing simply because they are not salient to the opposition, Defendants do not make this argument. Defendants make similarly overbroad sealing requests for the Hughes Report, the only portions of which Defendants propose not to have sealed are Dr. Hughes's introductory comments in paragraphs 1 through 12.

Put differently, with the exception of Exs. B and K, Defendants' request is not narrowly tailored enough to warrant sealing. Therefore, the motion is granted as to Exs. B and K, and ruling is reserved on the motion in all other respects. No later than June 27, 2023, Defendants are ordered to resubmit the remaining documents, excerpted and/or with significantly scaled-back sealing designations, along with a revised sealing statement.

#### 2. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 408)

Defendants have filed an administrative motion to consider whether portions of their materials, designated confidential Class Plaintiffs and non-parties ESSDS, Ingenio, and UHS, should be sealed. Most of these parties have submitted statements in support of sealing. The

1   motion is granted in part, and ruling is reserved as to some materials.

### a. ESSDS Statement (Dkt. 419)

Per the motion, portions of Defendants' opposition and the Hughes Report include information provided by ESSDS. While ESSDS submitted a statement noting it was aware that these documents would be filed, and this motion would accompany it, ESSDS also states it "has not and has never received unredacted copies of [either document] that would allow ESSDS to review exactly where within those documents ESSDS's confidential information is cited." Dkt. 419 ¶ 5. Thus, "it is unable to verify the page:line citations to ESSDS' confidential information that is contained within" the sealing motion. *Id.* This is not particularly helpful in evaluating the propriety of maintaining the materials under seal. Defendants will be ordered to provide ESSDS with an unredacted copy of its opposition and the Hughes Report; promptly thereafter, ESSDS shall file a revised statement noting its position vis-à-vis sealing of these materials.

### b. Class Plaintiffs' Statement (Dkt. 421)

Class Plaintiffs seek to maintain under seal portions of the opposition, the Hughes Report, and Exs. D, H, I, Q, R, and S, for multiple reasons. Much of this information appears to contain proprietary information shared between Class Plaintiffs and their Pharmacy Benefit Managers. Other materials include medical/personal information (including, for instance, details of Plaintiff Hollman's medical records, and deponents' home addresses), and irrelevant information. Class Plaintiffs have offered narrow proposed redactions, all of which are justified. As such, the motion is granted as to these materials under the redactions included in Dkt. 421.[3]

### c. Missing Statements

Defendants have indicated that some of the materials included in their opposition brief and accompanying exhibits have been designated confidential by non-parties Humana, Ingenio, and

---

[3] Class Plaintiffs do not seek to have Ex. T filed under seal, but since that exhibit also contains information designated as confidential by Defendants (noted above), ruling on the motion is still reserved in this respect.

ORDER ON SEALING MOTIONS
CASE NO. 20-md-02966-RS

7

UHS.[4] None of these parties have submitted statements in response to the sealing motion, as is required by Local Rule 79-5(f)(3); these Defendants are thus ordered to file responsive statements as described below.

       *d. Summary*

The sealing motion is granted as to the portions of the opposition brief and the Hughes Report noted by Class Plaintiffs in Dkt. 421. The motion is further granted as to Exs. B, D, H, I, K, Q, R, and S. These materials may remain under seal as provided for above and in the respective sealing statements. Ruling on the sealing motion is reserved as to the portions of the opposition brief and the Hughes Report noted by Defendants in Dkt. 407. Ruling on the motion is further reserved as to Exs. E, G, M, O, and T, pending a revised responsive statement filed by Defendants; and as to Ex. F, and the portions of the opposition brief and the Hughes Report designated confidential by ESSDS, Humana, Ingenio, and UHS, pending responsive statements filed by each of these parties. No later than June 9, 2023, Defendants are ordered to provide ESSDS with an unredacted copy of its opposition and the Hughes Report. All of the responsive statements referenced in this section shall be filed no later than June 27, 2023. Failure to do so will result in the unsealing of the respective materials without further notice.

**C. Materials Related to Reply in Support of Class Certification (Dkts. 448 & 449)**

    1. <u>Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (Dkt. 448)</u>

Class Plaintiffs have filed an administrative motion to consider whether portions of their reply brief in support of class certification, and its accompanying exhibits, should be sealed. Certain materials therein have been designated confidential by Defendants, as well as non-parties ESSDS and Prime Therapeutics LLC. The motion is granted in part, and ruling is reserved as to some materials.

---

[4] Specifically, the opposition, portions of the Hughes Report, and Ex. F reference material from UHS; one footnote in the Hughes Report references material from Humana; and one paragraph and accompanying footnotes in the Hughes Report reference material from Ingenio.

### a. ESSDS Statement (Dkt. 464)

ESSDS seeks to maintain under seal portions of Dr. Conti's Reply Report, as well as Ex. 40 in its entirety. The reason for sealing both is the same as that articulated above: the materials "utilize ESSDS's highly confidential sales and financial information." Dkt. 464 ¶ 7. Good cause appearing, the motion is granted in this respect.

### b. Jazz Statement (Dkt. 465)

Jazz seeks to maintain portions of Plaintiffs' reply brief, portions of Ms. Craft's Reply Report, Dr. Conti's Reply Report in its entirety, and Exs. 32, 33, 34, and 35 in their entirety. It argues sealing these materials is warranted to protect Jazz's proprietary interests. Upon inspection, this justification is reasonable for all of the materials except for Dr. Conti's Reply Report. Jazz does not state why the report must be sealed in its entirety, rather than through the type of narrowly tailored redactions proposed by Hikma and Class Plaintiffs. As such, the motion is granted except as to the Conti Reply Report. Jazz is ordered to file a revised statement proposing narrower redactions no later than June 27, 2023.

### c. Hikma Statement (Dkt. 466)

Hikma supports sealing Ex. 32 and portions of Dr. Conti's Reply Report, for reasons largely tracking those stated by Jazz. As Ex. 32 will already be sealed, the motion is somewhat moot as to that document, but the motion is granted as to the portions of the Conti Reply Report identified in Hikma's statement.

### d. Missing Statement: Prime Therapeutics

Plaintiffs note that Prime Therapeutics LLC ("Prime") has designated as confidential material in the reply brief and Dr. Conti's Reply Report, as well as Exs. 44, 45, and 46. However, Prime does not appear to have filed a statement in support of sealing as required by Local Rule 79-5(f)(3).[5] As such, ruling on the sealing motion is reserved as to these materials, and Prime shall file a responsive statement no later than June 27, 2023.

---

[5] It is unclear from a review of the docket whether Prime was served with the sealing motion.

*e. Summary*

The sealing motion is granted as to Exs. 32, 33, 34, 35, and 40; these materials may remain under seal in their entirety. The motion is also granted as to the relevant portions of the reply brief and the Craft Reply report, and these materials may accordingly be filed partially under seal. Ruling on the motion is further granted as to ESSDS's and Hikma's designated portions of the Conti Reply Report, but reserved to the extent Jazz seeks to have the Report sealed. Finally, ruling on the motion is reserved as to Exs. 44, 45, and 46, pending the filing of a responsive statement by Prime. These responsive statements by Jazz and Prime shall be filed no later than June 27, 2023. Failure to do so will result in the unsealing of the respective materials without further notice.

2. Administrative Motion to Seal (Dkt. 449)

Class Plaintiffs move to maintain sealing for portions the Conti Reply Report. As with Dr. Conti's Opening Report, the Reply Report cites Class Plaintiffs' proprietary information. For the same reason, and considering the limited, targeted redactions Class Plaintiffs propose, the motion is granted.

**D. Materials Related to Motion to Exclude Expert Testimony (Dkts. 472 & 478)**

1. Administrative Motion to File Under Seal (Dkt. 472)

Defendants seek to seal portions of their *Daubert* motion as well as all of Ex. A, which comprises excerpts of an April 2023 deposition of Dr. Conti. The material Defendants seek to seal is consistent with that for which sealing has been granted above — namely that it contains proprietary information concerning Defendants' business. As such, the motion is granted as to the materials outlined in Dkt. 472.

2. Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 478)

Class Plaintiffs have filed an administrative motion to consider whether portions of the opposition brief to the *Daubert* motion should be sealed; this material has been designated as confidential by Defendants. While Hikma does not object to unsealing of the brief, *see* Dkt. 492, Jazz seeks to seal just a few lines in the brief, *see* Dkt. 493. These targeted redactions are based on

the same proprietary concerns discussed throughout this order, and for the same reasons, the motion will be granted under Jazz's proposed redactions.

### IV. CONCLUSION

In summary, and under the terms dictated above, the sealing motions are disposed of as follows:

- Dkt. 351: the motion is granted;
- Dkt. 352: the motion is granted in part, denied in part, and ruling is reserved in part;
- Dkt. 407: the motion is granted in part, and ruling is reserved in part;
- Dkt. 408: the motion is granted in part, and ruling is reserved in part;
- Dkt. 448: the motion is granted in part, and ruling is reserved in part;
- Dkt. 449: the motion is granted;
- Dkt. 472: the motion is granted;
- Dkt. 478: the motion is granted.

As detailed above, some of the Defendants and non-parties are ordered to file initial and/or revised responsive statements regarding sealing; these statements shall be filed no later than June 27, 2023. Failure to file such statements will result in the unsealing of the relevant materials without further notice. Class Plaintiffs and Defendants are further asked to ensure receipt of this order by the relevant non-parties.

**IT IS SO ORDERED**.

Dated: June 6, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER ON SEALING MOTIONS
CASE NO. 20-md-02966-RS

11