[*Submitting counsel on signature page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No. 3:20-md-02966-RS-SVK<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE REGARDING INTERROGATORIES**<br><br>Judge:	Chief Judge Richard Seeborg<br>Date:	TBD<br>Time:	TBD<br>Courtroom:	Courtroom 3, 17th Floor |

Pursuant to this Court's Order, ECF 517, and Civil Local Rule 72-2, Defendants Jazz and Hikma submit this Opposition to Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Interrogatories ("Motion"), ECF 515.

A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Here, Magistrate Judge van Keulen's Order sustaining Defendants' objections and denying Plaintiffs' motion to compel further responses to Interrogatories 30, 12, and 16 to Hikma, and matching Interrogatories 32, 13, and 17 to Jazz, ECF 507, 507-1 ("Order"), is neither clearly erroneous nor contrary to law. Defendants respectfully request that the Court deny Plaintiffs' motion for relief.

**I.  Interrogatory 30/32: The Order Denying Plaintiffs' Motion to Compel is Neither Clearly Erroneous Nor Contrary to Law.**

Interrogatory 30/32 requests "all subjective beliefs" about "any internal, nonpublic company processes." After considering the parties' joint submission (**Ex. 1**, ECF 506), Judge van Keulen denied Plaintiffs' motion to compel, finding that the interrogatory "attempt[s] to toss a wide net to collect all 'subjective beliefs' and 'internal, nonpublic company processes' without one iota of specificity or definition as to 'beliefs' or 'processes'" and thus "utterly fails the requirement of 'reasonable particularity' required by the Federal Rules." **Ex. 2** at 2, ECF 507-1. Regarding the cases cited by Plaintiffs, Judge van Keulen explained:

> Plaintiffs' reliance upon the *Lidoderm* and *Namenda* decisions is not well founded. Pending before the court in each of those cases was a motion asserting waiver of previously asserted privileges. *Lidoderm* at *2; *Namenda* at *1. With the specific allegations of the waiver motions in hand, the courts directed the responding party to identify related subjective beliefs. *Lidoderm*, at *1; *Namenda*, at *5. Indeed, in *Lidoderm* the court articulated five specific topics for which the party was to "identify all subjective beliefs that they intended to introduce" at trial. *Id.* Here Plaintiffs unequivocally state they are not seeking a waiver of privilege. Dkt. 506 at 5. Nor do Plaintiffs direct their inquiry to specific topics. Thus, the interrogatory is without definition or bounds and as such is improper.

*Id.* at 7–8. Judge van Keulen's thorough analysis supporting her finding that Plaintiffs' position is not supported by case law and that Interrogatory 30/32 is overbroad and impermissibly vague is neither clearly erroneous nor contrary to law.

### A. Plaintiffs' broad disclosure request is not supported by the case law they cite concerning privilege.

No court has ordered the type of disclosure Plaintiffs seek here. Plaintiffs contend that subjective belief disclosures are "common" in cases such as this, and that *In re Lidoderm Antitrust Litigation*, 2016 WL 4191612 (N.D. Cal. Aug. 9, 2016), and *In re Namenda Antitrust Litigation*, 2017 WL 2226591 (S.D.N.Y. May 19, 2017), support such disclosure here. But the disclosures in those cases resulted from an explicit assertion that defendants had *waived privilege*, an assertion that, as Judge van Keulen noted, Plaintiffs "unequivocally" do not make on this motion. **Ex. 2** at 3, 8.

In *Lidoderm*, the court did not order disclosure of the defendants' subjective beliefs in response to an interrogatory; rather, the plaintiffs moved for an implied privilege waiver, which they argued had occurred based on testimony the defendants had submitted to the FTC that defendants purportedly sought to rely upon in the follow-on private plaintiff case. *Lidoderm*, 2016 WL 4191612, at *1–3. By contrast, here, Plaintiffs' submission to Judge van Keulen expressly conceded that they "do not seek a ruling that Defendants have implicitly waived privilege." **Ex. 1** at 3.

*Namenda* addressed a different circumstance, too. The defendant had asserted an affirmative defense that it had "considered the merits of the[] respective litigation positions . . . and reached a settlement" in "good faith." 2017 WL 2226591, at *2. The plaintiffs there asserted that the defense impliedly waived privilege over the defendant's "legal analysis of the patent merits, and [its] mental processes during the settlement negotiations," and the Court's order requiring disclosure of subjective beliefs was in that specific context. *Id.*

Plaintiffs now cite for the first time *In re Zetia (Ezetimibe) Antitrust Litigation*, 2022 WL 4354620 (E.D. Va. Aug. 15, 2022), in purported support for their position that denying their motion will create "the risk of 'innumerable side bars'" at trial. Mot. at 2–3. But the court in *Zetia* flatly rejected that exact argument. *Id.* at *5. Further, the court denied the plaintiffs' motion for a finding of implied waiver—which, again, Plaintiffs do not seek here—because the plaintiffs' cited "examples" of sword-shield problems were insufficient, and exemplars would not be enough to warrant waiver in any event. *Id.* at *4. Here, Plaintiffs cannot offer even an example of implied waiver, and they concede that they make no implied waiver argument.

### B.     Interrogatory 30/32 is impermissibly vague and overbroad.

Plaintiffs likewise provide no basis to overrule Judge van Keulen's ruling that Interrogatory 30/32 is overbroad and impermissibly vague. Plaintiffs argue Judge van Keulen's holding that their interrogatory fails the "reasonable particularity" requirement of the Federal Rules is "contrary to law," but Plaintiffs cite no authority to support their position. That is because there is ample support for Judge van Keulen's holding—numerous courts have applied the "reasonable particularity" standard to interrogatories. *See, e.g.*, *Shuckett v. Dialamerica Mktg., Inc.*, 2018 WL 4350123, at *11 (S.D. Cal. Sept. 10, 2018) (finding interrogatory "d[id] not meet the 'reasonable particularity' standard in Federal Rule 34(b)(1)(A)"); *Elkharwily v. Mayo Holding Co.*, 2014 WL 1608264, at *2 (D. Minn. Apr. 18, 2014) (same); *Castro v. Princeton House Charter Sch., Inc.*, 2010 WL 11626724, at *4 (M.D. Fla. Sept. 17, 2010) (sustaining objections because interrogatories lacked "reasonable particularity"); *Bond v. Arrowhead Reg'l Med. Ctr.*, 2013 WL 12377468, at *3 (C.D. Cal. Aug. 13, 2013) (same); *Johnson v. State Farm Fire & Cas. Co.*, at *6 (E.D. La. Feb. 21, 2014) (same).

Further, it is undisputed that when an "interrogatory is in fact too vague to answer, then pursuant to Rule 26(b)(2)(C) the Court should not compel an attempt to answer." *State Farm Fire & Cas. Co. v. Admiral Ins. Co.*, 225 F. Supp. 3d 474, 485 (D.S.C. 2016). That is precisely the case here: Interrogatory 30/32 is plainly overbroad and "is in fact too vague to answer." *Id.* Plaintiffs have made no attempt to define "internal, nonpublic company processes," which could encompass everything from manufacturing checklists to human resource compliance policies (including categories of information wholly irrelevant to the case). Nor is it evident what is meant by a "subjective belief" about an "internal, nonpublic company process[]." Whose belief? And what is a "subjective belief" about an internal process? Defendants asked Plaintiffs to explain this interrogatory, and offered to meet and confer on the scope, but Plaintiffs refused.

Plaintiffs now claim there is a "finite universe of potential beliefs": "those already expressed in deposition testimony" and those which Defendants' witnesses may testify about at trial. Mot. at 3. This belated argument still fails to provide any meaning to "beliefs" about "internal processes," and does nothing to alleviate the disproportionate burden imposed by the interrogatory. There is no basis to compel Jazz and Hikma to re-interview every fact witness now about unlimited "beliefs"

concerning undefined "processes." Depositions were the place to discover that information, and Plaintiffs do not suggest they had insufficient opportunity to discover such information from witnesses. Indeed, Plaintiffs contend they already have the subjective beliefs they seek because they questioned 24 Jazz and Hikma witnesses, some of whom "offered testimony regarding their subjective views." Mot. at 1–2. Given the hours of deposition testimony provided, Plaintiffs provide no reason why an interrogatory, let alone one as overbroad as this one, is a proper discovery tool. *See Amgen Inc. v. Sandoz Inc.*, 2016 WL 913105, at *2 (N.D. Cal. Mar. 10, 2016) ("Factors to consider [in the Rule 26(b)(1) analysis] include . . . 'the parties' relative access to relevant information, . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit.'").

### C. Interrogatory 30/32 exceeds the numerical limits.

Judge van Keulen denied Plaintiffs' Motion to Compel because it lacked merit, not because the interrogatory exceeded the numerical limits set by the Court. Despite this issue being the first issue raised by Plaintiffs, Mot. at 1, it is not a basis for overruling Judge van Keulen's ruling.

In any event, Interrogatory 30/32 does impermissibly exceed the 25-interrogatory limit set by this Court and the Federal Rules. ECF 240; Fed. R. Civ. P. 33(a). Plaintiffs contend they served 34 interrogatories but that Jazz and Hikma objected to only two each as exceeding the limit. In truth, Plaintiffs served 28 interrogatories on Jazz and 27 on Hikma, and both Jazz and Hikma objected to each of the interrogatories over the 25-interrogatory limit. Plaintiffs also incorrectly contend that *each* of the 11 Plaintiffs can serve 25 interrogatories on *each* of the 3 Jazz entities and 4 Hikma entities (totaling 1,925 interrogatories). Where, as here, plaintiffs act in unity (and the same is true for each Jazz and Hikma), courts routinely find that the 25-interrogatory limit applies to them collectively. *See, e.g.*, *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-CV-00676-H-MSB, at 3 (S.D. Cal. June 22, 2023) (applying the 25-interrogatory limit collectively to multiple plaintiffs where "they have acted in unison in this action," including by jointly filing motions and opposition briefs); *Gaby's Bags, LLC v. Mercari, Inc.*, 2021 WL 857695, at *1 (N.D. Cal. Mar. 8, 2021) (explaining that the 25-interrogatory limit is applied collectively to multiple parties when the parties are "represented by a single attorney, when there is a unity of action, or when there is a legal relationship between the parties"); *Stiles v. Walmart, Inc.*, 2020 WL 264420, at *4 (E.D. Cal. Jan. 17,

2020); *Gucci Am., Inc. v. Exclusive Imports Int'l*, 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002). The fact that Plaintiffs' interrogatories state expressly that they are being served on behalf of *all Plaintiffs* further contradicts their argument here. The Court should therefore deny Plaintiffs' Motion for Relief for the additional reason that the Interrogatory exceeds the Court-ordered limit.

**II.   Interrogatories 12/13 and 16/17: The Order Denying Plaintiffs' Motion to Compel Is Neither Clearly Erroneous Nor Contrary to Law.**

Judge van Keulen correctly terminated Plaintiffs' motion to compel further responses to Interrogatories 12/13 and 16/17 as untimely. **Ex. 2** at 1–2, 4–5. Plaintiffs served these interrogatories on June 17, 2022, Defendants responded on August 11, 2022, and the deadline for any dispute concerning these interrogatories was February 6, 2023. ECF 394 at 2.

Nevertheless, Plaintiffs now seek to shoehorn these interrogatories into the Joint Stipulation and Order extending the deadline to May 25 for disputes concerning written discovery *served on January 30, 2023* (the close of fact discovery). ECF 497 ("The deadline for any motions to compel compliance with the January 30 Requests will be extended to May 25, 2023."). But Interrogatories 12/13 and 16/17 were not served on January 30, 2023, and are not covered by that Joint Stipulation and Order. In an attempt to link these interrogatories to the written discovery served on January 30, Plaintiffs now point to an *email* they sent to Defendants on January 30 asking for supplemental responses to Interrogatories 12/13 and 16/17. That email does not transform the interrogatories into discovery served on January 30. If Plaintiffs wanted to include those interrogatories in the joint stipulation to extend the deadline until May 25 for certain motions, the time to do so was while the parties were negotiating the stipulation, not *ex post facto* in a brief before the Court.

In any event, Defendants answered Interrogatories 12/13 and 16/17 based on their knowledge available at the time (and now), with express reservations to supplement their responses with expert opinion after expert discovery. Plaintiffs have not shown cause as to why (or about what) they require further supplementation at this juncture.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Interrogatories.

| | |
|---|---|
| Dated: June 26, 2023 | Respectfully submitted, |

By: /s/ Jeffrey Faucette
Jeffrey Faucette (State Bar No. 193066)
**SKAGGS FAUCETTE LLP**
Four Embarcadero Center
Suite 1400 PMB #72
San Francisco CA 94111
Tel: (415) 295-1197
Fax: (888) 980-6547
jeff@skaggsfaucette.com

By: /s/ Heidi K. Hubbard
Heidi K. Hubbard (*pro hac vice*)
Stanley E. Fisher (*pro hac vice*)
Benjamin M. Greenblum (*pro hac vice*)
Alexander S. Zolan (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
hhubbard@wc.com
sfisher@wc.com
bgreenblum@wc.com
azolan@wc.com

*Attorneys for Defendants Jazz Pharmaceuticals, Inc., Jazz Pharmaceuticals Ireland Limited, and Jazz Pharmaceuticals Public Limited Company*

By: /s/ Jack E. Pace
Jack E. Pace III (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Fax: (212) 354-8113
jpace@whitecase.com

Kathryn J. Mims (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-3600
Fax: (202) 639-9355
kmims@whitecase.com

Heather M. Burke (SBN 284100)
**WHITE & CASE LLP**
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Tel: (650) 213-0300
Fax: (650) 213-8158
hburke@whitecase.com

*Attorneys for Defendants Hikma Pharmaceuticals PLC, Eurohealth (U.S.A.), Inc., West-Ward Pharmaceuticals Corp. n/k/a/ Hikma Pharmaceuticals USA Inc., and Roxane Laboratories, Inc., n/k/a/ Hikma Labs Inc.*

**FILER'S ATTESTATION**

I, Natalie L. Peelish, am the docket user whose identification and password are being used to file Defendants' Opposition to Plaintiffs' Motion for Relief from Nondispositive Pretrial Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ Natalie Peelish

## CERTIFICATE OF SERVICE

I, Natalie L. Peelish, hereby certify that I have caused to be served a copy of all materials filed under seal on at least one counsel of record for each plaintiff and each defendant via electronic mail.

June 26, 2023.

                                                    */s/ Natalie Peelish*