UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION

Case No. 20-md-02966-RS

**ORDER DENYING IN PART AND REMANDING IN PART MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER FROM MAGISTRATE JUDGE**

Plaintiffs have filed a motion under Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, seeking relief from a nondispositive magistrate judge order. *See* Dkt. 515 ("Mot."). Specifically they seek to compel Defendants Jazz and Hikma to answer three pairs of interrogatories: one pair involving Defendants' subjective beliefs, and two pairs involving the bases for their affirmative defenses. The magistrate judge denied the motions to compel in a written order, and the present motion followed. Defendants have filed an opposition. *See* Dkt. 521 ("Opp."). As discussed below, the motion is denied in part and remanded in part.

A magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed "to determine whether they are contrary to law." *Bair v. BlackRock Inst. Tr. Co., N.A.*, No. 17-cv-01892-HSG, 2019 WL 11499520, at *1 (N.D. Cal. Oct. 16, 2019). Nondispositive orders from a magistrate judge are afforded "great deference," *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001), and the district court "may not simply substitute its judgment for that of the deciding court," *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**A. Interrogatories 30 & 32**

In Interrogatory 30 to Hikma and Interrogatory 32 to Jazz, Plaintiffs request the following information: "Identify all subjective beliefs and all testimony concerning internal, nonpublic company processes — whether already provided or anticipated in the future — that You wish to reserve the right to introduce at trial." Dkt. 506 ("Letter Brief"), at 1. Defendants objected to these interrogatories on several bases, including that they were vague and overbroad, and that they exceeded the number of permitted interrogatories. The magistrate judge sustained these objections, noting the requests were "without one iota of specificity or definition as to 'beliefs' or 'processes'" and thus "utterly fail[ed] the 'reasonable particularity requirement' required by the Federal Rules." *See* Dkt. 507-1 ("Order"), at 2, 7. Ruling on the question of the correct number of interrogatories per side/party was reserved for clarification by the undersigned in the first instance. *Id.* at 3, 8.

Plaintiffs argue these interrogatories are relevant to preempt the issue of implied waiver of attorney-client privilege. While they do not seek a ruling of implied waiver, *see* Letter Brief at 3, they note that, if Defendants seek to rely at trial "on their or their employees' views as to why they settled the patent litigations to the Court or to the jury, they will raise significant issues regarding implicit waiver of attorney-client privilege." Mot. at 2. They cite several cases in which plaintiffs served similar interrogatories to address the waiver issue. They further argue the magistrate judge applied the wrong standard in reviewing the interrogatories, because Rule 34(b)(1)(A) applies to document requests, not interrogatories. Finally, they suggest they are well within the limit on interrogatories, which is determined based on the number of parties. Defendants dispute each of these arguments, distinguishing the cited cases and noting that other courts have applied the Rule 34 "reasonable particularity" standard to interrogatories. *See, e.g.*, *Shuckett v. Dialamerica Mktg., Inc.*, No. 17cv2073-LAB(KSC), 2018 WL 4350123, at *11 (S.D. Cal. Sept. 10, 2018).

The motion is denied as to these two interrogatories. First, Plaintiffs are correct to note that Rule 34(b)(1)(A), cited by the magistrate judge, clearly applies to document requests, rather than to interrogatories or to all discovery requests generally. *See* Fed. R. Civ. P. 34 ("Producing

ORDER ON MOTION FOR RELIEF FROM NONDISPOSITIVE MAGISTRATE JUDGE ORDER
CASE NO. 20-md-02966-RS
2

Documents, Electronically Stored Information, and Tangible Things…"); *Carbon v. Seattle Reprod. Med. Inc. PS*, 219CV01491RAJJRC, 2020 WL 4339253, at *5 (W.D. Wash. July 28, 2020). However, even if the "reasonable particularity" standard does not apply under the Rules, courts are nonetheless empowered to deny discovery requests where interrogatories are vague, overbroad, or unduly burdensome. Indeed, they routinely do so. *See, e.g.*, *Mailhoit v. Home Depot U.S.A., Inc.*, CV1103892DOCSSX, 2012 WL 12884129, at *2 (C.D. Cal. Sept. 4, 2012); *CG Roxane LLC v. Fiji Water Co. LLC*, C07-02258 RMW (HRL), 2008 WL 2276403, at *2 (N.D. Cal. May 30, 2008). Thus, notwithstanding that the magistrate judge cited an inapplicable Federal Rule, the conclusion that the interrogatories are overbroad and vague is not contrary to law.

Second, while it is true that the Federal Rules permits a party to serve up to twenty-five interrogatories "on any other party," this does not necessarily mean that each named entity on one side of the *v* may serve each named entity on the opposing side. Otherwise, as Defendants point out, nearly 2,000 interrogatories would be permitted in this case. Rather, courts often treat parties that are only "nominally separate" as one party for the purposes of Rule 33. *See Gaby's Bags, LLC v. Mercari, Inc.*, No. x, 2021 WL 857695, at *1 (N.D. Cal. Mar. 8, 2021). To clarify, then, the interrogatory limit provided in Dkt. 240 applies to each *side*, rather than to each *party*. This is without prejudice to future alteration on motion or by stipulation if and when fact discovery is reopened.

Third, and finally, Plaintiffs' concern as to the specter of implied waiver is not without merit. Indeed, it would be preferable to clarify waiver ahead of trial, rather than resort to "innumerable side bars" during trial. *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 18-md-2836, 2022 WL 4354620, at *5 (E.D. Va. Aug. 15, 2022). Seeing as Plaintiffs are not seeking a ruling at this time, however, that issue can be clarified in a ruling on a future motion, and Defendants could be compelled at that time to disclose the information Plaintiffs seek (or a subset of it). *E.g.*, *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2016 WL 4191612, at *1 (N.D. Cal. Aug. 9, 2016); *In re Namenda Direct Purchase Antitrust Litig.*, 15 Civ. 7488 (CM) (JCF), 2017 WL 22265961, at *5–6 (S.D.N.Y. May 19, 2017).

**B. Interrogatories 12, 13, 16, and 17: Bases for Affirmative Defenses**

In Interrogatories 12 and 13, Plaintiffs request Defendants provide the factual basis for their twelfth affirmative defense; and in Interrogatories 16 and 17, Plaintiffs request Defendants provide the factual basis for their seventeenth affirmative defense. The magistrate judge denied the motion to compel as untimely, based on a representation in the parties' letter brief noting there was "no party agreement or Court order extending the time to raise issues" with these interrogatories. Letter Brief at 1. Plaintiffs argue this conclusion was in error, as neither party had raised the issue of timeliness in the letter brief before the magistrate judge and, in any event, the motion was timely.

Examining this issue requires sorting through the multiple shifting discovery deadlines to which the parties stipulated. To recap, Plaintiffs served these four interrogatories in June 2022, and Defendants responded to them in August 2022. *See* Mot. at 4; *accord* Opp. at 5. Plaintiffs were unsatisfied with these responses, though Defendants noted they reserved the right to supplement their answers as necessary after expert discovery. *See* Letter Brief at 10. In December 2022, the parties stipulated that the last day to serve written discovery under Rules 33 and 36 would be set for January 30, 2023, the same day as the close of fact discovery. *See* Dkt. 367. The same stipulation set two deadlines for discovery-related motions. For those motions relating to written discovery responses served *on or before* January 30, the deadline was set as February 4, 2023; for those motions relating to responses served *after* January 30, the deadline was set for seven days after service of response and later modified to May 25, 2023. *See id.*; Dkt. 497. In their motion, Plaintiffs claim that, on January 30, in addition to serving new interrogatories, they requested in writing that Defendants "provide substantive responses to the interrogatories to which they had previously objected." Mot. at 4.

In sum, then, the timeliness dispute turns on whether these supplemental requests are properly considered interrogatories "served on January 30, 2023" — because if so, Plaintiffs' motion was timely filed on May 25. Defendants argue they are not, since the mere fact that Plaintiffs sent an email asking for supplemental responses "does not transform [them] into

discovery served on January 30." Opp. at 5. The implication would seem to be that because the interrogatories and responses were served in the summer of 2022, any supplemental requests and responses would not be "served" in January 2023. The answer to this question is not readily apparent from reviewing the record in which the issue of timeliness is not addressed. Thus, the issue is remanded to the magistrate judge to determine in the first instance whether Plaintiffs' supplemental written requests qualify as "written discovery under Rules 33 and 36 served on January 30, 2023" within the meaning of the parties stipulation at Dkt. 367. *Cf. United States v. Lopp*, No. 15-cr-03373-YGR-1, 2015 WL 5139367, at *1 (N.D. Cal. Sept. 1, 2015) (remanding to magistrate judge "for additional consideration in light of new information that has emerged in this case").

**IT IS SO ORDERED**.

Dated: July 7, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER ON MOTION FOR RELIEF FROM NONDISPOSITIVE MAGISTRATE JUDGE ORDER
CASE NO. 20-md-02966-RS
5