UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 20-md-02966-RS<br><br>**FURTHER ORDER ON SEALING MOTIONS** |

The parties filed eight administrative sealing motions in connection with the briefing on the motion for class certification. Four of these have been granted, and the remaining four (Dkts. 352, 407, 408, and 448) were disposed of in part and ruling was reserved in part. *See* Dkt. 510 ("Order"). Additional sealing statements and proposed revisions have since been submitted. This order resolves these four motions, and the parties are directed to file redacted or unredacted versions of the relevant documents, consistent with the rulings herein and in the prior order.

**A. Materials Related to Class Certification Motion (Dkt. 352)**

First, in connection with the motion for class certification, Class Plaintiffs filed a sealing motion concerning materials designated as confidential by Defendants and certain non-parties. Ruling was reserved as to Exs. 4, 11, and 14, pending a revised statement from Jazz. In that statement, Jazz has concluded that these materials need not be sealed, *see* Dkt. 522, at 2, so the motion is denied as to those three exhibits.

Ruling was further reserved as to Exs. 2, 8, 10, and 27, pending the submission of

additional sealing statements from several Defendants. Amneal, Par, and Teva have all failed to do so; thus, the motion is denied as to Ex. 10 and the portions of Ex. 27 (the Conti Report) designated confidential by these three Defendants. While the prior order noted Hikma had also failed to submit a sealing statement, this was in error, and its previous statement provides cogent reasons to maintain Exs. 2 and 8 under seal as regulatory filings. *See* Dkt. 358; Order at 4 (permitting sealing for this reason). Hikma has also provided narrow proposed redactions to the portions of the Conti Report that draw on these exhibits. The motion is therefore granted as to Ex. 2, Ex. 8, and the portions of Ex. 27 designated confidential by Hikma.

Finally, consistent with this order and the prior order, there is good cause to seal the portions of the Conti Report (Ex. 27), the Craft Report (Ex. 28), and the motion for class certification that rely on materials approved to be sealed in part or in whole. The motion is therefore granted as to these materials, consistent with the two sealing orders and the relevant redactions proposed by the parties and non-parties.

**B. Materials Related to Opposition to Class Certification (Dkts. 407 & 408)**

1. Dkt. 407

Defendants moved to maintain under seal certain materials filed in connection with their opposition to the motion for class certification. Ruling on that motion was reserved as to Exs. E, G, M, O, and T, on the grounds that the requests to seal these deposition transcripts were not narrowly tailored. Consistent with the prior order, Jazz has since submitted excerpted copies of Exs. E, G, M, and T, and Hikma has submitted an excerpted copy of Ex. O. These Defendants seek to seal these excerpts in their entirety. Since the excerpts effectively provide scaled-back redactions, and as there is good cause to seal the information that remains, the motion is granted as to those materials.[1]

In addition, the prior order reserved ruling on sealing both the opposition brief and the Hughes Report (Ex. A). Given that Defendants have considerably scaled back their proposed

---

[1] Dkt. 408, which also references Ex. T, is granted in relevant part.

redactions, the motion is granted as to the portions of the Hughes Report identified by Jazz and Hikma. *See* Dkt. 522, at 5–6; Dkt. 523, at 3. The motion is also granted as to the portions of the opposition brief marked for redaction by Jazz. *See* Dkt. 522, at 5.

### 2. Dkt. 408

Defendants also filed a sealing motion concerning materials designated as confidential by Class Plaintiffs and certain non-parties. The prior order reserved ruling on the motion as to (1) materials designated confidential by ESSDS, and (2) materials designated confidential by Humana, Ingenio, and UHS. ESSDS submitted a statement seeking to preserve portions of the opposition brief and the Hughes Report under seal for the same reasons as its other materials — namely, that they contain "highly sensitive pricing and sales data." Dkt. 520 ¶ 10; *see, e.g.*, Order at 5, 9. Good cause appearing, the motion is granted for the materials listed in the sealing statement. Dkt. 520 ¶ 9 tbl. Because none of the other three non-parties submitted timely statements (despite prior warnings to do so), the motion is denied as to the materials designated confidential by Humana, Ingenio, and UHS. Those materials should be unsealed.

## C. Materials Related to Reply in Support of Class Certification (Dkt. 448)

Finally, Class Plaintiffs filed a sealing motion for materials designated confidential by Defendants and some non-parties stemming from the reply in support of class certification. Under the prior order, Jazz was required to file a revised statement proposing narrower redactions to the Conti Reply Report. It has since done so. As such, the motion is granted in part; the portions of the Reply Report indicated in Jazz's supplemental statement, *see* Dkt. 522, at 6–7, may be sealed.

Additionally, Class Plaintiffs indicated that some material was designated confidential by non-party Prime Therapeutics LLC ("Prime"). Prime did not submit a sealing statement, ruling was reserved on these materials, and Prime was ordered to submit a statement. Class Plaintiffs have since represented that Prime has indicated it did not intend to file anything in response to the order. *See* Dkt. 525. As such, the motion is denied as to the materials designated as confidential by Prime, *see* Dkt. 448, at 2–3, and those materials should be unsealed.

1   **IT IS SO ORDERED**.

3   Dated: July 10, 2023

_____
RICHARD SEEBORG
Chief United States District Judge