1  [*Submitting Counsel on Signature Page*]

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

9

10  IN RE: XYREM (SODIUM OXYBATE)
   ANTITRUST LITIGATION

11

12  _____

13  This Document Relates to:

14  All Actions

15

16

17

18

   Case No. 3:20-md-02966-RS

   **PLAINTIFFS' REPLY IN SUPPORT
   OF MOTION FOR RELIEF FROM
   NONDISPOSITIVE PRETRIAL
   ORDER OF MAGISTRATE JUDGE
   REGARDING MOTION TO STRIKE**

   **ORAL ARGUMENT REQUESTED**

   Date:        July 19, 2024
   Time:        9:30 a.m.
   Courtroom:  3, 17th Floor

   The Honorable Richard Seeborg

19

20

21  **REDACTED - FILED UNDER SEAL**

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    Introduction ........................................................................................................... 1

II.   Argument ............................................................................................................... 2

      A.   The Court may consider the complete expert record. ............................... 2

      B.   Mr. Allen's and Mr. Thomas's reply reports are proper. ......................... 3

           1.   Mr. Thomas and Mr. Allen properly responded to Mr. Cossart's
                ▮▮▮ opinions (Ex. C, Thomas Reply ¶¶ 11-13; Ex. B, Allen Reply
                ¶¶ 10(e), 53, 88-95). ........................................................................ 3

           2.   Mr. Thomas and Mr. Allen properly corrected Mr. Allen's opening
                report (Ex. C, Thomas Reply ¶¶ 14-16; Ex. B, Allen Reply ¶ 36).............. 5

           3.   Mr. Thomas and Mr. Allen properly responded to Mr. Cossart's
                opinions about ▮▮▮▮▮▮ (Ex. C, Thomas Reply ¶¶ 17-19;
                Ex. B, Allen Reply ¶ 42). ................................................................ 6

           4.   Mr. Thomas properly responded to Mr. Davis's and Ms.
                O'Malley's opinions regarding ▮▮▮▮▮▮ (Ex. C, Thomas
                Reply ¶¶ 20-23). .............................................................................. 6

           5.   Mr. Allen properly analyzed ▮▮▮▮▮▮▮▮▮▮▮ (Ex.
                B, Allen Reply ¶¶ 88-95). ................................................................ 7

      C.   Dr. Femia's report is proper. ................................................................... 8

           1.   Dr. Femia properly rebuts Mr. Cossart's ▮▮▮ opinions. .......................... 8

           2.   Dr. Femia's report is also proper due to late-produced documents. ......... 10

      D.   Dr. Davitz's supplemental opinion is proper (Ex. D, Davitz Reply ¶¶ 318-
           322). ........................................................................................................ 12

      E.   Plaintiffs' experts' ▮▮▮▮▮ opinions are proper (Ex. E, Morrato
           Reply ¶¶ 58-61; Ex. F, Lessem Reply ¶ 38; Ex. B, Allen Reply ¶ 72). ............... 14

III.  Conclusion .......................................................................................................... 15

i

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Hale*,
159 F. Supp. 2d 1116 (N.D. Ill. 2001) ........................................................ 3

*Banner v. City of Flint*,
99 F. App'x 29 (6th Cir. 2004) ................................................................... 3

*Bowden v. Genie Indus. (a Terex Brand) Inc.*,
2024 WL 1756098 (9th Cir. Apr. 24, 2024) ............................................. 12

*Cave Consulting Grp., Inc. v. OptumInsight, Inc.*,
2018 WL 1938555 (N.D. Cal. Apr. 25, 2018) ...................................... 5, 10

*CornerStone Staffing Solutions, Inc. v. James*,
2013 WL 12373784 (N.D. Cal. Feb. 22, 2013) .......................................... 2

*Eagle W. Ins. Co. v. Amtrol, Inc.*,
2017 WL 4167930 (W.D. Wash. Sept. 19, 2017) ....................................... 9

*Encompass Ins. Co. v. Berger*,
2014 WL 12597120 (C.D. Cal. Aug. 12, 2014) ...................................... 5, 9

*Gilley v. C.H. Robinson Worldwide, Inc.*,
2021 WL 2785333 (S.D.W. Va. July 2, 2021) ......................................... 12

*In re Goguen*,
691 F.3d 62 (1st Cir. 2012) ....................................................................... 9

*In re High-Tech Emp. Antitrust Litig.*,
2014 WL 1351040 (N.D. Cal. Apr. 4, 2014) ........................................... 13

*In re Nexium (Esomeprazole) Antitrust Litig.*,
42 F. Supp. 3d 231 (D. Mass. 2014) .......................................................... 9

*Lanard Toys Ltd. v. Novelty, Inc.*,
375 F. App'x 705 (9th Cir. 2010) ............................................................ 12

*Lozano v. City of Hazleton*,
241 F.R.D. 252 (M.D. Pa. 2007) ............................................................. 12

*Luke v. Family Care Urgent Med. Clinics*,
323 F. App'x 496 (9th Cir. 2007) ............................................................ 14

*Meijer, Inc. v. Biovail Corp.*,
533 F.3d 857 (D.C. Cir. 2008) ................................................................. 10

*Oracle Am., Inc. v. Google Inc.*,
2011 WL 5572835 (N.D. Cal. Nov. 15, 2011) ......................................... 14

*Rovid v. Graco Children's Prod. Inc.*,
2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) ........................................... 14

*S.E.C. v. Alternate Energy Holdings, Inc.*,
2014 WL 2515710 (D. Idaho May 13, 2014) ............................................. 2

ii

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

*Soverns v. Delta Air Lines Inc.*,
   2023 WL 2768431 (N.D. Cal. Apr. 3, 2023) ............................................................................ 12

*Spray-Tek, Inc. v. Robbins Motor Transp., Inc.*,
   426 F. Supp. 2d 875 (W.D. Wis. 2006) .................................................................................... 12

*United States ex rel. Goodman v. Arriva Med., LLC*,
   471 F. Supp. 3d 830 (M.D. Tenn. 2020) ................................................................................... 3

*United States v. Frans*,
   697 F.2d 188 (7th Cir. 1983) ..................................................................................................... 3

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
   2012 WL 5932733 (N.D. Cal. Nov. 27, 2012) ....................................................................... 12

**Other Authorities**

12 Charles Allen Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed. 2017) ................ 3

**Rules**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ....................................................................................................... 8

Fed. R. Civ. P. 26(e) ..................................................................................................................... 14

Fed. R. Civ. P. 37(c)(1) ............................................................................................................... 12

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

1  **I.    <u>Introduction</u>**

2    Plaintiffs seek relief from an order striking garden-variety expert reply opinions that

3  rebut and respond to defense opinions on the same subjects and are thus well within the scope of

4  proper rebuttal, or are minor corrections or supplements that Defendants cannot seriously claim

5  are prejudicial. Rather than engaging on the merits, Defendants' motion to strike is a thinly

6  veiled attempt to constrict the record to one that is incomplete, contrary to law and fact, and

7  misleading to the jury. The Court should grant Plaintiffs' motion for relief.

8    On March 8, 2024, Plaintiffs timely served reply expert reports. Plaintiffs' experts John

9  Thomas, Robert Femia, and Donald Allen rebutted Defendants' expert Benoit Cossart regarding

10  ████████████████████████████████████████████████████████████

11  ████████████████████████, and other topics, and Mr. Thomas responded to Defendants'

12  experts Ahmed Davis and Kathleen O'Malley regarding ████████████. Mr. Allen also

13  included a minor correction to a single paragraph of his opening report, and Plaintiffs' expert

14  Michael Davitz offered a five-paragraph supplement to his opening report (of which only two

15  paragraphs were substantive).

16    Defendants argue, and the Order held, that Plaintiffs' reply expert reports are improper

17  new opinions. But an expert opinion is proper rebuttal (rather than an untimely new opinion)

18  when it addresses the same subject matter, as Plaintiffs' reply expert reports do. Mr. Allen's

19  correction was timely and nonsubstantive—it does not affect liability or damages—and Dr.

20  Davitz's supplement caused no prejudice to Defendants, particularly because Plaintiffs offered

21  Defendants ample opportunity to respond. Plaintiffs' reply reports were proper, as is the relief

22  that Plaintiffs now seek.

23    Defendants also argue that this Court may not consider arguments in Plaintiffs' opening

24  brief that were not made below or documents that were not submitted to Magistrate Judge van

25  Keulen. But Plaintiffs made the same arguments before Magistrate Judge van Keulen, though

26  often in more abbreviated form because Plaintiffs' brief below was limited to 10 pages. Also, the

27  Court has discretion to consider new materials. Plaintiffs' arguments are properly before the

28  Court, and Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

1

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

## II.   <u>Argument</u>

### A.   **The Court may consider the complete expert record.**

Defendants argue this Court may not consider any documents that were not submitted below—not even complete versions of expert reports that were excerpted before Magistrate Judge van Keulen, and related documents that are in the record in full elsewhere. Defendants' Opposition ("Opp.") at 4. But the materials in question are not new facts or affidavits that were not previously part of the discovery record. They are merely a more complete set of the expert reports (and one document relied upon by the experts, *see* Mot. at 4 n.6), and the Court has discretion to consider them and the additional context they provide. *S.E.C. v. Alternate Energy Holdings, Inc.*, 2014 WL 2515710, at *13 (D. Idaho May 13, 2014).

Before Magistrate Judge van Keulen, the parties submitted excerpts (rather than full versions) of certain expert reports, in large part to avoid further filings addressing Defendants' claims of confidentiality. After oral argument, Magistrate Judge van Keulen requested additional materials, including a complete copy of Mr. Cossart's report (the parties had only submitted excerpts) and a deposition transcript that the parties had not submitted at all. ECF No. 622. Defendants cite no reason this Court should not likewise be able to consider whatever relevant materials it may deem useful. Also, Defendants make new arguments that they did not make below (*see infra* Sections II.A.3-5, II.D), and they cite or refer to documents outside the record below (*see, e.g.*, Opp. at 11 n.5 (referring to a February 2023 email that has not been submitted to the Court), 6 (citing a new document)). The Court should consider the entirety of the record before it, including to address Defendants' new arguments.

Defendants rely on *CornerStone Staffing Solutions, Inc. v. James*, in which this Court declined to consider new evidence when a party moved for relief from a magistrate judge's decision and "presented declarations from himself, his lawyer, and an accountant, as well as an otherwise unfiled motion to compel with accompanying exhibits." 2013 WL 12373784, at *2 (N.D. Cal. Feb. 22, 2013) (Seeborg, C.J.). Here, Plaintiffs submit no new declarations, unfiled motions, or new factual exhibits. Plaintiffs merely submit more complete versions of the existing expert record. Defendants contend that *Alternative Energy* was wrongly decided because the

Ninth Circuit precedent on which it relies addressed objections to a magistrate judge's report and recommendation, not a magistrate judge's order on a nondispositive issue. But several other courts agree that "a district court's '[i]nherent power' permits it, for good cause, to consider new evidence when considering a motion to review a magistrate judge's decision on a nondispositive issue." *United States ex rel. Goodman v. Arriva Med., LLC*, 471 F. Supp. 3d 830, 844 (M.D. Tenn. 2020) (quoting *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004)) *see also Anderson v. Hale*, 159 F. Supp. 2d 1116, 1117 (N.D. Ill. 2001) (holding that the court has "the discretion to conduct a *de novo* review") (citing *United States v. Frans*, 697 F.2d 188, 191 n. 3 (7th Cir. 1983)). A leading treatise holds that "a district judge should have at least the authority to consider further evidence in reviewing rulings on nondispositive matters." 12 Charles Allen Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed. 2017). The legislative history of the pertinent statutory provision affirms that "the judge has the inherent power to rehear or reconsider a matter *sua sponte*" even after referral to a magistrate judge. H.R. REP. 94-1609, 10, 1976 U.S.C.C.A.N. 6162, 6170. The Court has discretion to consider the full expert record here.

Ultimately, however, the more complete expert record is just context to assist the Court. Exhibits with numbers rather than letters were not submitted below and typically are in footnotes. If the Court opts not to rely on these documents, Plaintiffs' arguments remain substantially similar. Either way, the relief requested is proper.

**B.** **Mr. Allen's and Mr. Thomas's reply reports are proper.**

**1.** **Mr. Thomas and Mr. Allen properly responded to Mr. Cossart's ▓▓▓▓ opinions (Ex. C, Thomas Reply ¶¶ 11-13; Ex. B, Allen Reply ¶¶ 10(e), 53, 88-95).**

Reply reports are proper when they provide responses on the same subject matter as the opinions that they rebut. Mot. at 7-8. Here, Mr. Thomas and Mr. Allen respond to Mr. Cossart on the same subject matter. In opening, Mr. Allen ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. L, Table of Contents. Mr. Cossart responded by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

1    ███████████████████████████████████████████████████

2    ████████████████████████████████████. Ex. Q, Cossart Rpt. ¶ 42. In reply,

3    Mr. Thomas opined that ███████████████████████████████████

4    ██████████████████████████ Ex. C, Thomas Reply ¶ 13. Mr. Allen concluded that ███

5    ███████████████████████████████████████████████████

6    ███████████████████████ Ex. B, Allen Reply ¶ 89. These reply opinions properly rebut

7    Mr. Cossart.

8        Instead of engaging with the contents of the reports or the applicable legal standard,

9    Defendants argue that Mr. Thomas and Mr. Allen cannot respond to Mr. Cossart because Mr.

10    Cossart purportedly relies on Mr. Allen. Opp. at 16-17. The contention that Mr. Cossart relies on

11    Mr. Allen is contrary to Mr. Cossart's report, the substance of Mr. Cossart's opinions, and Mr.

12    Cossart's deposition testimony. Mot. at 10-11 & n.10. But it is also irrelevant. Defendants cite no

13    authority suggesting that if Mr. Cossart relied in part on Mr. Allen, Mr. Thomas and Mr. Allen

14    would be prohibited from responding.

15        Defendants also do not dispute that Mr. Cossart's ████████████ are incorrect as

16    a matter of fact and law. But they contend that the Order did not err in holding that Mr. Thomas

17    and Mr. Allen should not be able to respond to Mr. Cossart's opinion because doing so would

18    involve discussing ████████████████, which Defendants describe as a "new

19    theory" of causation. Opp. at 16-17. But ██████ is not a "new theory" of anything. It is a well-

20    known part of the Hatch-Waxman framework, and all experts are charged with applying it

21    correctly. Mot. at 11. Nor were discussions of ██████ new in the reply reports; eight experts,

22    including three of Defendants' experts, offered opinions involving ██████ before reply reports

23    were served. *See* J.D. Ex. 4, Armitage Rpt. nn. 54, 57, 98, 142; J.D. Ex. 10, Conti Rpt. ¶ 39; Ex.

24    K, Fleischer Rpt. ¶ 63; J.D. Ex. 30, Hoxie Rpt. ¶¶ 28(b), 36, 48, 83; J.D. Ex. 32, Johnson Rpt.

25    ¶ 46; J.D. Ex. 39, McGuire Rpt. ¶¶ 69, 122, 161, 189 & n. 189; J.D. Ex. 45, O'Malley Rpt. ¶ 84;

26    J.D. Ex. 54, Thomas Rpt. ¶¶ 56-57. Mr. Thomas, Dr. McGuire, Mr. Armitage, and Ms. O'Malley

27    specifically addressed ███████████████████. *See id.*

28

4

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

1   Also, to the extent that Mr. Thomas and Mr. Allen discuss a new theory, it is *Mr.*

2   *Cossart's* theory. Mr. Cossart opined that █████████████████████████████████████

3   █████████████████████████. Mr. Thomas and Mr. Allen simply respond to this opinion.

**2.     Mr. Thomas and Mr. Allen properly corrected Mr. Allen's opening**

**report (Ex. C, Thomas Reply ¶¶ 14-16; Ex. B, Allen Reply ¶ 36).**

6   In paragraph 36 of his reply report, Mr. Allen ██████████████████████████

7   ███████████████████████████—as a matter of law, ██████████████████████

8   ████████████████████████████████████████████████████████████████████████

9   ██████████████████████████████████. Mot. 12-13. Without discussing the substance

10  of paragraph 36, Defendants argue that this correction was not a correction because it presented a

11  "new theory" of causation. Opp. at 18. But Mr. Allen's ███████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ██. Ex. L, Allen Rpt. ¶¶ 137-42. The only change to Mr. Allen's opinion is that ██████

15  ████████████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████████

17  ██████████████████. Ex. B, Allen Reply ¶ 36. This change is so slight that it has no effect on

18  liability at all, as borne out by the fact that Plaintiffs did not need to change their damages

19  calculations. Mr. Allen made this correction for factual accuracy only.

20  Defendants rely on a case in which an expert disclosed "new exhibits and opinions" after

21  the close of expert discovery at a "testimonial deposition in lieu of" a "trial appearance," and

22  another case in which experts prepared "supplemental reports to respond to criticism by" the

23  opposing party's experts and disclosed them after the deadlines for rebuttal reports. *Encompass*

24  *Ins. Co. v. Berger*, 2014 WL 12597120, at *3-5 (C.D. Cal. Aug. 12, 2014); *Cave Consulting*

25  *Grp., Inc. v. OptumInsight, Inc.*, 2018 WL 1938555, at *3-4 (N.D. Cal. Apr. 25, 2018). Neither

26  case applies here: Mr. Allen timely disclosed paragraph 36 during expert discovery, before his

27  deposition, after Plaintiffs' experts caught their own mistake.

28

3. **Mr. Thomas and Mr. Allen properly responded to Mr. Cossart's opinions about ███████ (Ex. C, Thomas Reply ¶¶ 17-19; Ex. B, Allen Reply ¶ 42).**

In response to Mr. Cossart's opinion that ████████████████████████████ ████████████, Mr. Thomas and Mr. Allen offered opinions regarding ████ ██████████████████████████████████████. Mot. at 13-14. Defendants argue in their opposition, for the first time, that these replies are improper rebuttal because Mr. Thomas does not include a citation to Mr. Cossart's report in paragraphs 17-19 of his reply report. But the entire section of Mr. Thomas's report in which these paragraphs appear is a response to Mr. Cossart. *See* Ex. C, Thomas Reply ¶¶ 1-3, 11-19. Regarding their own expert's citation practices, Defendants take the position that "[f]urther and repeated references" to the report to which an expert is responding are "not necessary." Opp. at 17. The same applies here.

The substance of the opinions confirms that Mr. Thomas and Mr. Allen properly rebutted Mr. Cossart. In paragraphs 17-19, Mr. Thomas explained that ████████████ ████████████████████████████████████████████. Mr. Allen then expressly rebutted Mr. Cossart by explaining that ████████████████████████████ ████████████████████████████████████████████ ████████. Ex. B, Allen Reply ¶¶ 39-43. These opinions are proper responses to Mr. Cossart.

4. **Mr. Thomas properly responded to Mr. Davis's and Ms. O'Malley's opinions regarding ███████ (Ex. C, Thomas Reply ¶¶ 20-23).**

Mr. Thomas offered opinions regarding ██████████ in his opening report, and Defendants' experts Mr. Davis and Ms. O'Malley offered related opinions in their rebuttal reports. Mot. at 15. In Mr. Thomas's reply report, he discussed his opinions regarding ████ ████████ in response to Mr. Davis and Ms. O'Malley. Ex. C, Thomas Reply ¶¶ 20-23.

Defendants contend that Plaintiffs are making a new argument on this score. Opp. at 19. But in Plaintiffs' opposition to the motion to strike below, Plaintiffs said that "Defendants make

6

1   no arguments about several portions of reports that they move to strike" and cited paragraphs 20-
2   23 of Mr. Thomas's reply report. *See* Opp. Ex. 4 at 10. In their opening brief on this motion,
3   Plaintiffs likewise noted that "Defendants made no arguments about this section," and thus it
4   should not be stricken. Mot. at 15. There's nothing new here.
5           For the first time, Defendants argue that Mr. Thomas does not respond to Mr. Davis or
6   Ms. O'Malley because he does not expressly refer to them in paragraphs 20-23. Opp. at 19-20.
7   But they also concede that Mr. Thomas's summary of opinions explains that this section is a
8   response to Mr. Davis's and Ms. O'Malley's opinions. Opp. at 19-20; *see also* Ex. C, Thomas
9   Reply ¶ 4 & n.2. As Plaintiffs explained in their opening brief, Mr. Thomas properly responds to
10  Mr. Davis and Ms. O'Malley. Mot. at 15.
11          **5.    Mr. Allen properly analyzed ███████████████████ (Ex. B,**
12          **Allen Reply ¶¶ 88-95).**
13          Defendants argue for the first time that paragraphs 88-95 of Mr. Allen's reply report
14  should be stricken because ███████████████████████████████████████████
15  ████████████████████████████████████. Opp. at 20. Defendants acknowledge
16  that their dispute is with the substance of this opinion, Opp. at 20, which is not a basis for
17  striking the opinion. Mr. Allen ████████████████████ in his opening report, and Mr. Cossart
18  addressed ████████████ in his rebuttal report. Ex. L, Allen Rpt. ¶¶ 120-23, 136, 142; Ex. Q,
19  Cossart Rpt. ¶¶ 43-44, 47, 146-50, 177-217. Mr. Allen's reply is within the scope of responding
20  to Mr. Cossart and is proper. Defendants may cross examine Mr. Allen, or seek to exclude these
21  opinions in motions *in limine*. But this motion for relief is not the right vehicle.
22          Also, Defendants' arguments regarding the substance of this opinion are baseless. As Mr.
23  Allen explained in his opening report, ████████████████████████████████████████
24  ████████████████████. Ex. L, Allen Rpt. ¶¶ 120, 136.[1] ██████████████████████
25  ████████████████████, as Mr. Allen modeled in paragraphs 88-95 of his reply report, ███
26  ████████████████████████████.

27  _____
28  [1] ████████████████████████████████████████████ *See* J.D. Ex. 39, McGuire Rpt. ¶¶ 79, 100.

7

**C.** **Dr. Femia's report is proper.**

**1.** **Dr. Femia properly rebuts Mr. Cossart's** ▇▇▇ **opinions.**

In this case, causation turns on whether the challenged conduct reduced competition in the market for Xyrem. In opening reports, Plaintiffs' experts ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Ex. K, Fleischer Rpt. ¶ 63; Ex. L, Allen Rpt. ¶¶ 117-23, 134-42. Those opinions and evidence support Plaintiffs' prima facie causation case.

Defendants suggest that it was incumbent on Plaintiffs to address ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Opp. at 8. But Plaintiffs did so. In Plaintiffs' opening expert reports, Dr. Fleischer opined on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. K, Fleischer Rpt. ¶¶ 66-71. Mr. Cossart responded that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Mot. at 15-16; Ex. Q, Cossart Rpt. ¶¶ 143-45. Mr. Cossart's opinions clarified Defendants' position. In reply, therefore, Dr. Femia ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. A, Femia Reply ¶¶ 11, 66-67.

Dr. Femia's reply report was proper because Dr. Femia directly responded to Mr. Cossart and addressed the same subject matter. Mot. at 16-17. Rather than responding to this point or engaging with the substance of Dr. Femia's report, Defendants contend that Dr. Femia's reply report is improper because he did not serve an opening report. Opp. at 10. But the case schedule expressly contemplated "reply experts[,]" and experts offered solely for rebuttal are proper under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). Mot. at 15. Defendants seek to distinguish Plaintiffs' cases on the ground that the rebuttal experts in those cases served opening reports, Opp. at 10, but the scope of proper rebuttal depends on the opinions being rebutted, not the rebuttal expert's opening opinions. All of Defendants' experts served rebuttal reports, and *none* served opening reports.

Defendants also assert that Dr. Femia's reply report contains "new" opinions that are improper on reply. Opp. at 8. But reply opinions, by their nature, say things that were not said before (or else there would be no point in submitting them). Reply opinions are improperly "new" only if they are outside the scope of the opinions to which they are responding. Mot. at 16-17. Defendants do not explain how Dr. Femia's opinions are outside the scope of Mr. Cossart's opinions—both Cossart and Femia address ███████████████████████ ████████████████ .

Defendants argue that Dr. Femia's opinions go to Plaintiffs' case-in-chief on causation. Opp. at 9. But as Defendants' own authority holds, "[t]he mere fact that an expert witness's testimony could have been used in support of the offering party's case-in-chief does not exclude admission as a rebuttal expert." *Encompass Ins. Co. v. Berger*, 2014 WL 12597120, at *2 (C.D. Cal. Aug. 12, 2014). Making a prima facie showing does not require clairvoyance: a reply expert may provide additional support to Plaintiffs' case-in-chief by rebutting Defendants' experts. Mot. at 18. And in any event, it is Defendants' burden to prove that ██████ is a superseding cause of the harm. Mot. at 18.[2] Defendants suggest that they might not bear the burden of proving superseding cause, Opp. at 9 n.4, but courts consistently hold that superseding cause "is an affirmative defense, on which Defendant will bear the burden of proof at trial." *Eagle W. Ins. Co. v. Amtrol, Inc.*, 2017 WL 4167930, at *7 (W.D. Wash. Sept. 19, 2017); *see also In re Goguen*, 691 F.3d 62, 68 (1st Cir. 2012) (the burden of proving superseding cause is on the defendant).

Defendants contend that Plaintiffs bear the burden of proof on ████████ because of the requirement of proving but-for causation, Opp. at 9, but the cases that they discuss are off-point. In both cases, the generic did not have final approval from the FDA, and it was Plaintiffs' burden to prove that the generic would have obtained final approval absent the violations. *In re Nexium (Esomeprazole) Antitrust Litig.*, 42 F. Supp. 3d 231, 287 (D. Mass. 2014); *Meijer, Inc. v.*

---

[2] Defendants contend that this argument is new, but they acknowledged below that Plaintiffs argued that Dr. Femia was not essential to proving Plaintiffs' case in chief. Opp. Ex. 5 at 2. Dr. Femia is not essential to Plaintiffs' case in chief because his role is to rebut Defendants' affirmative defense. Plaintiffs are making the same argument here as below.

1   *Biovail Corp.*, 533 F.3d 857, 862 (D.C. Cir. 2008). Here, ████████████████████

2   ████████████████████████████████. *See, e.g.*, Ex. L, Allen Rpt. ¶¶ 115-16. ████

3   ███████████████████████████████████████████████████████████████ Ex.

4   B, Allen Reply ¶ 23. Plaintiffs have made out a prima facie case of both but-for and proximate

5   causation. More, including clairvoyance about which defenses Defendants intend to press and

6   how they intend to present them, is not required. Defendants now assert that ████████████

7   ███████████████████████████████████████████████████████████████

8   ████████████████████████████████████. Defendants bear the burden of

9   proof on this affirmative defense.

10          Defendants also argue that Plaintiffs bear the burden of proof on this issue because some

11  of Plaintiffs' experts discussed ██████ in their opening reports. Opp. 10. But Defendants cite

12  no authority suggesting that the burden of proof shifts depending on whether experts addressed

13  an issue in opening or rebuttal reports. As a matter of law, Plaintiffs bear the burden on their

14  prima facie case for causation and Defendants bear the burden of proof on a superseding cause

15  defense.

16          Defendants allude to the fact that Plaintiffs retained Dr. Femia in January 2023 and refer

17  to prejudice. Opp. at 2, 6, 8. But neither the date of Dr. Femia's retention as a consultant nor any

18  potential prejudice goes to the applicable legal standard—whether Dr. Femia properly rebuts Mr.

19  Cossart on the same subject matter. Dr. Femia's report is a proper reply.

20          **2.**     **Dr. Femia's report is also proper due to late-produced documents.**

21          Defendants' own case holds that "a supplemental report can be appropriate in light of

22  newly discovered evidence—as opposed to new arguments or expert interpretations—where the

23  party seeking to supplement the report is not at fault for failure to identify the evidence earlier."

24  *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, 2018 WL 1938555, at *4 (N.D. Cal. Apr. 25,

25  2018) (internal quotation marks and citation omitted). In January 2024, one year after the close

26  of fact discovery and without any agreement between the parties, Defendants produced new

27  documents concurrently with Mr. Cossart's report, and Mr. Cossart relied on these late-produced

28

10

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

1    documents.³ Mot. at 19. These late-produced documents showed that ████████████████

2    ████████████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████. *Id.*

4    This resolution reveals the nature of the issue: ████████████████████████████

5    ████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████. The late-produced

7    documents made clear that ████████████████████████████████████████████

8    ████████████████████████████████████████████████.

9        Defendants argue that the Order was correct to find that Dr. Femia did not rely on the

10    late-produced documents. Opp. at 12. But one of Dr. Femia's most critical opinions is that ████

11    ████████████████████████████████████████. Ex. A, Femia Reply

12    ¶ 15. Dr. Femia explicitly relies on the late-produced documents in drawing this conclusion. *Id.*

13    ¶¶ 63-67. Defendants contend that ███████████ is not relevant to this opinion, but Dr. Femia's

14    basis for concluding that ████████████████████████████████████████████████

15    ████████████████████████. *Id.* Defendants assert that ████████████████

16    █████ is not relevant to this opinion, but they concede in the same paragraph that ████████

17    ████████████ was part of the "additional support for this conclusion . . . ." Opp. at 12. Dr.

18    Femia concluded that ████████████████████████████████████████

19    ████████████████████████████████████████. Mot. at 20-21. The

20    Order clearly erred by finding that ████████████████████████████████████████

21    ████████████████████ Order at 10, and Dr. Femia's report is proper for the independent reason that

22    he relied on the late-produced documents for the core opinions in his report.⁴

23        In yet another waiver argument, Defendants contend that Plaintiffs did not argue below

24    that FDA approval was important to Dr. Femia's opinions, though Defendants also concede in

---

³ Defendants state that their January 2024 production was pursuant to a request by Plaintiffs in February 2023. Opp. at 11 n.5. In reality, Plaintiffs stated in February 2023 that in the future they were going to request updated productions, but never actually did so.

⁴ Defendants served a new expert report and a new declaration with their motion to decertify. ECF Nos. 708-2, 708-4. They cannot reconcile their position that these new materials are proper with their position that Dr. Femia's report is not.

the same paragraph that Plaintiffs did so. Opp. at 11-12. Plaintiffs have consistently argued that both Exhibit S ███████████████ and Exhibit T ███████████████ were important to Dr. Femia's opinions. *See* Opp. Ex. 4 at 4; Opp. Ex. 2 at 38:12-19, 39:20-43:20; Mot. at 19-20. Defendants point out that Plaintiffs spent more time on Exhibit S at oral argument, but Plaintiffs did so to correct Defendants' misrepresentation that Exhibit CC and Exhibit S were the same. Opp. Ex. 2 at 21:3-6, 39:20-43:20; *see also* Opp. Ex. 5 at 1.

**D.      Dr. Davitz's supplemental opinion is proper (Ex. D, Davitz Reply ¶¶ 318-322).**

Defendants' rationale for striking Dr. Davitz's *five-paragraph* supplement to his 1347-paragraph opening report—instead of using the six weeks available to them to submit a response—is that it does not align with the case schedule. But that is not how courts approach sanctions under Rule 37(c)(1). Courts analyze four factors to determine whether a late supplement is harmless. *Bowden v. Genie Indus. (a Terex Brand) Inc.*, 2024 WL 1756098, at *1 (9th Cir. Apr. 24, 2024). Applying these factors, courts routinely allow supplements when, as here, they were served far in advance of trial with ample opportunity to cure, and do not fundamentally alter the analysis other experts have already undertaken. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (affirming admission of expert report submitted more than three weeks before expert discovery cut-off and more than seven months before trial); *Soverns v. Delta Air Lines Inc.*, 2023 WL 2768431, at *2 (N.D. Cal. Apr. 3, 2023) (allowing expert report made months before trial); *Volterra Semiconductor Corp. v. Primarion, Inc.*, 2012 WL 5932733, at *6 (N.D. Cal. Nov. 27, 2012) (allowing revised damages report); *see also Gilley v. C.H. Robinson Worldwide, Inc.*, 2021 WL 2785333, at *5 (S.D.W. Va. July 2, 2021) (even if there was "some surprise, there is a clear opportunity to cure it without disruption of the trial"); *Lozano v. City of Hazleton*, 241 F.R.D. 252, 258 (M.D. Pa. 2007) (delayed report harmless in light of being well in advance of trial date); *Spray-Tek, Inc. v. Robbins Motor Transp., Inc.*, 426 F. Supp. 2d 875, 880–81 (W.D. Wis. 2006) (same).

Defendants argue Dr. Davitz's supplemental opinion prejudiced them because (1) they did not have an opportunity to respond and (2) they "wasted time and effort" responding to Dr. Davitz's original opinion regarding ███████████████. Opp. at 23. But Defendants

12

1    *declined* Plaintiffs' offer of a sur-reply, and their response to Dr. Davitz's original opinion was

2    to simply *agree* with it in five paragraphs of Dr. Davis's report. Ex. Y, Davis Rpt. ¶¶ 590-94.

3           Defendants do not credibly explain how they would have been prejudiced by accepting

4    Plaintiffs' offer of a sur-reply to the five-paragraph supplement at issue. Dr. Davitz provided his

5    supplemental opinion on March 8, 2024, more than seven months before trial. *Daubert* and

6    summary judgment briefs weren't due until *six weeks* after the dispute was first surfaced, which

7    was more than enough time to respond to five paragraphs (only two of which were substantive).

8    Mot. at 22-23. Mr. Davis, Defendants' patent expert, already independently analyzed

9    infringement of the '963 patent and was aware of the multiple-database issue—which is the only

10    subject of Dr. Davitz's supplemental opinion. ECF No. 684-1 at 41; J.D. Ex. 23, Davis Dep.

11    261:2-262:16, 268:9-269:10. Plaintiffs represented that they wouldn't seek to re-depose

12    Defendants' expert on the sur-reply. Opp. Ex. 4 at 10. Defendants *chose* to proceed with motion

13    practice instead of responding to the supplemental paragraphs. Defendants attempt to

14    manufacture prejudice by claiming that Plaintiffs' offer would have required revising the

15    schedule to "re-depose" Dr. Davitz and "incorporate that discovery into their concurrently

16    drafted *Daubert* and summary judgment briefing[,]" Opp. at 23, but Defendants actually deposed

17    Dr. Davitz more than a month *after* he submitted the reply report, and Defendants questioned

18    him about the supplemental opinion. The supplement is harmless and could have been addressed

19    in a fraction of the time that the parties have spent briefing and arguing this issue.

20           Defendants' cases presented circumstances that are not remotely the same as the

21    circumstances here. In *High-Tech*, the expert failed to respond to a criticism of his analysis—

22    *even after the Court invited him to do so*—in four prior reports, instead waiting until the fifth and

23    final report to introduce a new regression analysis, and leaving the opposing expert no chance to

24    rebut because expert discovery had closed. *In re High-Tech Emp. Antitrust Litig.*, 2014 WL

25    1351040, at *9-12 (N.D. Cal. Apr. 4, 2014). In *Oracle*, the two stricken reply reports were from

26    a new damages expert and: (1) were duplicative of two other reply reports submitted by another

27    damages expert (who submitted opening reports); (2) came after expert depositions; (3) came

28    after the other damages expert had been partially excluded pursuant to a *Daubert* motion and

13

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

1  submitted a revised report; and (4) came just before the final pretrial conference. *Oracle Am.,*

2  *Inc. v. Google Inc.*, 2011 WL 5572835, at *1-3 (N.D. Cal. Nov. 15, 2011). In *Rovid*, a case

3  relating to the cause of a child's death in a play pen, the expert's reply report pivoted to a new

4  theory that the expert apparently had in mind but inexplicably did not include in his initial report.

5  *Rovid v. Graco Children's Prod. Inc.*, 2018 WL 5906075, at *9-10 (N.D. Cal. Nov. 9, 2018).

6       Finally, the suggestion that Plaintiffs willfully omitted the two-paragraph ████████

7  ███████████████████████  in Dr. Davitz's opening report has no basis—and makes no sense.

8  Opp. at 23. Plaintiffs had no conceivable reason to strategically hold back Dr. Davitz's corrected

9  opinion at the risk of having the opinion stricken and offering up cross-examination fodder for

10  Defendants. More importantly, Dr. Davitz clearly explained what happened: ████████████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ██████████████  Ex. D, Davitz Reply ¶¶ 318-20. Having been alerted to the issue, Dr. Davitz

15  then did what Rule 26(e) requires: to supplement "'if the party learns that in some material

16  respect the disclosure . . . is incomplete or incorrect' . . . ." *Luke v. Family Care Urgent Med.*

17  *Clinics*, 323 F. App'x 496, 500 (9th Cir. 2007) (citation omitted).

18       In the end, under the relevant legal analysis, any prejudice Defendants can muster as to

19  the five-paragraph supplement in question was and continues to be easily curable, and the

20  draconian sanction of striking a supplement made in compliance with Rule 26(e) months before

21  trial is not warranted here.

22  **E.   Plaintiffs' experts' ██████████ opinions are proper (Ex. E, Morrato Reply**

23  **¶¶ 58-61; Ex. F, Lessem Reply ¶ 38; Ex. B, Allen Reply ¶ 72).**

24       The Order struck several other opinions on the ground that those experts cited Dr.

25  Davitz's supplemental opinion. Mot. at 24-25. If the Court reverses the Order with regard to Dr.

26  Davitz's supplemental opinion, it should reverse for these other opinions as well. Defendants do

27  not argue otherwise. But even if the Court does not reverse as to Dr. Davitz, it should reverse as

28  to these other opinions because they do not depend on Dr. Davitz's supplemental opinion.

1     Dr. Morrato and Mr. Lessem cited Dr. Davitz's supplemental opinion as one of several

2   sources showing that ███████████████████████████████████████████████████████████

3   ███████████████████████████████████████████████████. Mot. at 24. Defendants

4   contend—for the first time on opposition—that this conclusion derives from *only* Dr. Davitz's

5   supplemental opinion, Opp. at 24-25, but they do not engage with any of the other sources that

6   Dr. Morrato and Mr. Lessem cited. For example, Dr. Morrato cites ████████████████████

7   ████████████████████████████████████████████████████████████████████ Ex. E,

8   Morrato Reply ¶ 57. Dr. Morrato also cites Dr. Davitz's *opening* report and Mr. Davis's rebuttal

9   report in relation to ██████████████████████████████████████████████████████████

10  ████████████████████. *Id.* ¶ 58. Mr. Lessem likewise states that ███████████████

11  ██████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████████

13  █████████████████████████████ Ex. F, Lessem Reply ¶ 38. Dr. Davitz's

14  supplemental opinion is merely additional support for Dr. Morrato's and Mr. Lessem's opinions,

15  which stand based on the other sources that they cite even without Dr. Davitz's supplemental

16  opinion.

17     Similarly, almost none of paragraph 72 of Mr. Allen's reply report depends on Dr.

18  Davitz's supplemental opinion. Defendants focus on the statement that ████████████████

19  ████████████████████████████████████████████████████████████

20  ██████████████████████████████████████████████████████ but without Dr.

21  Davitz's supplemental opinion, this statement would only have to be modified to begin █████████

22  ████████████████████████████████ *See* Ex. J, Davitz Rpt. ¶ 1038 (opining that ██

23  ████████████████████████████████████████████████████████████). Striking

24  this paragraph in its entirety is improper when a slight modification would be sufficient (if Mr.

25  Davitz's supplemental opinion is stricken).

26  **III.  <u>Conclusion</u>**

27     For the reasons set forth above, Plaintiffs respectfully request that the Court order that

28  Defendants' motion to strike is denied as to the opinions discussed above.

15

Dated: June 28, 2024

Respectfully submitted,

By: */s/ Dena C. Sharp*

Dena C. Sharp (State Bar No. 245869)
Scott Grzenczyk (State Bar No. 279309)
Tom Watts (State Bar No. 308853)
Jordan Isern (State Bar. No. 343159)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
scottg@girardsharp.com
tomw@girardsharp.com
jisern@girardsharp.com

By: */s/ Michael M. Buchman*

Michael M. Buchman (*pro hac vice*)
**MOTLEY RICE LLC**
777 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 577-0050
mbuchman@motleyrice.com

*Co-Lead Class Counsel*

By: */s/ Judith A. Zahid*

Judith A. Zahid (SBN 215418)
Eric W. Buetzow (SBN 253803)
Heather T. Rankie (SBN 268002)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
jzahid@zellelaw.com
ebuetzow@zellelaw.com
hrankie@zellelaw.com

James R. Martin (SBN 173329)
Jennifer Duncan Hackett (*pro hac vice*)
**ZELLE LLP**
1775 Pennsylvania Avenue, NW,
Suite 375
Washington, D.C. 20006
Tel: (202) 899-4100
jmartin@zellelaw.com
jhackett@zellelaw.com

Hamish P.M. Hume (*pro hac vice*)
Eric J. Maurer (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW

16

Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com

Beko O. Reblitz-Richardson (SBN 238027)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
brichardson@bsfllp.com

*Attorneys for Plaintiff United HealthCare Servic*
*Inc.*

By: */s/ Matthew S. Weiler*
Todd M. Schneider (State Bar No. 158253)
Jason H. Kim (State Bar No. 220279)
Matthew S. Weiler (State Bar No. 236052)
J. Caleigh Macdonald (State Bar. No. 302592)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
TSchneider@schneiderwallace.com
KJKim@schneiderwallace.com
MWeiler@schneiderwallace.com
JMacdonald@schneiderwallace.com

Peter D. St. Phillip (admitted *pro hac vice*)
Noelle Ruggiero (admitted *pro hac vice*)
Uriel Rabinovitz (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
PStPhillip@lowey.com
NRuggiero@lowey.com
URabinovitz@lowey.com

*Attorneys for Plaintiffs Humana Inc., Health*
*Care Service Corporation,*
*Molina Healthcare, Inc., Blue Cross Blue*
*Shield of Florida, Inc. and Health Options,*
*Inc.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

1

**<u>ATTESTATION</u>**

2

     I, Dena C. Sharp, am the ECF User whose identification and password are being used to

3

file this Motion for Class Certification Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of

4

perjury that concurrence in this filing has been obtained from all counsel.

5

6

Dated:  June 28, 2024                        /s/ *Dena C. Sharp*

7

                                      Dena C. Sharp

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the under-seal documents to be served via electronic mail on defense counsel.

/s/ *Dena C. Sharp*
Dena C. Sharp

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
CASE NO. 20-MD-2966-RS