United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | Case No. 20-md-02966-RS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION** |

There is a basic principle that the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). There is, thus, a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption applies to records that relate to motions more than "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). To overcome this presumption, a party must show "compelling reasons supported by specific factual findings" and that these reasons "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (cleaned up). For records to which this "compelling reasons" standard does not apply, the less-stringent "good cause" standard requires a particularized showing of the "specific prejudice or harm" that will result absent sealing. *Foltz*, 331 F.3d at 1130.

In April, the parties stipulated that, for efficiency purposes, the public versions of the expert and fact deposition transcripts in this case would include only those excerpts cited to in the

parties' motion practice. *See* Dkt. 652. The parties have filed complete versions of those transcripts, as well as complete versions of the parties' expert reports, under seal on the Court's docket in accordance with this stipulation. Defendants now seek permission to file on the public docket only those excerpts of their expert reports cited in the parties' summary judgment and *Daubert* briefs. They assert that the majority of the "pages in the expert reports filed conditionally under seal have no bearing on the pending summary judgment or *Daubert* motions" because they were not cited in those motions. Dkt. 724, at 3.

There is no issue with, for the time being, the parties filing their sealing motions (and accompanying proposed redactions) only for the excerpts of their expert reports cited in the parties' underlying briefing. The public's right to access court records, however, precludes the parties from leaving complete versions of their expert reports and depositions on the public docket, under seal, in perpetuity. If the parties wish to keep complete versions of those documents on the docket, they will eventually have to file public versions of those documents and, as appropriate, move to seal only those sections of the documents that are properly sealable.

**IT IS SO ORDERED**.

Dated: July 12, 2024

_____
RICHARD SEEBORG
Chief United States District Judge