Matthew H. Ladner (State Bar No. 284594)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 S. Grand Ave., Suite 3400
Los Angeles, CA  90071
Telephone:  213.928.9800
Facsimile:  213.928.9850
Email:  matthew.ladner@troutman.com

Attorneys for Non-Party
AMNEAL PHARMACEUTICALS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | MDL No 3:20-md-02966-RS<br><br>**NON-PARTY AMNEAL PHARMACEUTICALS LLC's STATEMENT IN SUPPORT OF THE CONTINUED SEALING OF COURT ORDERS** |

Pursuant to Civil Local Rules 7-11 and 79-5 of the U.S. District Court for the Northern District of California, and pursuant to the Court's Order at ECF No. 652, Non-Party Amneal Pharmaceuticals LLC ("Amneal") respectfully submits this Statement in Support of Continued Sealing of portions of the Orders issued by the Court at ECF No. 777, ECF No. 778, and ECF No. 779 (the "Orders"). Amneal respectfully requests that the Court keep sealed and/or redacted those portions of these Orders identified in the chart attached to this statement as Exhibit A.

By way of background, Amneal, a former party to this litigation, was voluntarily dismissed after settling with both Class Plaintiffs and Opt-Out Plaintiffs. *See* ECF Nos. 588 and 589. Notwithstanding, some of the documents referenced above contain explicit references to highly sensitive information involving Amneal. The references fall into three general categories: (1) communications and documents involving regulatory filings and Risk Evaluation and Mitigation Strategies ("REMS"); (2) communications and documents involving negotiation of and/or reference to the terms of settlements entered into between Defendant Jazz Pharmaceuticals, Inc. ("Jazz") and Amneal; and (3) communications and documents involving sensitive pricing, cost, or other financial information of Amneal.[1]

In this Statement, Amneal sets forth the legal justifications for the sealing of the information contained in these four categories. In the chart appended as Exhibit A, Amneal sets forth the portions of each filing that it wishes to maintain under seal and/or redaction. The rightmost column of that chart supplies the basis for Amneal's request to maintain that document under seal, which corresponds to the legal bases discussed below.

**I.     Discussion**

"[A]ccess to judicial records is not absolute." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir 2006). Indeed, the Federal Rules of Civil Procedure recognize that certain non-public, commercially sensitive documents should be protected from disclosure by providing courts broad discretion to seal portions of filed materials. Fed. R. Civ. P. 26(c)(1)(g). A court may so seal to protect various categories of information, including "trade secret[s] or other confidential

---

[1] For ease of reference, Amneal refers to the categories, in short, as follows: (1) REMS/Regulatory, (2) Settlement Terms, Negotiations, and Strategies, and (3) Sensitive Financial Information.

-1-
NON-PARTY AMNEAL PHARMACEUTICALS LLC'S STATEMENT IN SUPPORT OF THE CONTINUED
SEALING OF PORTIONS OF THE PARTIES' SUMMARY JUDGMENT AND *DAUBERT* SUBMISSIONS

research, development, or commercial information." *See id.* Where documents and information are "more than tangentially related to the underlying cause of action," courts in the Ninth Circuit use a "compelling reasons" standard to evaluate a request to seal. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

As more fully set forth below, Non-Party Amneal has compelling reasons for requesting that this Court continue to keep sealed and/or redacted the documents set out in Exhibit A.

### A. REMS/Regulatory Information

Documents and communications in this category involve highly confidential submissions made to the FDA regarding (1) a shared REMS program, for which manufacturers including Amneal are still seeking approval, as well as (2) Amneal's Abbreviated New Drug Application ("ANDA") for sodium oxybate, for which Amneal is still seeking approval. These documents also involve discussions by and between Amneal, Jazz, and other party and non-party generic drug manufacturers involving business determinations, legal strategies, and regulatory strategies, regarding the creation of the shared REMS.

As this Court is aware, to initiate a REMS program, sponsors of Abbreviated New Drug Applications ("ANDAs") must communicate highly confidential regulatory, business, and legal strategies to the FDA. Courts routinely permit sealing of confidential communications with—and submissions to—the FDA regarding a company's regulatory, business, and legal strategies. *See In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2016 WL 4191612, at *27 (N.D. Cal. Aug. 9, 2016) (sealing portions of exhibits that disclosed generic's "business strategy on launching new products and its regulatory strategy with respect to the FDA"); *In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13-md-2452-AJB, 2021 WL 873290, at *1–2 (S.D. Cal. Mar. 9, 2021) (granting Defendants' motion to seal confidential documents, including "confidential FDA communications"); *Edwards Lifescis. Corp. v. Meril Life Scis. PVT Ltd.*, No. 19-cv-06593-HSG, 2020 WL 6118533, at *11 (N.D. Cal. Oct. 16, 2020) (collecting cases sealing submissions to FDA). Accordingly, all such communications with or to the FDA, whether they involve discussions of the REMS program or Amneal's efforts to obtain approval of an ANDA for sodium oxybate, should remain sealed.

Additionally, those communications by and between pharmaceutical manufacturers concerning REMS programs should remain under seal.  While those communications are not directly with the FDA, they represent the work product that precedes FDA communications.  In other words, the communications by and between the various sponsors to the sodium oxybate REMS program represent the historical thinking and continued efforts to create and maintain a sodium oxybate REMS.

The same is true of documents and communications involving Amneal's ANDA.  Because Amneal is engaged actively engaged in seeking ANDA approval, disclosure of the communications and documents that encompass discussions of regulatory, legal, and business strategy regarding the REMS program and/or its ANDA would frustrate and jeopardize continued efforts to develop and implement these strategies.

Indeed, in recognition of these principles, this Court has previously granted sealing of information of this sort.  *See* ECF No. 468.  Accordingly, Amneal respectfully requests that this Court maintain under seal the information in Exhibit A that involves discussion of the REMS, Amneal's ANDA, or other regulatory, legal, or business strategies.

**B.  Settlement Terms, Negotiations, and Strategies**

Documents and communications in this category involve discussion by and between Amneal and Jazz regarding the settlement of the underlying patent litigation.  These documents also include discussion of settlement strategy, litigation analysis, and copies of the settlement agreements themselves.

Courts in this Circuit routinely permit sealing of information involving confidential agreements and discussions regarding the same.  *Finistar Corp. v. Nitisca, Inc.*, No. 13-cv-03345-JSC, 2015 WL 39988132, at *5 (N.D. Cal. June 30, 2015); *see Hadley v. Kellogg Sales Co.*, 2018 U.S. Dist. LEXIS 224314, at *6–7 (N.D. Cal. Sept. 5, 2018) (granting motion to seal information regarding "business strategies and internal decisionmaking, product formulations, and confidential finances"); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, [and] details of confidential licensing negotiations" were sealable confidential business information); *cf. In re Elec. Arts, Inc.*,

-3-
NON-PARTY AMNEAL PHARMACEUTICALS LLC'S STATEMENT IN SUPPORT OF THE CONTINUED SEALING OF PORTIONS OF THE PARTIES' SUMMARY JUDGMENT AND *DAUBERT* SUBMISSIONS

298 F. App'x 568, 569 (9th Cir. 2008) (directing the grant of petitioner's motion to file under seal a negotiated licensing agreement). To be sure, this Court has previously granted requests in this litigation to seal settlement agreements. *Seem e.g.*, ECF No. 510.

With respect to Amneal, the interest in maintaining these documents under seal is heightened, particularly because Amneal is actively marketing an authorized generic version of sodium oxybate under the very terms of these agreements, and may in the future launch its own version of sodium oxybate pursuant to the same. Disclosure of the information within these agreements would cause Amneal both financial and reputational harm. Accordingly, Amneal respectfully requests that this Court maintain under seal the information in Exhibit A that involves the settlements agreements, their terms, or the negotiation thereof.

**C. Sensitive Financial Information**

Documents and communications in this category involve financial forecasts, assessments, analyses, budgeting, and pricing information. Courts routinely permit sealing of documents that contain this sort of highly sensitive financial information. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *3 (N.D. Cal. Apr. 6, 2016) (sealing "financial information relating to prices, customers, and forecasts"); *Asuragen, Inc. v. Accuragen, Inc.*, No. 16-cv-05440-RS, 2018 WL 4855435, at *2 (N.D. Cal. Jan. 30, 2018) (sealing "business presentation" containing "confidential business strategies" and "email exchange" regarding "business strategies and development plans"); *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 11503423, at *2 (N.D. Cal. May 1, 2017) (sealing confidential financial information); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2017 WL 772613, at *2 (N.D. Cal. Nov. 29, 2017) (sealing pricing information). The Court should seal these portions to "prevent competitors from gaining insight into [Jazz's and/or Hikma's] business model and strategy." *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

To be sure, this Court has previously granted requests in this litigation to seal documents containing such financial information. *See, e.g.*, ECF No. 510.

In this instance, Amneal's interest in maintaining these documents under seal is heightened by the fact that Amneal is actively marketing an authorized generic sodium oxybate product. Accordingly, disclosure of this sensitive financial information would cause Amneal both great economic and great reputational harm. Thus, Amneal respectfully requests that this Court maintain under seal the information in Exhibit A that involves its sensitive financial information.

*   *   *

No less restrictive means exist for maintaining confidentiality over these particular documents. Defendants reserve all rights to request sealing of additional material or correct mistakes in sealing designations, which, if discovered, they will promptly submit to the Court.

## II. Conclusion

For all of the reasons set forth above, Amneal respectfully requests that this Court maintain under seal those portions of the Orders identified in Exhibit A.

Respectfully submitted,

DATED: August 23, 2024

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/Matthew H. Ladner
Matthew H. Ladner

Attorneys for Non-Party
AMNEAL PHARMACEUTICALS LLC

# EXHIBIT A

# EXHIBIT A

| ECF No. | Document | Pin Cite of Requested Redactions | Designating Party | Reason for Sealing |
|---|---|---|---|---|
| ECF 778 | Order on Motions to Exclude | • 25 n.15 | Jazz, Hikma, Amneal, Lupin, Teva, Par, Sun | REMS/Regulatory |
| ECF 778 | Order on Motions to Exclude | • 14:17-18<br>• 16:2-3 | Jazz, Hikma, Par, Lupin, Amneal | Settlement Terms, Negotiations, and Strategies |
| ECF 779 | Orders on Motions for Summary Judgment | • 19:8 | Amneal, Jazz, Lupin, Par | Settlement Terms, Negotiations, and Strategies |
| ECF 779 | Orders on Motions for Summary Judgment | • 23:23-24 | Amneal, Lupin, Par | Settlement Terms, Negotiations, and Strategies, Sensitive Financial Information |
| ECF 779 | Orders on Motions for Summary Judgment | • 23:26-27 | Amneal, Jazz, Lupin, Par | Sensitive Financial Information |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Civil Action No. 3:20-md-02966-LHK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

The Court, having reviewed Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Administrative Motion"), *see* Dkt. (ECF No. TBD), the statement in support thereof filed by Non-Party Amneal Pharmaceuticals LLC, and for good cause appearing, **IT IS HEREBY ORDERED THAT**:

    1.    The Administrative Motion, Dkt. (ECF No. TBD), is **GRANTED in part**; and

    2.    The indicated portions of each document identified in Exhibit A shall be maintained under Seal by the Clerk of Court.

**IT IS SO ORDERED.**

DATED: _____

    Honorable Richard Seeborg
    United States Chief District Judge

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **STATEMENT OF NON-PARTY AMNEAL PHARMACEUTICALS LLC IN SUPPORT OF SEALING CONFIDENTIAL INFORMATION** with the Clerk of Court for the United States District Court, Northern District of California by using the Court's CM/ECF system on August 23, 2024.

I certify that all participants in the case are registered CM/ECF users and that the service will be accomplished by the Court's CM/ECF system.

I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on August 23, 2024, at Irvine, California.

_____
Janine Philips