[*Submitting counsel on signature page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Class Actions | Case No. 3:20-md-02966-RS-SVK<br><br>**PLAINTIFFS' STATEMENT REGARDING MOTION FOR PRECLUSION**<br><br>Date: October 28, 2024<br>Time: 1:30 PST<br>Location: Courtroom 3, 17th Floor<br><br>Hon. Richard Seeborg |

Pursuant to the Court's direction at the August 22, 2024, hearing for each side to provide a five-page statement regarding the process for resolving issues raised by Plaintiffs' prior motion for preclusion ("Preclusion Motion") (ECF No. 700), Plaintiffs[1] hereby respectfully submit the following statement.

Plaintiffs request that the Court enter an order requiring Defendants to prepare a list of all subjective beliefs that they intend to assert, or wish to preserve the ability to assert, at trial related to the topics identified in Plaintiffs' Preclusion Motion. Those topics are as follows:

1. Defendants' beliefs about the merits of the patents and the outcome of the patent litigation;
2. Defendants' reasons and/or explanations for entering into the settlement agreements;
3. Defendants' beliefs about the settlement agreements and the effect that the agreements would have on competition;
4. Defendants' beliefs about the structure and approval of a REMS for Xyrem or any generic version of Xyrem; and
5. Hikma's views regarding the challenges in setting up a generic sodium oxybate REMS.

The disclosure would be required regardless of how the belief is presented, whether:

- By a fact witness testifying about his or her personal belief, any other person's belief, or Jazz or Hikma's view as a company;
- By an expert witness testifying about what any person, or Jazz and Hikma generally, believed or would have believed in light of particular facts or events;
- By a lawyer making assertions about what any person, or Jazz and Hikma generally, believed or would have believed in light of particular facts or events; or
- Any other belief otherwise presented in the disclosure.

To the extent that Defendants take the position that any of the above forms of disclosure would not implicate any preclusion or implied waiver concerns, that assertion is best addressed in the context

---

[1] For purposes of this Statement, "Plaintiffs" refers only to the following Plaintiffs for whom trial will be held before this Court: Class Plaintiffs, Humana Inc., Health Care Service Corporation, and Molina Healthcare, Inc.

of Plaintiffs' renewed motion, rather than by limiting the scope of the beliefs that Defendants should disclose in the first instance.

After Defendants make their disclosures, Plaintiffs will likely respond by filing a renewed motion for preclusion that focuses on Defendants' disclosed beliefs.

Plaintiffs propose this approach for three reasons. *First*, it will ensure that the evidence is presented at trial in a manner consistent with longstanding Ninth Circuit authority that prevents a privilege holder from using privilege as both a sword and a shield. As Plaintiffs described in their Preclusion Motion (ECF No. 700 at 5), a privilege holder may not invoke a privilege, while also making an assertion that puts the privileged information at issue when maintaining privilege would unfairly prevent the opponent from accessing to highly relevant information to test the claimed defense and the veracity of the belief itself. *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)); *accord United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). If the record "establishes that the subjective belief was also informed by attorney advice," it would be "unfair" not to allow Plaintiffs to "test the veracity" of Defendants' non-legal justifications and subjective beliefs. *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2016 WL 4191612, at *6 (N.D. Cal. Aug. 9, 2016). The process Plaintiffs propose here sets up a framework now, ahead of trial, to determine (a) what subjective beliefs are at issue and (b) whether the record establishes that the assertion of those beliefs would be unfair and prejudicial given Defendants' privilege withholdings.

*Second*, the framework Plaintiffs propose mirrors the framework successfully used by Judge Orrick in *In re Lidoderm Antitrust Litig.*, Case No. 3:14-md-02521-WHO (N.D. Cal.). In *Lidoderm* the plaintiffs moved for production or preclusion on five subjective beliefs (which were similar to those raised by Plaintiffs in this case):

    (a) Endo's assessment of the strength of the relevant patents and its expectations concerning the outcome of the patent litigations;

    (b) Endo's reasons, explanations and intentions for the Payments, and its beliefs about the impact the Payments would have on competition;

    (c) Endo's beliefs about Watson's final ANDA approval and an at-risk launch by Watson;

- 2 -

PLAINTIFFS' STATEMENT REGARDING MOTION FOR PRECLUSION
CASE NO. 3:20-md-02966-RS-SVK

    (d) Endo's reasons or incentives, if any, for agreeing to a generic entry date before September 2013; and

    (e) Endo's intention to launch an authorized generic version of Lidoderm.

No. 3:14-md-02521-WHO, Order, ECF No. 350 at 1 (Dec. 3, 2015). Judge Orrick initially denied that motion without prejudice, while providing guidance that the defendants could maintain privilege only if they "continue to avoid reliance on their subjective beliefs." *Id*. at 3. That posture is similar to the posture of this case currently: the Court has recognized that the unique nature of this litigation is likely to raise at-issue waiver concerns at trial (Aug. 22, 2024, Hr'g Tr. at 61-62), but has denied an initial motion by Plaintiffs without prejudice in favor of a more targeted motion at a later point.

  The next step Plaintiffs ask this Court to take is precisely the same as the next step taken in *Lidoderm*: issuing an order (1) requiring defendants to "identify *all* subjective beliefs that they intend to introduce or rely on at trial" on the five topics from the plaintiffs' initial motion, and (2) precluding any subjective beliefs that were not disclosed, absent good cause. No. 3:14-md-02521-WHO, Minute Order, ECF No. 435 at 3 (Apr. 5, 2016) (attached hereto as Ex. 1 to Grzenczyk Decl.). The *Lidoderm* defendants made their disclosures several weeks after issuance of the order, which was several months before the scheduled trial date. *See id*., ECF Nos. 463-2, 463-3, and 463-4 (May 4, 2016) (defendants' disclosures in *Lidoderm*) (attached hereto as Exs. 2–4 to Grzenczyk Decl.). The *Lidoderm* plaintiffs filed a renewed motion shortly thereafter, which the court largely granted. *Lidoderm*, 2016 WL 4191612 at *21.

  The *Lidoderm* approach — ordering defendants to state their subjective beliefs on specified topics prior to briefing — is an effective and efficient mechanism to balance the interests of the parties and to resolve the admittedly thorny privilege issues here. There, as here, the privilege issues were inherent to the nature of the claims: "when the record shows that attorney-client advice played a significant role in formulating a party's subjective beliefs on central issues in the case, the adversaries are entitled to disclosure of the otherwise privileged material to test the credibility of those subjective beliefs." *Lidoderm*, 2016 WL 4191612, at *1–2. And there, as here, to effectively evaluate what the

- 3 -
PLAINTIFFS' STATEMENT REGARDING MOTION FOR PRECLUSION
CASE NO. 3:20-md-02966-RS-SVK

record shows as to a particular subjective belief required the defendant to affirmatively state their respective subjective beliefs.[2]

Were the Court to enter a similar order here, the parties could timely and efficiently brief a renewed preclusion motion that is based on the prior briefing and tailored to the subjective beliefs Defendants identify.

*Third*, Plaintiffs' proposal is workable and practical in this case, and will ensure a fair presentation of the evidence to the jury. Fact discovery is closed, and summary judgment and *Daubert* motions have been resolved. By this point Defendants know, or should know, which of their subjective beliefs are at issue in the case. In *Namenda*, the parties were still in fact discovery when they provided their subjective beliefs. *Namenda*, 2017 WL 2226591 at *2, 5 (one month before close of fact discovery). The *Lidoderm* order to disclose subjective beliefs came less than three months after the close of fact discovery. The approach Plaintiffs propose here maximizes judicial efficiency by narrowing the dispute to only the subjective beliefs Defendants will actually raise at trial. Should the Court grant Plaintiffs' motion, the parties still have ample time ahead of trial to clarify any uncertainty about what subjective beliefs are precluded, as occurred in *Lidoderm*. *See*, *e.g.*, Grzenczyk Decl., Ex. 5.

To the extent Defendants suggest that preclusion or the issues related to it have been previously resolved, that is incorrect. While Magistrate Judge van Keulen has previously entered an order regarding privilege issues related to subject belief assertions (ECF 507), that order was appealed to Judge Seeborg who has since directed the course of the proceedings concerning this matter. And while Magistrate Judge van Keulen has also entered orders regarding Defendants' privilege invocations as to a small number of documents (*e.g.* ECFs 385, 429), Plaintiffs' preclusion positions do not challenge whether Defendants' privilege assertions were properly made. Instead, Plaintiffs now seek an order precluding Defendants from making assertions at trial that would have been informed by (or cannot be adequately

---

[2] The *Lidoderm* approach has been applied in other antitrust cases. The court in *Namenda*, citing explicitly to *Lidoderm*, ordered the defendant to disclose its subjective beliefs about its legal analysis of the patent merits and mental processes during settlement negotiations one month before the close of fact discovery. *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 2226591, at *2, 5 (S.D.N.Y. May 19, 2017).

or fairly challenged without access to) the privileged information that Defendants withheld. Judge van Keulen has not entered any substantive rulings on this issue.

The parties conferred, and Defendants propose to continue deferring these issues until the parties exchange witness descriptions shortly before trial. According to Defendants, the descriptions they provide at that point would be sufficiently clear for Plaintiffs to determine whether to theoretically re-raise their motion. Defendants' proposal is flawed at least twice over. First, it repeats the mistake Defendants have made previously on this issue: they continue to treat Plaintiffs' motion as one for actual waiver. But that is not Plaintiffs' argument. Plaintiffs instead contend that the identified subjective beliefs were informed by attorney advice and that Defendants may not present those beliefs at trial while at the same time depriving Plaintiffs of the ability to fairly contest those beliefs given the substantial volume of evidence Defendants withheld on privilege grounds. Which leads to the second flaw in Defendants' proposal: it unnecessarily delays resolution of a key, threshold issue until the eve of trial. In the event the witness descriptions are vague as to the subjective belief issue (which seems likely given the track record here), the benefits of early resolution will be lost. And even if the descriptions are sufficiently particularized, there would be little time to complete all the attendant work and resolve the accompanying open issues before trial.[3] In any event, if Defendants are able to identify the subjective beliefs they and their witnesses intend to assert at trial, there is no reason for them not to do that now as opposed to six months from now.

Plaintiffs therefore respectfully request the Court enter Plaintiffs' Proposed Order, attached hereto, which directs Defendants to submit within 14 days of the Order a list of the subjective beliefs they may assert at trial.

---

[3] Defendants have also taken the position that the relevant caselaw gives them to option to waive privilege or to be precluded from presenting the subjective beliefs at issue. But kicking the can down the road that way offers no realistic path for the Court to resolve any motion Plaintiffs might file shortly before trial, for Defendants to potentially waive privilege and make a presumably substantial production of documents, which Plaintiffs would then need to review and likely take related depositions.

Dated: October 21, 2024

Respectfully submitted,

By: /s/ *Dena C. Sharp*
Dena C. Sharp (State Bar No. 245869)
Scott Grzenczyk (State Bar No. 279309)
Tom Watts (State Bar No. 308853)
Jordan Isern (State Bar. No. 343159)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
scottg@girardsharp.com
tomw@girardsharp.com
jisern@girardsharp.com

By: /s/ *Michael M. Buchman*
Michael M. Buchman
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, NY 10022
(212) 577-0040
mbuchman@motleyrice.com

*Co-Lead Counsel for Class Plaintiffs*

By: /s/ *Matthew S. Weiler*
Todd M. Schneider (State Bar No. 158253)
Jason H. Kim (State Bar No. 220279)
Matthew S. Weiler (State Bar No. 236052)
J. Caleigh Macdonald (State Bar. No. 302592)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
TSchneider@schneiderwallace.com
KJKim@schneiderwallace.com
MWeiler@schneiderwallace.com
JMacdonald@schneiderwallace.com

*Attorneys for Plaintiffs Humana Inc., Health Care Service Corporation, Molina Healthcare, Inc., Blue Cross Blue Shield of Florida, Inc. and Health Options, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ Peter D. St. Phillip*
Peter D. St. Phillip (admitted *pro hac vice*)
Noelle Ruggiero (admitted *pro hac vice*)
Uriel Rabinovitz (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
PStPhillip@lowey.com
NRuggiero@lowey.com
URabinovitz@lowey.com

*Attorneys for Plaintiffs Humana Inc., Health Care Service Corporation, and Molina Healthcare, Inc.*

**ATTESTATION**

I, Dena C. Sharp, am the ECF User whose identification and password are being used to file this Declaration. Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

Dated: October 21, 2024         */s/ Dena C. Sharp*
                                Dena C. Sharp

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also caused a copy of the under-seal documents to be served via electronic mail on defense counsel.

By: /s/ *Dena C. Sharp*
Dena C. Sharp