[*Counsel listed on signature page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | Case No. 3:20-md-02966-RS-SVK |

**JOINT CASE MANAGEMENT STATEMENT**

The parties have met and conferred and respectfully submit this Joint Case Management Statement in advance of the October 28 Case Management Conference.

## I.      MOTIONS

**A.      Motions Decided Since the Last Case Management Conference**

On August 16, 2024, the Court entered the following orders under seal (and subsequently entered redacted version on public docket on August 26, 2024):

- Order Granting in Part and Denying in Part Plaintiffs' Motion for Relief from Nondispositive Pretrial Order (ECF 799);
- Order on Motions to Exclude (ECF 800);
- Order on Motions for Summary Judgment (ECF 801); and
- Order on Sealing Requests (ECF 798) regarding the Court orders on Plaintiffs' motion for relief from nondispositive pretrial order, the parties' motions to exclude, and summary judgment.

On October 18, 2024, the Court entered an Order Denying Motion to Decertify Class, Granting Motion to Amend Class Definition, Granting Motion to File Supplemental Reports, and Denying Motion to Preclude Evidence (ECF 816) under seal, and directed the parties to provide any requests to seal any portions of the orders by October 28, 2024.

**B.      Pending or Anticipated Motions**

**1.      Plaintiffs' Motion for Preclusion**

At the August 22, 2024, conference, the Court directed the parties to submit letters regarding whether the Court should enter an order directing Defendants to identify the subjective beliefs they intend to rely on at trial. The parties submitted their statements on October 21, 2024. ECF 819, 820.

**2.      Certain Plaintiffs' Motion for Reconsideration**

On September 16, 2024, Plaintiffs Humana Inc., Health Care Service Corporation, Blue Cross Blue Shield of Florida, Inc. and Health Options, Inc. ("ASO Providers") filed a motion requesting that the Court reconsider the portion of its summary judgment order holding that "Defendants are entitled to summary judgment to the extent the ASO Providers assert claims on behalf of non-party

clients who were allegedly overcharged for Xyrem both on antitrust standing and capacity to sue grounds." ECF 811.

On October 18, 2024, the Court granted the ASO Providers' request for leave to submit their motion for reconsideration and permitted Defendants to file an opposition by November 8, 2024, and the ASO Providers to submit any reply by November 15, 2024. ECF 818.

Class Plaintiffs respectfully request the opportunity to submit a responsive pleading by November 8, 2024, not to exceed 5 pages, given that the entities the ASO Providers seek to represent are absent class members. Alternatively, Class Plaintiffs are prepared to rest on the prior briefing from January on the ASO Provider's Motion to For an Order Enforcing Certain Exclusion Requests (ECFs 571, 579, and 580) and would respectfully request that the Court consider and resolve that motion concurrently with the motion for reconsideration.

ASO Providers believe that Class Plaintiffs' request to file a brief supporting Defendants' summary judgment motion against the Class Plaintiffs' co-plaintiffs is an odd request.[1] However—without commenting on the propriety of such a request or whether Class Plaintiffs have standing to make any particular arguments—in the event Class Plaintiffs are granted leave to make such a submission, the ASO Providers respectfully request an additional 5 pages for their reply brief due November 15, 2024, to address any unique arguments raised by the Class.[2]

---

[1] As the Court may recall, Class Plaintiffs have already been heard on this issue as it pertains to them. The ASO Providers, and non-party Aetna, submitted exclusions from the Class on behalf of their respective ASOs and later filed a motion to enforce these exclusion requests. ECF 571. That motion has been fully briefed. *See also* ECFs 579 and 580. The Court approved the ASO Providers' and Class Plaintiffs' joint stipulation that excluded the ASO Providers' ASO Clients from the Settlement Class and deferred ruling on the motion to enforce the exclusion requests of those same ASO Clients from the Damages Class. ECF 641. ASO Providers will confer with Class Plaintiffs regarding renewing the motion to enforce their exclusion requests upon the Court issuing an order on the reconsideration motion.

[2] Regarding Class Plaintiffs alternative request that the Court resolve reconsideration and the Motion to Enforce Exclusion Requests concurrently, non-party Aetna emphasizes that it was not involved in, or bound by, the Court's summary judgment order on the ASO Providers' ASO claims—with no opportunity to enter record evidence regarding either its contractual rights or its purchases on behalf of its ASOs—and will be uninvolved in reconsideration. Aetna notes that it does not submit to the jurisdiction of this Court. Indeed, as Class Plaintiffs admitted, by withdrawing their request for a set-aside order as to Aetna (*see* ECF 564 at 3), this Honorable Court does not have subject matter

Defendants take no position on Class Plaintiffs' request to submit a responsive pleading. Defendants oppose, however, ASO Providers' request to *extend* the page limit of their reply brief in support of their motion for reconsideration. If the Court grants Class Plaintiffs' request to submit a responsive pleading and grants ASO Providers leave to respond to Class Plaintiffs' responsive pleading, Defendants would ask that ASO Providers' response be filed as a separate pleading.

### 3. Plaintiffs' Motion to File Supplemental Expert Report from Dr. Thomas McGuire

On August 7, 2024, Plaintiffs filed a motion to submit a supplemental expert report from Dr. Thomas McGuire. ECF 767. The motion is fully briefed.

### 4. Revised Motion to Seal Concerning Summary Judgment Briefing

During the August 22, 2024 conference, the Court directed the parties to provide their positions regarding the sealing of expert reports and expert deposition transcripts attached to the parties' summary judgment and *Daubert* briefing. The parties submitted their position statements on September 11, 2024. ECF 808, 809.

Separately, numerous third parties have submitted statements regarding the sealing of summary judgment and *Daubert* materials. ECF 781, 782, 783, 784, 785, 804, 805, 806. These statements do not address the sealing procedures at issue in the parties' position statements.

After receiving the Court's guidance on the parties' statements concerning the sealing of expert reports and expert deposition transcripts, the parties will submit a revised joint sealing chart and related administrative motion that reflects that guidance as well as the statements submitted by third parties.

### 5. Suggestion of Remand of Transferred Actions for Trial

Pursuant to 28 U.S.C. section 1407 and JPML Rule 10.1, Plaintiff United Healthcare Services, Inc. ("United") plans to ask the Court to issue a suggestion of remand to the JPML to initiate transfer of United's case back to the transferor court (the District of Minnesota) for trial now

---

jurisdiction over Aetna's claims as those are currently before the California Superior Court in Alameda County. *See Aetna, Inc. v. Jazz Pharms., Inc., et al.*, Superior Court of California in Alameda County, Case No. 22CV010951.

that all summary judgment and *Daubert* motions have been resolved.[3] In United's view, this Court's role as the MDL Court has been fulfilled and pretrial proceedings for United's case will be concluded upon the Court's resolution of the pending motion concerning Dr. McGuire's supplemental report (No. 3 above, ECF 767), which is the only pending motion applicable to United's action.[4]

Defendants plan to oppose United's request for a suggestion of remand. This case was transferred to this district for "pretrial proceedings," 28 U.S.C. § 1407, and in Defendants' view, substantial efficiencies would be achieved if the Court were to suggest a remand to the JPML after further pretrial proceedings are complete.

The parties will plan to brief the issue for the Court through a noticed motion.

## II. DISCOVERY

Fact discovery closed on January 30, 2023, except for certain trailing fact discovery that has since been completed. Expert discovery is closed, except for the pending motions to supplement certain expert reports.

## III. CASE SCHEDULE

Given the deferral of the trial date before this Court, the parties to the actions to be tried in this District are meeting and conferring regarding a revised schedule for pretrial exchanges prior to submission of the Final Pretrial Conference Statement and related documents (*i.e.* proposed jury instructions, exhibit lists, deposition designations, etc.).

---

[3] As provided in the JPML Rules, issuance of a suggestion of remand is the ordinary procedure for initiating the remand process for a case such as United's that was transferred pursuant to the MDL statute, 28 U.S.C. § 1407, for pretrial purposes. *See* JPML R. 10.1(b) ("Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel.").

[4] United is not a party to the pending reconsideration motion filed by other individual plaintiff entities (No. 2 above, ECF 811). Blue Cross Blue Shield of Florida, Inc., and Health Options, Inc. ("Florida Blue") is a party to reconsideration and will seek remand to the Middle District of Florida when its pending motions are resolved. A footnote in various plaintiffs' Statement Regarding the Motion for Preclusion inadvertently included Florida Blue as a plaintiff for whom trial will be held before this Court. ECF 819 at n. 1. To clarify, Florida Blue disclaims its inadvertent inclusion in that footnote and notes that does not waive its right to remand to the transferor court.

Plaintiffs believe that resolution of certain threshold legal issues—for example, if and in what context the jury must decide whether Plaintiffs have proven a large and unjustified reverse payment, or the appropriate standard for causation—prior to the submission of the Final Pretrial Conference Statement will promote efficiency and reduce the number of disputes that the Court is ultimately asked to resolve. Based on the parties' exchanges thus far, Plaintiffs anticipate, for example, that the parties' proposed jury instructions and verdict forms will vary significantly with respect to certain threshold legal issues. Those same (and overlapping) threshold issues will also underpin numerous motions *in limine*. Resolving these legal issues early will allow the parties to incorporate the Court's guidance and thus streamline the parties' jury instruction, verdict forms, and other pretrial submissions. The parties have already benefited from the Court's resolution of certain threshold legal issues at summary judgment.

Plaintiffs propose a staged process for the parties to begin briefing legal disputes that have already crystallized (and will in any event be briefed in the context of the parties' joint pretrial statement, as Defendants point out). Plaintiffs propose to begin that briefing process in November or December, and will be available for a hearing at the Court's convenience.

Defendants oppose Plaintiffs' request that the Court resolve disputed legal issues in a vacuum, outside the confines of a discrete dispute, such as whether particular evidence is relevant or admissible, or whether a particular jury instruction or verdict form question is appropriate. Instead, Defendants propose that this Court follow the same procedures used in *HIV Antitrust Litigation*. There, the parties submitted a list of disputed legal issues alongside their pretrial conference statement, their proposed jury instructions, and motions in limine. *In re HIV Antitrust Litig.*, No. 3:19-cv-02573 (N.D. Cal.), Dkt. 1636. The *HIV* court observed that "many" of the parties' legal issues "may be addressed in the context of Daubert motions, jury instructions, and/or other pretrial filings," and asked the parties to identify legal issues that required independent resolution. *Id.* Dkt. 1640. The court requested supplemental briefing on one of those issues and resolved the rest through other filings. Defendants believe this process will provide the Court with the context necessary to

make informed rulings on disputed legal issues, and will reduce the number of pretrial submissions and hearings before the Court.

For the October 28 conference, the parties will be prepared to discuss the timing of the Final Pretrial Conference. In addition, and in light of the Court's trial schedule in early 2025, Plaintiffs also propose setting interim pretrial conferences at the Court's convenience to further streamline the pretrial proceedings. Defendants do not believe additional "interim" pretrial conferences are necessary or enhance efficiencies, but Defendants will be prepared to discuss scheduling for any conferences the Court wishes to schedule.

## IV.   SETTLEMENT AND ADR

Pursuant to the Court's directive, the parties mediated on July 14 and 15, 2024. The mediation was not successful, but the parties' discussions under Judge Phillips's auspices continue.

Dated: October 25, 2024                                    Respectfully submitted,

By: /s/ Dena C. Sharp
Dena C. Sharp (SBN 245869)
Scott Grzenczyk (SBN 279309)
Tom Watts (SBN 308853)
Jordan Isern (SBN 343159)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
scottg@girardsharp.com
tomw@girardsharp.com
jisern@girardsharp.com

By: /s/ Michael M. Buchman
Michael M. Buchman (*pro hac vice*)
**MOTLEY RICE LLC**
777 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 577-0050
mbuchman@motleyrice.com

*Co-Lead Class Counsel*

By: /s/ Jeffrey Faucette
Jeffrey Faucette (SBN 193066)
**SKAGGS FAUCETTE LLP**
Four Embarcadero Center
Suite 1400 PMB #72
San Francisco CA 94111
Tel: (415) 295-1197
Fax: (888) 980-6547
jeff@skaggsfaucette.com

By: /s/ Heidi K. Hubbard
Heidi K. Hubbard (*pro hac vice*)
Stanley E. Fisher (*pro hac vice*)
Benjamin M. Greenblum (*pro hac vice*)
Alexander S. Zolan (*pro hac vice*)
Teagan J. Gregory (*pro hac vice*)
Lauren H. Uhlig (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
hhubbard@wc.com
sfisher@wc.com

| | | |
|---|---|---|
| 1 | By: */s/ Judith A. Zahid* | bgreenblum@wc.com |
| 2 | Judith A. Zahid (SBN 215418)<br>Eric W. Buetzow (SBN 253803) | azolan@wc.com<br>tgregory@wc.com |
| 3 | Heather T. Rankie (SBN 268002)<br>**ZELLE LLP** | luhlig@wc.com |
| 4 | 555 12th Street, Suite 1230 | *Attorneys for Defendants Jazz* |
| 5 | Oakland, CA 94607<br>Tel: (415) 693-0700 | *Pharmaceuticals, Inc., Jazz Pharmaceuticals Ireland Limited, and Jazz Pharmaceuticals* |
| 6 | jzahid@zellelaw.com<br>ebuetzow@zellelaw.com | *Public Limited Compan*y |
| 7 | hrankie@zellelaw.com | By: */s/ Jack E. Pace III* |
| 8 | James R. Martin (SBN 173329) | Jack E. Pace III (*pro hac vice*)<br>**WHITE & CASE LLP** |
| 9 | Jennifer Duncan Hackett (*pro hac vice*)<br>**ZELLE LLP** | 1221 Avenue of the Americas<br>New York, NY 10020 |
| 10 | 1775 Pennsylvania Avenue, NW,<br>Suite 375 | Telephone: (212) 819-8200<br>Fax: (212) 354-8113 |
| 11 | Washington, D.C. 20006<br>Tel: (202) 899-4100 | jpace@whitecase.com |
| 12 | jmartin@zellelaw.com | Kathryn J. Mims (*pro hac vice*) |
| 13 | jhackett@zellelaw.com | **WHITE & CASE LLP**<br>701 Thirteenth Street, NW |
| 14 | By: */s/ Hamish P.M. Hume*<br>Hamish P.M. Hume (*pro hac vice*) | Washington, D.C. 20005<br>Telephone: (202) 626-3600 |
| 15 | **BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave, NW | Fax: (202) 639-9355<br>kmims@whitecase.com |
| 16 | Washington, D.C. 20005 | |
| 17 | Tel: (202) 237-2727<br>hhume@bsfllp.com | Heather M. Burke (SBN 284100)<br>**WHITE & CASE LLP** |
| 18 | Beko O. Reblitz-Richardson (SBN 238027) | 3000 El Camino Real<br>2 Palo Alto Square, Suite 900 |
| 19 | **BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery Street, 41st Floor | Palo Alto, CA 94306-2109<br>Tel: (650) 213-0300 |
| 20 | San Francisco, CA 94104<br>Tel: (415) 293-6800 | Fax: (650) 213-8158<br>hburke@whitecase.com |
| 21 | brichardson@bsfllp.com | |
| 22 | *Attorneys for Plaintiff United HealthCare* | *Attorneys for Defendants Hikma Pharmaceuticals PLC, Eurohealth (U.S.A.),* |
| 23 | *Services, Inc.* | *Inc., West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc., and* |
| 24 | By:  */s/ Todd M. Schneider* | *Roxane Laboratories, Inc. n/k/a Hikma Labs* |
| 25 | Todd M. Schneider (SBN 158253)<br>Jason H. Kim (SBN 220279) | *Inc.* |
| 26 | Matthew S. Weiler (SBN 236052)<br>J. Caleigh Macdonald (SBN 302592) | |
| 27 | **SCHNEIDER WALLACE**<br>**COTTRELL KONECKY LLP** | |
| 28 | | |

1  | 2000 Powell Street, Suite 1400
2  | Emeryville, CA 94608
   | Tel: (415) 421-7100
3  | TSchneider@schneiderwallace.com
   | KJKim@schneiderwallace.com
4  | MWeiler@schneiderwallace.com
   | JMacdonald@schneiderwallace.com
5  |
6  | *Attorneys for Plaintiffs Humana Inc.,*
   | *Molina Healthcare, Inc., Health Care Service*
7  | *Corporation, Inc., Blue Cross Blue Shield of*
   | *Florida, Inc., and Health Options, Inc.*
8  |
9  | Peter D. St. Phillip (admitted *pro hac vice*)
   | Noelle Ruggiero (admitted *pro hac vice*)
   | Uriel Rabinovitz (admitted *pro hac vice*)
10 |
11 | **LOWEY DANNENBERG, P.C.**
   | 44 South Broadway, Suite 1100
12 | White Plains, NY 10601
   | Tel: (914) 997-0500
13 | PStPhillip@lowey.com
   | NRuggiero@lowey.com
14 | URabinovitz@lowey.com
15 |
16 | *Attorneys for Plaintiffs Humana Inc.,*
   | *Molina Healthcare, Inc., and Health Care*
   | *Service Corporation, Inc.*

**FILER'S ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: October 25, 2024              /s/ *Dena C. Sharp*
                                     Dena C. Sharp