UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION

Case No. 20-md-02966-RS (SVK)

**PUBLIC VERSION**

**ORDER RE LEAVE TO SUBMIT SUPPLEMENTAL EXPERT REPORT OF PROFESSOR THOMAS G. MCGUIRE, PH.D.**

Re: Dkt. No. 766

Before the Court is Plaintiffs' motion to file a supplemental expert report. The Court has reviewed the briefing and relevant law and determines that this matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b).

### I. Relevant Factual Background

The crux of the dispute before the Court is whether Plaintiffs' liability expert Thomas G. McGuire, Ph.D. should be permitted to supplement an opinion, first articulated in September 2023, with data produced by Defendants in May 2024 and, if so, whether such supplementation is timely. The following timeline of service of the relevant reports and production of supplemental data, extracted from the Parties' briefing, is not disputed:

| | |
|---|---|
| Plaintiffs' expert McGuire opening report: | September 2023 |
| Defendants' expert Cremieux rebuttal report: | January 2024 |
| McGuire rebuttal report: | March 2024 |
| Supplemental production of sales data produced by Defendants: | May 2024 |
| Cremieux rebuttal report to supplemental damages reports: | July 2024 |
| Plaintiffs' motion for leave to serve supplemental McGuire report: | August 2024 |

////

Similarly, the back-and-forth between McGuire and Cremieux on the opinion that is the subject of the proffered supplementation is not disputed. In his September 2023 opening report, McGuire opined in relevant part as to "an anticompetitive market allocation" in that "each later Generic Defendant" was assigned "the same small, fixed share of sales." Dkt. 766 at 2. In January 2024, Defendant's expert Cremieux responded to McGuire's point noting that, "the most recent data on the sodium oxybate sales demonstrate" ████████████████████ ██████ *Id.* at 3. In his March 2024 rebuttal report, McGuire addressed the issue by noting that it was "too early to draw conclusions" about the relevant level of sales "until more data are available." *Id.* Defendants then produced additional sales data in May 2024, which led to supplemental reports of damages experts with updated calculations. Dkt. 786 at 3. Cremieux responded to those reports in July 2024, without utilizing the updated sales data. In doing so, he reaffirmed his prior position directed to McGuire ███████████████████████ ████████████████████████████████████████████████████████████████████ Dkt. 766 at 3.

It is this latter point Plaintiffs seek to address in the supplementation of McGuire's report. Specifically, Plaintiffs proffer a one-and-a-half-page report, accompanied by a one-page table, that incorporates the updated sales data provided by Defendants in May 2024. Dkt. 766-1. Plaintiffs posit that the supplemental report demonstrates that ████████████████████████████ ███████████████████████████████████████████████ *Id.*

Defendants argue that supplementation is improper because Cremieux did not utilize the new data in his July 2024 report, hence there is nothing to rebut and the supplementation is therefore a new argument. Dkt. 786 at 4-5. Defendants further argue that Plaintiffs' proffer is untimely as they waited three months after production to seek leave to supplement. *Id.* Defendants also suggest that the supplemental McGuire report is not contemplated by the scheduling order. *Id.*

## II.   Discussion

Both sides point generally to Rule 26(e) for their respective positions on supplementation, along with cites to various district court cases. Helpful to the dispute at hand are the cases evaluating a supplemental report following a supplemental production or disclosure of data.

2

*See, e.g.*, *ASC Engineered Sols., LLC v. Island Indus., Inc.*, 2021 WL 2941989, at *2 (W.D. Tenn. July 13, 2021); *see also In re Mac Keyboard Litig.*, 2022 WL 1604753, at *7-8 (N.D. Cal Jan. 25, 2022). Also instructive are the cases prohibiting supplemental reports that merely augment or strengthen existing opinions. *See, e.g.*, *Hous. Auth. of the City of L.A. v. PCC Tech. Indus., Inc.*, 2015 WL 13864845, at *2 (C.D. Cal. Mar. 4, 2015). Here, the facts support allowing supplementation.

  First, in arguing against supplementation, Defendants ignore the most pertinent fact, that they produced updated sales information *after* McGuire's March 2024 report, in which McGuire had specifically noted, in response to Cremieux's opinion, that more information was needed to draw conclusions based upon sales data. Second, Defendants' attempt to recast Cremieux's July 2024 report as merely correcting Plaintiffs' damages calculations is belied by Cremieux offering the liability opinion that, based upon his calculations, which do not reflect the updated sales data, the market caps had no anticompetitive effect. It is this opinion, put forth without regard for the sales data produced in May 2024, that opens the door for McGuire's supplementation to demonstrate how the May 2024 data supports his conclusions and undermines Cremieux's opinion regarding the sales caps' effect in the marketplace. Obvious from the undisputed timeline and summary of the experts' exchange above is the fact that the proffered supplemental report is not a new legal theory; it is an updated analysis of the impact of sales caps based upon updated sales information produced in May 2024. Nor is it merely an augmentation of McGuire's earlier opinion; rather it is a direct rebuttal to Cremieux's failure to address the data in his latest statement regarding the sales caps. Defendants' complaint that the supplementation is untimely because it was proffered three months after the data was produced is not devoid of merit. But Plaintiffs' counter that it was Cremieux's July report and his reiteration of his critique of McGuire without the benefit of the updated sales data, followed just a few weeks later by this motion, carries more weight. Finally, Defendants' argument that the motion to supplement must be denied because it is not contemplated by the scheduling order, even though they accepted other "unscheduled" reports served at the same time as the motion without complaint, is not sustainable.

////

////

### III. Conclusion

Accordingly, in consideration of the facts of this case, Rule 26(e) and the relevant case law, the Court finds that Plaintiffs may submit the supplemental report of Thomas McGuire as set forth in Dkt. 766-1.

**SO ORDERED.**

Dated: November 6, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge

4