1  Todd M. Schneider (SBN 158253)
   Matthew S. Weiler (SBN 236052)
2  J. Caleigh Macdonald (SBN 302592)
   William T. Stewart (SBN 321421)
3  **SCHNEIDER WALLACE**
4  **COTTRELL KONEKCY LLP**
   2000 Powell Street, Suite 1400
5  Emeryville, CA 94608
   Telephone: (415) 421-7100
6  TSchneider@schneiderwallace.com
   MWeiler@schneiderwallace.com
7  JMacdonald@schneiderwallace.com
   WStewart@schneiderwallace.com
8
9  Jason H. Kim (SBN 220279)
   **SCHNEIDER WALLACE**
10 **COTTRELL KONEKCY LLP**
   300 S. Grand Avenue, Suite 2700
11 Los Angeles, CA 90071
   Telephone: (415) 421-7100
12 JKim@schneiderwallace.com
13
   *Attorneys for Plaintiffs Blue Cross and Blue*
14 *Shield of Florida, Inc., and Health Options, Inc.*
15 [Additional Counsel on signature page]

16

17 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
18

19 | | Case No. 3:20-md-02966-RS-SVK |
|---|---|
| IN RE XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | **PLAINTIFFS' BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., AND HEALTH OPTIONS, INC. MOTION FOR SUGGESTION OF REMAND** |
| THIS FILING RELATES TO: *Blue Cross and Blue Shield of Florida Inc., et al v. Jazz Pharmaceuticals plc, et al.* (N.D. Cal. No. 3:24cv-00514-RS) | Date: TBD<br>Time: TBD<br>Courtroom: 3, 17th Floor<br>The Honorable Richard Seeborg |

**NOTICE OF MOTION**

Pursuant to Judicial Panel of Multidistrict Litigation ("JPML") Rule 10.1(b)(i), 28 U.S.C. section 1407, and Local Civil Rule 7-1, Plaintiffs Blue Cross and Blue Shield of Florida, Inc., and Health Options, Inc., ("Florida Blue") hereby respectfully move the Court for an Order suggesting that the JPML remand Florida Blue's case to the transferor court for trial proceedings. The matter may be heard at the courtroom of the Honorable Chief Judge Richard Seeborg, Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, at a date and time to be determined.

Remand of Florida Blue's case to the trial court in the Middle District of Florida is now appropriate. Florida Blue joins in, and incorporates by reference, Plaintiff United Healthcare Services, Inc.'s ("United") arguments on its Motion for Suggestion of Remand (ECF No. 851). Because the legal and procedural issues between United's and Florida Blue's Motions for Suggestion of Remand are effectively identical, Florida Blue joins in and incorporates by reference United's motion in the interest of judicial economy.

Florida Blue's motion is further based upon the Declaration of J. Caleigh Macdonald, the Proposed Order submitted herewith, any reply papers that may be filed, and on the arguments of counsel.

**INTRODUCTION**

Florida Blue has made clear to the parties and this Court their intention to return to the Middle District of Florida for trial. With the MDL Court having ruled on summary judgment and Daubert orders across all matters and preparing for the scheduled trial for the actions remaining in this district, Florida Blue respectfully requests that the Court initiate the process for the remand of its case back to the Middle District of Florida, where the action was originally filed, to proceed towards trial.[1]

---

[1] After Florida Blue filed its action in the Middle District of Florida (where Florida Blue is headquartered), the JPML ordered that it be conditionally transferred into the above-captioned MDL and consolidated with the existing actions for pretrial purposes. *See* ECF No. 578,

1    After being assigned to the Honorable Senior Judge Harvey E. Schlesinger in the Middle District of Florida, the Florida Blue Action was subsequently conditionally transferred to this Court under 28 U.S.C. § 1407 "for coordinated or consolidated pretrial proceedings" with *In re Xyrem Antitrust*, 3:20-md02966. *See* ECF No. 578. As "pretrial proceedings" have concluded, Florida Blue's case should now be remanded to the Middle District of Florida.

On March 7, 2024, the Court issued an Order regarding Operative Discovery Agreements & Stipulated Case Schedule for Florida Blue, as agreed to by Defendants. *See* ECF No. 593. This Order recognizes that "BCBS-Florida agrees to be bound by summary judgment and Daubert rulings in *In re Xyrem Antitrust*" and that "BCBS-Florida intends to exercise the rights available to it under *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998), to try its case in Florida." *Id*. at 2. Florida Blue has reiterated and stood on its *Lexecon* rights throughout pretrial schedule negotiations with Defendants and Class Counsel. *See* Macdonald Decl. Exs. 1 & 2.

Since then, as the parties have worked through pretrial proceedings, there has been no dispute that the trial of Florida Blue's claims will be in the Middle District of Florida. As noted in the May 24, 2024 Order Setting Pretrial Schedule, the actions filed by Florida Blue and United "are subject to remand for trials […] pursuant to 28 U.S.C. § 1407, and are outside the scope of this Stipulation and the accompanying schedule reflected in Appendix A. *See* ECF No. 688 at n. 1. The Court also approved of United, Florida Blue, and the Defendants' agreed plan to realize efficiencies related to exhibit lists and deposition designations while United and Florida Blue's cases remain in the MDL." *Id*. As was noted in the parties' October 25, 2024 Joint Case Management Statement, Florida Blue "will seek remand to the Middle District of Florida when its pending motions are resolved.  A footnote in various plaintiffs' Statement Regarding the Motion for Preclusion inadvertently included Florida Blue as a plaintiff for whom trial will be held before this Court."  ECF 819 at n. 1.  To clarify, Florida Blue disclaims its

---

[1] January 24, 2024 Transfer Order, *In re: Xyrem (Sodium Oyxbate) Antitrust Litig.*, MDL No. 2966 (J.P.M.L. Jan. 24, 2024).

-2-

PLAINTIFF FLORIDA BLUE'S MOT. FOR SUGGESTION OF REMAND

CASE NO. 3:20-MD-02966-RS-SVK

1   inadvertent inclusion in that footnote and notes that does not waive its right to remand to the
2   transferor court." *See* ECF No. 822 at fn. 4.
3       This motion concerns whether remand of Florda Blue's action to the United States
4   District Court for the Middle District of Florida is appropriate now that pending motions on
5   Daubert and Summary Judgement have been decided. Since the pretrial proceedings for which
6   Florida Blue was transferred have concluded, the time is right to initiate the remand process.
7       Accordingly, Florida Blue respectfully submits that the Court should issue an order
8   suggesting remand of Florida Blue's action.

## LEGAL STANDARD

10      Pursuant to 28 U.S.C. section 1407, all actions transferred to an MDL for coordinated
11  pretrial proceeding "shall be remanded by the panel at or before the conclusion of such pretrial
12  proceedings to the district from which it was transferred unless it shall have been previously
13  terminated." 28 U.S.C. § 1407(a). The JPML may "prescribe rules" regarding transfer and
14  remand of cases. *Id.* at § 1407(f). To initiate remand, the JPML's Rules note that "[t]ypically,
15  the transferee judge recommends remand of an action, or a part of it, to the transferor court at
16  any time by filing a suggestion of remand with the Panel." J.P.M.L. R. 10.1(b).

## ARGUMENT

    Remand of Florida Blue's case to the trial court in the Middle District of Florida is now
appropriate.[2] *See* United's Motion at 2-5.[3] Motions *in limine* are more properly and efficiently
decided by the trial court after remand, given trial issues will be subject to that court's discretion
and procedures. *Id.* at 5-8. Florida Blue and Defendants have already agreed that Florida Blue's

---

[2] Florida Blue joins in, and incorporates by reference, United's arguments for its Motion for Suggestion of Remand (ECF No. 851). In order to advance judicial economy, and given the Court expressed that both United and Florida Blue's remand motions be consolidated, Florida Blue stipulated with United and the Defendants to join this briefing after the final dispositive motions affecting it were decided. *See, e.g.* October 28, 2024 Hr'g Tr., ECF 827, at 12:7-14:15; and ECF 858.

[3] *See also In re Photochromic Lens Antitrust Litig.*, 2014 WL 12618105, at * 2 (M.D. Fla. July 9, 2014) (noting that remand would likely become appropriate once "the dispositive motion issues are framed.")

case should not be subject to trial preparation tasks, including motions *in limine*, given remand to the Middle District of Florida. *Id*. at 8-10 discussing ECF 688 at n.1; *see also* Macdonald Decl. Exs. 1 & 2.

Florida Blue will continue to coordinate with the other Plaintiffs alongside the Defendants post-remand to effect efficiencies across all trial-related matters where feasible. The only tasks that remain are trial preparation, which sits within the ordinary purview and discretion of the trial court. Florida Blue, therefore, respectfully moves this Court to remand Florida Blue's case for trial.

## CONCLUSION

Florida Blue respectfully request that the Court issue an Order suggesting to the JPML that Florida Blue's action be remanded to the trial court in the Middle District of Florida for the reasons stated above. A proposed form of order is submitted herewith.

Dated: January 10, 2025                                         Respectfully submitted,


By:  */s/ J. Caleigh Macdonald*
Matthew Weiler (SBN 236052)
Todd Schneider (SBN 158253)
J. Caleigh Macdonald (SBN 302592)
William T. Stewart (SBN 321421)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
TSchneider@schneiderwallace.com
MWeiler@schneiderwallace.com
JMacdonald@schneiderwallace.com
WStewart@schneiderwallace.com

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
300 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071

Telephone: (415) 421-7100
JKim@schneiderwallace.com

*Counsel for Plaintiffs Blue Cross and Blue Shield of Florida, Inc., and Health Options, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on January 10, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: January 10, 2025           */s/ J. Caleigh Macdonald*
                                      J. Caleigh Macdonald