Judith A. Zahid (SBN 215418)
Eric W. Buetzow (SBN 253803)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
jzahid@zellelaw.com
ebuetzow@zellelaw.com

Hamish P.M. Hume (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com

*Attorneys for Plaintiff United HealthCare Services, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>THIS FILING RELATES TO:<br>United Action (Case No. 3:21-cv-02710-RS) | Case No. 3:20-md-02966-RS<br><br>**PLAINTIFF UNITED HEALTHCARE SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND**<br><br>Courtroom: 3, 17th Floor<br>The Honorable Richard Seeborg |

**INTRODUCTION**

This MDL Court has resolved all dispositive and *Daubert* issues in this litigation and set for trial those actions originally filed in this Court. Consistent with the law and MDL practice in this District and beyond, the pretrial proceedings phase is complete. United simply seeks to initiate the remand process that will allow United's action to similarly begin moving towards the setting of trial in its case in the District of Minnesota.

In an effort to unjustly delay the start of that process, Defendants have admittedly reversed their prior position and now protest that unspecified motions *in limine* may touch on "substantive" or "legal" issues, which must block remand of United's case for trial. That new position neither is credible nor has merit, as demonstrated by the simple fact that there are certainly not more substantive issues remaining in this case now than in May of last year (before summary judgment and *Daubert* was resolved)—when Defendants agreed that it would be *in*efficient to first conduct such motion practice before this Court for United's trial that will take place in Minnesota.

And while Defendants fail to identify precisely what "substantive" *in limine* issues they now believe prevent remand for trial proceedings, it would by no means be unique to this case that *in limine* motions might involve considering the proffered evidence or arguments in relation to the governing legal standards. In any event, those are still issues that will fall to the trial court in Minnesota to ultimately decide, implement, and/or revise throughout the trial process in United's case given both the preliminary nature of *in limine* rulings and the court's task in managing the guardrails of the trial over which it will preside (subject to Eighth Circuit law). Importantly, Defendants do not dispute that the *in limine* rulings of this Court will help "guide" the trial court in Minnesota—whether remand is delayed or not. And coordination will of course continue.

Defendants' attempt to portray as normal their proposed approach of holding transferred actions after summary judgment and *Daubert* and through the trial preparation of local actions likewise falls flat. Neither side has been able to identify a single antitrust MDL where the MDL court has followed such a course. This Court should not be the first.

# ARGUMENT

## I. Defendants Do Not Dispute That No Antitrust MDL Court Has Delayed Remand to Attempt to Decide Motions in Limine for Trials that Will Be Held in Other Districts.

Contrary to Judge Tigar's opinion in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 8676440, at *1 (N.D. Cal. Apr. 5, 2017), Defendants contend that, even though this Court has already resolved all summary judgment and *Daubert* motions, pretrial proceedings are not complete and remand for trial would be "premature" since the Court has not yet decided motions *in limine*. Opp. (ECF 862) at 1. Defendants further attempt to dispute that the ordinary course for antitrust MDLs is to remand transferred actions for trial at this juncture. Opp. at 3.

Yet, Defendants are tellingly unable to cite *a single case* in the many decades-long history of antitrust MDLs in which a court has adopted their proposal of holding transferred actions (and delaying their resolution) so that the MDL court can first issue *in limine* rulings. That means, among the experienced and knowledgeable counsel on both sides in this case, no one has either participated in or could locate an antitrust MDL in which Defendants' proposed approach was followed. That is likely because, as explained below and in United's motion, it would be terribly inefficient—causing duplication, delay, and confusion—while accomplishing nothing.

Defendants' own cited authority confirms that the close of pretrial proceedings generally centers on whether "summary judgment" has been resolved. *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 2014 WL 12588474, at *2–3 (C.D. Cal. Dec. 4, 2014) ("Where, as here, pre-trial proceedings—which include *summary judgment* motions—have not been completed, the New Jersey Plaintiffs must show good cause that a remand is warranted.") (denying motion for suggestion of remand because summary judgment motions had not been filed and moving plaintiffs conceded that pre-trial proceedings therefore "have not been completed," making no reference to the completion of motions *in limine*) (emphasis added); *accord Phillips v. Albany Int'l Corp.*, 2014 WL 7652952, at *1 n.1 (E.D. Pa. Oct. 20, 2014) (discussing remand before summary judgment as the exception and noting that the court "routinely remands" to the transferor court "motions *in limine*, which it deems more appropriately handled by the trial court").

2

PLAINTIFF UNITED HEALTHCARE SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUGGESTION OF REMAND
Case No. 3:20-md-02966-RS

Defendants' new position is further belied by the uncontested fact that Defendants themselves agreed with United that it is most efficient for motions *in limine* (and the other trial-related tasks) in United's case to ***not*** occur in the MDL Court, because trial on United's claims will occur in the District of Minnesota. ECF 851-1 (Buetzow Decl.), Ex. A at 1 (memorializing agreement that "United's case (which is subject to remand to the District of Minnesota for trial), is not subject to the MDL pretrial/trial preparation tasks"); ECF 688 (Joint Stipulation and Order) at n.1 (excluding United's action from all trial preparation exchange and submission deadlines for the N.D. Cal. trial since the action is "subject to remand for trial[] in the District of Minnesota."). That Defendants have attempted to reverse course (and back out of their agreement with United) does not make their new position any less exceptional.

While Defendants point to certain mass tort cases, MDL courts in those cases (which involve many thousands of individual plaintiffs) employ unique case management mechanisms such as "bellwether" trials (for which *in limine* motions are decided), as well as conducting "pretrial discovery and motions practice on an *individualized* basis" *for only selected cases*—the opposite of what Defendants propose here. *See In re Bard IVC Filters Prods. Liab. Litig.*, 2020 WL 1323139, at *2 (D. Ariz. Mar. 20, 2020) (summarizing for the Panel that the court resolved "in limine motions *in the bellwether cases*" already tried or otherwise resolved) (emphasis added); *In re Bos. Sci. Corp., Pelvic Repair Sys. Prods. Liab. Litig.*, 2015 WL 1527678, at *1 (S.D.W. Va. Apr. 2, 2015) ("In an effort to efficiently and effectively manage this massive MDL, I decided to conduct pretrial discovery and motions practice on an *individualized* basis," and "I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a 'wave' of cases to be prepared for trial") (emphasis added).[1]

---

[1] Defendants' cite to the *Parmalat* securities litigation is similarly unavailing. There, prior to summary judgement, the transferred plaintiff affirmatively moved the MDL court for an *in limine* order that particular evidence was admissible, and further sought to have his cake and eat it too by asking the court to defer the issue until after remand if the court was inclined to rule against him. *In re Parmalat Sec. Litig.*, 2007 WL 1169217, at *1-2 (S.D.N.Y. Apr. 18, 2007); No. 04-MD-1653(LAK) (S.D.N.Y.), ECF 1218 (Plaintiff's Motion in Limine) at 15 ("If the Court has any

3

Those are plainly not the same "circumstances of the litigation" (Opp. at 5) as those here. Such cases in other contexts may support the general proposition that an MDL court *can* issue initial *in limine* rulings while transferred cases are still present. But they do not support delaying the remand of antitrust cases for trial in order to do so—particularly since here it would be the opposite of "just and efficient" (*id.* at 2).

**II. Defendants' Approach Would Require Duplication Without Removing the Risk of "Inconsistent Rulings" Since *In Limine* Decisions for United's Trial Are Ultimately for the Trial Court in Minnesota and Will Be Governed by Eighth Circuit Law.**

Nowhere in Defendants' opposition do they contest that their proposal would require both sides in the transferred actions to brief motions *in limine* <u>twice</u>—once to the MDL Court, and then to the trial court in the District of Minnesota following remand. This is because, as the Supreme Court has explained, *in limine* rulings ultimately rest within the inherent authority of the trial court, and are only preliminary and "not binding on the trial judge." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); ECF 851 (United Mot.) at 5-6. Courts routinely "'defer ruling until during trial, when the trial judge can better estimate its impact on the jury' and evaluate evidentiary issues 'in a more concrete setting.'" *Hartwig v. JDP, Inc.*, 2021 WL 9440803, at *1 (S.D. Iowa Jan. 25, 2021) (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). This remains true in pay-for-delay antitrust cases. *E.g., In re HIV Antitrust Litig.*, 2023 WL 5670808, at *2 (N.D. Cal. Mar. 19, 2023) ("The Court DEFERS ruling on this issue as well because context will matter."). Thus, rulings stemming from *in limine* motions almost always evolve throughout trial with the presentation of evidence and arguments, and through the trial judge's ongoing management, implementation, and revisions.

Indeed, the parties appear to agree that the *in limine* rulings of this Court could help "guide"—but not conclusively determine—the *in limine* proceedings before the trial court in the District of Minnesota. Opp. at 4, citing *Bard IVC Filters*, 2020 WL 1323139, at *13 (noting prior

---

question about the Galea/Megna report, it should leave the issue to the transferor Courts"); No. 04-MD-1653(LAK) (S.D.N.Y.), ECF 1287 (setting a conference for May 10, 2007 to discuss "possible motions for summary judgment").

4

*in limine* rulings from bellwether trials "*may be useful* to the receiving courts") (emphasis added); United Mot. at 5-8. And since the District of Minnesota sits in a different appellate district, United's trial here will be governed by Eighth Circuit law.

Defendants seek to create a distinction between "substantive" and "evidentiary" *in limine* issues that they "anticipate" will be raised—implying that the trial court in Minnesota is less qualified to decide in the first instance trial motions that "involve issues closely connected to those the Court has already considered" including on "*Daubert* and summary judgment." Opp. at 1-3.[2] This argument has no merit. Nearly all *in limine* motions concern the relevance of certain evidence or arguments in relation to the governing legal inquiry. But even if there was such a distinction, motions touching on "legal issues" such as whether certain defense arguments are irrelevant under antitrust law (Opp. at 3) will still require decision, implementation, and/or revision *by the trial court* under its authority in managing the guardrails of the trial over which it will be presiding. The trial court in the District of Minnesota will be well-equipped to do so, including in reference to this Court's summary judgment and *Daubert* orders as needed. And again, the trial court will have the guidance of this Court's *in limine* decisions—particularly given that there is still no trial date for United's action (which cannot even be scheduled until after the remand process is complete).

Defendants assert that decisions relating to "legal issues" may be subject to a different standard of appellate review (*de novo* vs. abuse of discretion). Opp. at 2. To the extent that is true, appellate review for United's trial will be conducted by the Eighth Circuit, and in consideration of Minnesota antitrust law (as the substantive law that governs United's antitrust damage claims).

In the end, there is no real dispute that the trial judge in Minnesota will need to be able to shape—and ultimately decide—the contours of the trial over which she will be presiding and continually managing over multiple weeks. That will mean understanding and considering the *in*

---

[2] Defendants misleadingly state that "the parties" exchanged initial proposed orders on motions *in limine* in October of 2024. Opp. at 2. In truth, those initial exchanges were made by the N.D. Cal. Trial Plaintiffs—because the parties and the Court expressly excluded United's action from that exchange given the necessity of remanding United's case for trial. ECF 688 at n.1.

5

PLAINTIFF UNITED HEALTHCARE SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUGGESTION OF REMAND
Case No. 3:20-md-02966-RS

*limine* issues raised by the parties (pursuant to her desired practices), making rulings, implementing those rulings, and revising them as needed during the course of the trial under her discretion and authority as the trial judge. As recognized in another antitrust MDL, motions *in limine* provide one of the few meaningful opportunities for the parties to educate the trial court following remand, and for the trial court to engage with the facts and the law before taking on the task of presiding over the trial. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2021 WL 2983141, at *3 (S.D.N.Y. July 15, 2021) (noting motions *in limine* on remand following summary judgment provide an appropriate opportunity "to educate the [trial] court.").

Importantly, all of this will be true whether remand occurs now or months from now. Delaying remand by many months will do nothing to change the nature of motions *in limine* as within the ultimate judgment and management of the trial court in Minnesota. Nor will it do anything to differently protect against the risk of "inconsistent rulings" on *in limine* issues—as the trial court will have this Court's rulings as a source of guidance regardless. There is thus no efficiency gained by holding United's case through the completion of trial preparation for the other Plaintiffs' trial scheduled before this Court. All that would be accomplished is unjustly preventing United from obtaining its own trial date in the District of Minnesota, and delaying the initiation of the remand process that will itself likely take months.

Defendants' new proposed approach, in addition to inflicting needless inefficiency, is thus the opposite of "less burden and expense" for the parties and the courts, while providing no added protection against "inconsistent rulings."

**III.   Defendants Do Not Dispute That They Entered a Separate Agreement With United to Conduct Motions *in Limine* and Other Trial Preparation in Minnesota.**

It remains uncontested that, prior to entering the Stipulation reflected on the docket at ECF 688, Defendants entered a "separate" agreement with United under which they agreed *not* to seek to conduct motions *in limine* and other trial preparation tasks for United's case before the MDL Court. United Mot. at 8-9; Buetzow Decl. at ¶¶ 2-4, Ex. A.

Defendants' only response is that the Court should not enforce that litigation agreement since the Court's calendar later necessitated moving the other Plaintiffs' trial date in N.D. Cal. from October 2024 to May 2025, which somehow "mooted" the agreement terms. Opp. at 6. That makes no sense.

Nowhere do Defendants contend that a condition or material term of their agreement with United was any particular trial date for the other Plaintiffs' cases that were filed in N.D. Cal. (and thus not subject to transfer under 28 U.S.C. section 1407). Nor do they point to anything in the record or the parties' communications that could factually support such an argument. They simply no longer wish to abide by the negotiated terms, seemingly because they perceive a strategic benefit in delaying the start of the remand process and preventing the scheduling of a trial date for United's case.

The only thing Defendants point to is United performing its end of the bargain under the agreement terms it negotiated with Defendants—*i.e.*, participating in exhibit and deposition designation exchanges so that those lists can be used as a baseline "for the creation of the final lists to be used for the trial of United's claims in the District of Minnesota." Opp. at 5; Buetzow Decl., Ex. A at 1.[3] That obviously is not grounds to dispense with Defendants' corresponding obligations, under which they expressly agreed to not seek to conduct *in limine* practice and other trial preparation in the MDL Court for United's case given the required remand for trial.

Nor does it make sense that in May of 2024 there was somehow less or insufficient "time" to conduct *in limine* motion practice before the then-scheduled October 2024 trial in this Court. Opp. at 6. That motion practice was of course always going to occur.[4]

---

[3] Consistent with its agreement as well as general good coordination, United of course did not object to being "copied on" Defendants' exchanges with the other Plaintiffs. Opp. at 5.

[4] Nor is it accurate to state or imply that all "parties" have agreed upon a universal "new pre-trial exchange schedule" for all trials. Opp. at 6. Defendants omit that their referenced new agreement is with the N.D. Cal. Trial Plaintiffs' following on the initial exchanges in those cases that already occurred, and which expressly did not apply to United's trial (ECF No. 688 at n. 1).

7

PLAINTIFF UNITED HEALTHCARE SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUGGESTION OF REMAND
Case No. 3:20-md-02966-RS

While it is true that opposing remand by itself may not breach the parties' agreement, Defendants' asserted basis for doing so—*i.e.*, seeking to conduct *in limine* proceedings in the MDL Court for United's case—plainly does. The Court should reject Defendants' invitation to unjustifiably disregard the parties' agreement concerning the preparation of United's case for trial.

## CONCLUSION

For the forgoing reasons and those discussed in United's opening motion papers, United's motion for a suggestion of remand should be granted.

Dated: January 24, 2025　　　　　　　Respectfully submitted,

By: */s/ Judith A. Zahid*

Judith A. Zahid (SBN 215418)
Eric W. Buetzow (SBN 253803)
**ZELLE LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
jzahid@zellelaw.com
ebuetzow@zellelaw.com

James R. Martin (SBN 173329)
**ZELLE LLP**
1775 Pennsylvania Avenue, NW,
Suite 375
Washington, D.C. 20006
Tel: (202) 899-4100
jmartin@zellelaw.com

Hamish P.M. Hume (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com

Beko O. Reblitz-Richardson (SBN 238027)
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
brichardson@bsfllp.com

*Attorneys for Plaintiff United HealthCare Services, Inc.*