[*Counsel listed on signature page*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS-SVK |
|---|---|
| This Document Relates To: All Actions | |

**JOINT CASE MANAGEMENT STATEMENT**

The parties[1] have met and conferred and respectfully submit this Joint Case Management Statement in advance of the March 17, 2025 Pretrial Conference.

## I. MOTIONS

**A.     Motions Decided Since the Last Case Management Conference**

**1.     ASO Providers' Motion for Reconsideration**

On December 16, 2024, the Court entered an order denying a Motion to Enforce Exclusion Requests, filed by Humana Inc., Health Care Service Corporation, Blue Cross Blue Shield of Florida, Inc. and Health Options, Inc. ("ASO Providers") and non-party Aetna Inc.. *See* ECF No. 855. The Court also denied the ASO Providers' Motion for Reconsideration of the Court's Summary Judgment Order. *Id.* Non-party Aetna Inc. has since appealed those decisions. ECF No. 861.

**2.     Plaintiffs' Motion to File Supplemental Expert Report from Dr. Thomas McGuire**

On August 7, 2024, Plaintiffs filed a motion to submit a supplemental expert report from Dr. Thomas McGuire. ECF No. 767. On November 14, 2024, the Court granted the motion. ECF No. 844.

**3.     Motions to Remand**

On November 26, 2024, Plaintiff United HealthCare Services, Inc. filed a Motion to Remand. ECF No. 851. On January 10, 2025, Plaintiffs Blue Cross and Blue Shield of Florida, and Health Options, Inc. filed a Motion to Remand. ECF. No. 859. On February 28, 2025, the Court denied the Motions to Remand. ECF No. 881.

---

[1] The parties are Class Plaintiffs, Humana, Inc., Molina Healthcare Inc., Health Care Service Corporation, Blue Cross Blue Shield of Florida, Inc., Health Options, Inc., and United HealthCare Services, Inc. ("Plaintiffs"), Jazz Pharmaceuticals, Inc., Jazz Pharmaceuticals Ireland Limited, and Jazz Pharmaceuticals Public Limited Company ("Jazz"), Hikma Pharmaceuticals PLC, Eurohealth (U.S.A), Inc., West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc., and Roxane Laboratories, Inc. n/k/a Hikma Labs Inc. ("Hikma") (together with Jazz, "Defendants").

B.   **Pending Motions**

   1.   **Plaintiffs' Renewed Motion for Preclusion**

On October 29, 2024, the Court directed the parties to file detailed witness disclosures that could inform a renewed preclusion motion by Plaintiffs. ECF No. 826. On January 31, 2025, the parties filed their respective witness disclosures. ECF. No. 871. On February 7, 2025, Plaintiffs filed a Renewed Motion for Preclusion of Evidence. ECF. No. 876. The issue is now fully briefed and a hearing is set for March 17, 2025. *See* ECF Nos. 880, 883.

## II.   DISCOVERY

Fact and expert discovery are closed, subject to any trial discovery that may be warranted upon good cause shown based on the Court's rulings, and the parties' pretrial exchanges and disclosures.

## III.   CASE SCHEDULE

The parties have met and conferred and agreed on a revised schedule for pretrial exchanges prior to submission of the Final Pretrial Conference Statement and related documents (*i.e.* proposed jury instructions, exhibit lists, deposition designations, etc.).

## IV.   PRETRIAL ISSUES[2]

A.   **Trial Structure**

The parties disagree about the appropriate structure for the May 19, 2025 trial and propose that they file briefs explaining their positions in advance of the pretrial conference on April 9 or the final pretrial conference on April 30. The parties' disagreements relate to whether and how a damages phase of trial should be bifurcated from a liability phase (including whether if such bifurcation occurs, both phases will be before the same jury with only a brief pause of a few days between the two phases); and whether the damages theories of Class Plaintiffs should be presented in the same proceeding, and before the same jury, as the damages theories of the Insurer Opt-out Plaintiffs.

---

[2] The pretrial matters discussed in this section pertain only to those Plaintiffs whose cases will proceed through trial before this Court.

When disagreements over these issues have arisen in previous pharmaceutical antitrust cases like this, they have been briefed and argued. The parties propose doing the same here, and request the Court's permission to do so.

**B.    Witness List**

**Plaintiffs' Position:** On October 29, 2024, the Court ordered the parties to submit by January 31, 2025 "a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a detailed statement following each name that describes the substance of the testimony to be given." ECF No. 826. On January 31, 2025, per the Court's order, the parties filed witness lists with the Court. ECF No. 871. Unlike Plaintiffs' witnesses disclosure (ECF. No. 871-1), Defendants' witness list (ECF. No. 871-2) identifies no witnesses that Defendants "will call," and instead identifies all witnesses as "may call" witnesses. Defendants also do not specify whether certain key fact witnesses[3] will be called live or by deposition designation. The parties have conferred, and Defendants have advised that they do not intend to produce this information until 30 days before trial or April 19, 2025, citing to Federal Rule of Civil Procedure 26(a)(3).

Rule 26(a)(3) provides that "*[u]nless the court orders otherwise*, these disclosures must be made at least 30 days before trial." The Court here ordered the parties to provide their witness lists on January 31, 2025. While Plaintiffs' witness list designated (on a preliminary basis at least) witnesses as will call and appearing live in accordance with the requirements of the Federal Rules (*see* ECF 871-1), Defendants have failed to do so. Defendants have provided no justification for not doing so, have refused to provide this information at this stage, and have pointed to nothing in the Court's orders suggesting that there are two separate dates for exchanging witnesses lists (January 31 and 30 days before trial). Plaintiffs require this information to determine whether and to whom to issue trial subpoenas and to determine which deposition designations will not be necessary.

---

[3] Those witnesses include: Aarti Bijlani (Jazz), Chris Bonny (Hikma), Bruce Cozadd (Jazz), Greg Hicks (Hikma), Brian Hoffmann (Hikma), PJ Honerkamp (Jazz), Sherice Mills (Jazz), Shawn Mindus (Jazz), and Shane Shupe (Hikma).

Furthermore, Defendants' concerns about Plaintiffs' witness list are misplaced. Plaintiffs' distinction between witnesses they "may call" and "will call" is precisely what the Federal Rules require. *See* Fed. Rules Civ. P. 26(a)(3)(A)(i) (requiring parties to "separately identify those the party expects to present and those it may call if the need arises."). Plaintiffs' witness list provides notice to Defendants about who Plaintiffs currently intend to call live or by deposition designation with adequate time for Defendants to serve trial subpoenas should they determine it necessary. Plaintiffs' list complies with the rules. Plaintiffs included a reservation of the right to change from live to deposition designation as appropriate, but for the majority of fact witnesses, whether they will appear live or by deposition is within *Defendants'* control. Accordingly, Plaintiffs' respectfully request that the Court order Defendants to immediately produce a witness list that: (1) identifies witnesses that they "will call" and "may call"; and (2) identifies whether witnesses will be called live or by deposition designation.

**Defendants' Position:**   On January 31, 2025, Defendants filed a witness list pursuant to the Court's October 29, 2024 Order re: Pretrial Proceedings (ECF 826).  Defendants' witness list identified nine fact witnesses (five Jazz witnesses and four Hikma witnesses) that Defendants "May Call Live or by Deposition Designation."  Defendants also separately identified fact witnesses they "May Call by Deposition Designation," i.e., fact witnesses that Defendants do not plan to call live.  In other words, Defendants identified only nine fact witnesses that they may call live.  Each of these "May Call Live" witnesses is a witness "likely to be called at trial," which was what the Court's October 29, 2024 Order required.  Plaintiffs' uncertainty about whether and to whom to issue trial subpoenas and to determine which deposition designations will not be necessary is limited to these nine witnesses.  Defendants have also decreased any claimed uncertainty by stating clearly to Plaintiffs that Defendants will accept trial subpoenas on behalf of any of these nine witnesses.

By contrast, Plaintiffs' witness list identifies 10 fact witnesses that they "will" call live and 6 that they "may" call live (ECF 871-1 at 10-16).  And plaintiffs reserved the right to have any witness identified as testifying live instead testify via deposition (ECF 871-1 at 3).  Plaintiffs thus

complain about Defendants' witness disclosure having put them in a position of uncertainty with respect to trial planning, but Plaintiffs have in fact put Defendants in a worse position.

Defendants understood the purpose of exchanging these witness lists far earlier than the default timing in either the Federal Rules (30 days before trial) or the Court's standard pretrial procedures (10 days before final pretrial conference) was to tee up issues Plaintiffs planned to raise related to privilege and preclusion. Defendants believed that they were following the Court's October 29, 2024 Order to the letter when they filed their witness list. Defendants are prepared to separately identify which of the nine "May Call Live" witnesses they have identified is a "may call" witness or a "will call" witness 30 days before trial in accordance with Fed. R. Civ. P. 26(a)(3)(A)(i), or sooner if that was the Court's intent.

C. **Jury Instructions**

On March 10, 2025, the parties filed their proposed jury instructions, verdict forms, and objections thereto. As part of that filing, the parties submitted briefs regarding key disputes related to the jury instructions and verdict forms. The Court set an April 9, 2025, conference to discuss "any disputes as to the jury questionnaire, jury instructions, or proposed jury verdict forms." ECF 826 at 2. The parties have conferred and respectfully submit that the most efficient use of the Court's time at the April 9 pretrial conference is to address the parties' key disputes as set forth in their briefs, as opposed to their separate instruction-specific objections. The parties believe that receiving the Court's guidance on those issues will allow them to further refine their respective proposals and hopefully reach further agreements. The parties would then submit updated proposed jury instructions and verdict forms at a later date, at which time the Court can more effectively address disputes on an instruction-by-instruction basis at the final pretrial conference or at any other time convenient for the Court.

D. **Authenticity and Admissibility**

In a Case Management Statement on January 31, 2022, the parties agreed that "documents produced by parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901, and that any good-faith objection to a document's

authenticity must be provided with the exchange of other objections to intended trial exhibits." ECF No. 228 at 6. The parties seek the Court's guidance as to whether the parties should submit a formal stipulation to this effect.

## V. SETTLEMENT AND ADR

Pursuant to the Court's directive, the parties continued to mediate under Judge Phillips's auspices.

Dated: March 10, 2025                                    Respectfully submitted,

By: /s/ Dena C. Sharp                                    By: /s/ Jeffrey Faucette
Dena C. Sharp (SBN 245869)                               Jeffrey Faucette (SBN 193066)
Scott Grzenczyk (SBN 279309)                             **SKAGGS FAUCETTE LLP**
Tom Watts (SBN 308853)                                   Four Embarcadero Center
Jordan Isern (SBN 343159)                                Suite 1400 PMB #72
**GIRARD SHARP LLP**                                     San Francisco CA 94111
601 California Street, Suite 1400                        Tel: (415) 295-1197
San Francisco, CA 94108                                  Fax: (888) 980-6547
Tel: (415) 981-4800                                      jeff@skaggsfaucette.com
dsharp@girardsharp.com
scottg@girardsharp.com                                   By: /s/ Heidi K. Hubbard
tomw@girardsharp.com                                     Heidi K. Hubbard (*pro hac vice*)
jisern@girardsharp.com                                   Stanley E. Fisher (*pro hac vice*)
                                                         Benjamin M. Greenblum (*pro hac vice*)
By: /s/ Michael M. Buchman                               Alexander S. Zolan (*pro hac vice*)
Michael M. Buchman (*pro hac vice*)                      Teagan J. Gregory (*pro hac vice*)
**MOTLEY RICE LLC**                                      Lauren H. Uhlig (*pro hac vice*)
777 Third Avenue, 27th Floor                             **WILLIAMS & CONNOLLY LLP**
New York, NY 10017                                       680 Maine Avenue, S.W.
Tel: (212) 577-0050                                      Washington, D.C. 20024
mbuchman@motleyrice.com                                  Tel: (202) 434-5000
                                                         Fax: (202) 434-5029
*Co-Lead Class Counsel*                                  hhubbard@wc.com
                                                         sfisher@wc.com
By: /s/ Todd M. Schneider                                bgreenblum@wc.com
Todd M. Schneider (SBN 158253)                           azolan@wc.com
Jason H. Kim (SBN 220279)                                tgregory@wc.com
Matthew S. Weiler (SBN 236052)                           luhlig@wc.com
J. Caleigh Macdonald (SBN 302592)
**SCHNEIDER WALLACE**                                    *Attorneys for Defendants Jazz*
**COTTRELL KONECKY LLP**                                 *Pharmaceuticals, Inc., Jazz Pharmaceuticals*
2000 Powell Street, Suite 1400                           *Ireland Limited, and Jazz Pharmaceuticals*

| | | |
|---|---|---|
| 1 | Emeryville, CA 94608 | *Public Limited Company* |
| 2 | Tel: (415) 421-7100<br>TSchneider@schneiderwallace.com | |
| 3 | KJKim@schneiderwallace.com<br>MWeiler@schneiderwallace.com | |
| 4 | JMacdonald@schneiderwallace.com | |
| 5 | *Attorneys for Plaintiffs Humana Inc.,* | |
| 6 | *Molina Healthcare, Inc., Health Care Service Corporation, Blue Cross Blue Shield of Florida,* | |
| 7 | *Inc. and Health Options, Inc.* | |
| 8 | Peter D. St. Phillip (admitted *pro hac vice*) | |
| 9 | Noelle Ruggiero (admitted *pro hac vice*)<br>Uriel Rabinovitz (admitted *pro hac vice*) | |
| 10 | **LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100 | |
| 11 | White Plains, NY 10601<br>Tel: (914) 997-0500 | |
| 12 | PStPhillip@lowey.com<br>NRuggiero@lowey.com | |
| 13 | URabinovitz@lowey.com | |
| 14 | *Attorneys for Plaintiffs Humana Inc.,* | |
| 15 | *Molina Healthcare, Inc., and Health Care Service Corporation* | |
| 16 | | By: */s/ Jack E. Pace III* |
| 17 | Judith A. Zahid (SBN 215418)<br>Eric W. Buetzow (SBN 253803) | Jack E. Pace III (*pro hac vice*)<br>**WHITE & CASE LLP** |
| 18 | **ZELLE LLP**<br>555 12th Street, Suite 1230 | 1221 Avenue of the Americas<br>New York, NY 10020 |
| 19 | Oakland, CA 94607<br>Tel: (415) 693-0700 | Telephone: (212) 819-8200<br>Fax: (212) 354-8113 |
| 20 | jzahid@zellelaw.com<br>ebuetzow@zellelaw.com | jpace@whitecase.com |
| 21 | | Kathryn J. Mims (*pro hac vice*) |
| 22 | James R. Martin (SBN 173329)<br>**ZELLE LLP** | **WHITE & CASE LLP**<br>701 Thirteenth Street, NW |
| 23 | 1775 Pennsylvania Avenue, NW,<br>Suite 375 | Washington, D.C. 20005<br>Telephone: (202) 626-3600 |
| 24 | Washington, D.C. 20006<br>Tel: (202) 899-4100 | Fax: (202) 639-9355<br>kmims@whitecase.com |
| 25 | jmartin@zellelaw.com | |
| 26 | | Jeremy Ostrander (SBN 233489) |
| 27 | Hamish P.M. Hume (*pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP** | **WHITE & CASE LLP**<br>3000 El Camino Real |
| 28 | 1401 New York Ave, NW<br>Washington, D.C. 20005 | 2 Palo Alto Square, Suite 900<br>Palo Alto, CA 94306-2109 |

| | |
|---|---|
| Tel: (202) 237-2727<br>hhume@bsfllp.com<br><br>Beko O. Reblitz-Richardson (SBN 238027)<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Tel: (415) 293-6800<br>brichardson@bsfllp.com<br><br>*Attorneys for Plaintiff United HealthCare Services, Inc.* | Tel: (650) 213-0300<br>Fax: (650) 213-8158<br>jostrander@whitecase.com<br><br>*Attorneys for Defendants Hikma Pharmaceuticals PLC, Eurohealth (U.S.A.), Inc., West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc., and Roxane Laboratories, Inc. n/k/a Hikma Labs Inc.* |

**FILER'S ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: March 10, 2025          */s/ Dena C. Sharp*
                                              Dena C. Sharp