UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 20-md-02966-RS |
| This Document Relates to All Actions | **ORDER RE SCOPE OF IMPLIED WAIVER** |

Class Plaintiffs previously moved to preclude certain evidence at trial on the grounds that, because Defendant asserted privilege at various points of this litigation, Defendant must be precluded from introducing evidence about topics of the privileged communications it previously withheld. After that motion was granted in part and denied in part, Plaintiffs were instructed to respond to an offer by Defendant Hikma re: waiver of privilege over a subset of the documents at issue. Plaintiffs responded that the proposed scope of the waiver was too narrow and urged the court to preclude Hikma from putting on the related evidence instead. During a subsequent case management conference, the parties were instructed to meet and confer about submitting some of the at-issue documents for *in camera* review.

On April 21, 2022, the parties submitted a joint notice about Hikma's submission of privileged documents for in camera review. Hikma identified 112 documents; Plaintiffs identified a prioritized set of 118 documents that they believed would reflect financial modeling of the potential outcomes related to the patent litigation settlement at the crux of this case.

1    The court has reviewed this first wave of documents, including those 112 documents that
2  Hikma identifies as waived in connection with testimony of its former Generics Division
3  President, Brian Hoffmann.  The privilege as to these documents is deemed waived but for the
4  limited proposed redactions indicated therein, which are hereby authorized.

5    As to the documents identified by Plaintiffs: if Hoffmann is to testify about "negotiations
6  between Hikma and Jazz regarding the patent litigation, including the business strategy and
7  considerations relating to those settlement negotiations," *see* Defendants' Witness Disclosures,
8  Dkt. No. 871-2 at 13, Defendant must waive privilege over the following related documents:

1. REV00282749
2. REV00282751
3. REV00285008
4. REV00352103
5. REV00352104
6. REV00352123
7. REV00352124
8. REV00352127
9. REV00838438
10. REV00838651
11. REV00843239
12. REV00848774
13. REV00853086
14. REV02291502
15. REV02291503
16. REV02291570
17. REV02291575
18. REV02291576
19. REV02291577

 20. REV02291805
 21. REV02294152
 22. REV02294153
 23. REV02642707
 24. REV02642708
 25. REV02642922_HK-XYREM-0343280
 26. REV02661766
 27. REV02661767
 28. REV02930508
 29. REV02986419
 30. REV02986792
 31. REV02987576
 32. REV02987577
 33. REV02987601
 34. REV02987687
 35. REV02987740
 36. REV02987802
 37. REV05348879

The remaining documents identified by Plaintiffs are either duplicates of one of the above documents or beyond the scope of the implied waiver on this issue.[1]

Given the guidance reflected in the Court's narrowing of Plaintiffs' identified documents, the parties should be positioned to determine what (if any) relevant remaining documents fall

---

[1] It is not entirely clear that all of the documents shared for *in camera* review are even privileged in the first place. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice.").

ORDER RE SCOPE OF IMPLIED WAIVER
CASE NO. 20-md-02966-RS

within the ambit of Hikma's implied waiver. In the event that disputes remain, the parties are to identify and deliver to the court by April 25, 2025 whatever additional documents for which they seek *in camera* review. As always, they are requested to be mindful of the court's limited time and resources.

**IT IS SO ORDERED**.

Dated: April 23, 2025

_____
RICHARD SEEBORG
Chief United States District Judge