Brett J. Williamson (S.B. #145235)
bwilliamson@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, California 96660
Telephone:   +1 949-823-6900
Facsimile:   +1 949-823-6994

Benjamin G. Bradshaw (S.B. #189925)
bbradshaw@omm.com
Monsura A. Sirajee (S.B. #320704)
msirajee@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:   +1 202-383-5300
Facsimile:   +1 202-383-5414

*Attorneys for Par Pharmaceutical, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No. 3:20-md-02966-RS-SVK<br><br>**PAR PHARMACEUTICAL, INC.'S STATEMENT IN SUPPORT OF SEALING LIMITED PORTIONS OF DEFENDANT HIKMA'S OPPOSITION TO CLASS PLAINTIFFS' ADDITIONAL MOTIONS IN LIMINE** |

Pursuant to Civil Local Rules 7-11 and 79-5, Par Pharmaceutical, Inc. ("Par") respectfully submits this Statement In Support of Sealing Limited Portions of Hikma's Opposition to Class Plaintiffs' Additional Motion in Limine ("Hikma's Opposition"). ECF 983, 996 (Hikma's Corrected Opposition). Par requests that the Court seal a few lines in Hikma's Opposition that contain the royalty rate found in Par's confidential Authorized Generic Agreement with Defendants Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited (collectively, "Jazz"). This agreement has been transferred to Endo Enterprise, Inc. and its affiliates ("New Endo") in connection with the sale of Par's assets in the Bankruptcy Cases.[1] The disclosure of this confidential information would unfairly disadvantage New Endo in competition for sales and future negotiations with potential partners.

I.     DISCUSSION

The Ninth Circuit has held, "access to judicial records is not absolute," and certain non-public, commercial sensitive documents may be protected from disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, federal district courts have broad discretion to seal portions of filed materials in order to protect from public disclosure, among other things, "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). For materials that are "more than tangentially related to the underlying cause of action," the Ninth Circuit evaluates a request to seal documents under a "compelling reasons" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016).

Par seeks to seal a few lines, more specifically **lines 15-18 of pg. 9** of Hikma's

---

[1] On August 16, 2022, voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") were filed by Endo International plc and certain of its debtor affiliates, including Defendant Par Pharmaceutical, Inc. (collectively the "Debtors"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Cases"). On March 22, 2024, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors (as modified, amended, or supplemented from time to time, the "Plan"), which became effective on April 23, 2024 (the "Effective Date"). On June 28, 2024, Par filed a Notice of Bankruptcy Discharge in this action. ECF 725. Pursuant to the Confirmation Order and Plan, as of the Effective Date, the discharge arising pursuant to Section 1141(d) of the Bankruptcy Code and injunction enjoins any party from continuing any action against the Debtors.

Opposition. Those lines discuss the financial terms of Par's confidential Authorized Generic Agreement with Jazz, which the Court already sealed when Defendants filed this agreement with their motion to dismiss. *See* ECF 139. Par also previously requested sealing this information in the Parties' consolidated motion to seal parts of the summary judgment and *Daubert* motions. *See* ECF 836, Ex. 9. Courts regularly find that contracts containing confidential information, like the ones at issue here, may be filed under seal. *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, [and] details of confidential licensing negotiations" were sealable confidential business information). This is especially true when the contracts, like those here, contain "royalty rates." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). No less restrictive means exist for maintaining confidentiality of those terms in these particular documents.

## II. CONCLUSION

For the reasons set forth above, Par requests that the Court enter the Proposed Sealing Order filed herewith.

Dated: May 2, 2025

/s/ Benjamin G. Bradshaw
Benjamin G. Bradshaw
Monsura A. Sirajee
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
bbradshaw@omm.com
msirajee@omm.com

Brett J. Williamson
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900
bwilliamson@omm.com

*Attorneys for Par Pharmaceutical, Inc.*