[*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION

THIS FILING RELATES TO:
All Actions

Case No. 3:20-md-02966-RS-SVK

**JOINT STATEMENT REGARDING SEALING ISSUES**

Judge: Chief Judge Richard G. Seeborg

On May 2, 2025, the Court granted the parties' request to defer certain sealing deadlines to permit the parties time to meet and confer regarding outstanding sealing issues given the resolution of Class Plaintiffs' claims against all Defendants. ECF 1004. Having met and conferred, and subject to the Court's approval, the parties have identified three categories of outstanding sealing issues and make the below proposals concerning the resolution of those issues. The parties will be prepared to discuss the below with the Court at the May 15, 2025, hearing.

***First***, on April 25, 2025, Hikma and Class Plaintiffs filed (1) oppositions to motion *in limine* and (2) deposition designations, with both submissions containing material designated as confidential. The Court deferred the deadline to submit statements in support of sealing. ECF 1004. As to the sealing motions concerning the oppositions to the motion *in limine*, the parties propose that any statements in support of sealing be filed by May 23, 2025. With respect to sealing issues related to the deposition designations, the parties' positions are as follows:

*Jazz and Hikma*: Pursuant to Local Rule 79-5(g)(2), Defendants respectfully request that the deposition designation submissions be removed from the docket. Under Local Rule 79-5(g)(2), the Court may "permit [the] withdrawal" of those submissions because neither the Court nor a jury considered them. *See Monster, Inc. v. Dolby Lab'ys Licensing Corp.*, 2013 WL 163774, at *2 (N.D. Cal. Jan. 15, 2013); *Dollar Tree Stores, Inc. v. Toyama Partners LLC*, 2011 WL 5117565, at *12 (N.D. Cal. Oct. 28, 2011). On April 25, 2025, Class Plaintiffs and Hikma jointly filed under seal hundreds of pages of deposition testimony designated for the trial then-scheduled for May 19, 2025. *See* ECF 986; ECF 987. Five days later, Class Plaintiffs resolved their claims against Hikma and the trial was vacated. ECF 999. None of the designated deposition testimony was, or will be, played in Court in connection with the now-vacated trial.

Under these circumstances, maintaining the deposition designation submissions on the docket would not serve a meaningful public interest. Public access concerns, as important as they are, are "diminished" where, as here, the submissions "have not been considered by a court or a jury." *CreAgri, Inc. v. Pinnaclife Inc.*, 2014 WL 27028, at *1 (N.D. Cal. Jan. 2, 2014); *cf. FTC v. Qualcomm Inc.*, 2018 WL 6615298, at *1 (N.D. Cal. Dec. 17, 2018) ("Records attached to

motions that are 'not related, or only tangentially related, to the merits of the case' are not subject to the strong presumption of access" (quoting *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)); *Belmont v. BP AM. Prod. Co.*, 2015 WL 11017785, at *3 (D. Wyo. May 7, 2015) ("The common-law right of access does not extend to information collected through discovery which is not a matter of public record." (citation and internal quotation marks omitted)). Such concerns are also outweighed by the burden of having to redact hundreds of pages of deposition testimony designated for a trial that will not occur. Absent removal of the submissions from the docket, Defendants' attorneys and non-parties would have to spend dozens of hours reviewing designated deposition testimony that will not be used. That would be both inefficient and without significant benefit to the public.

When it is time to designate deposition testimony for the trial between the Opt-Out Plaintiffs and Defendants (currently scheduled for March 2, 2026 (ECF 1011)), the parties will then identify the testimony relevant for *that* trial and follow sealing and redaction procedures as appropriate. But given the current posture, the burden of redacting testimony designated for a vacated trial, respectfully, is not warranted. Since the parties have resolved the claims for which the deposition testimony was designated, Defendants respectfully ask the Court to remove the deposition designation submissions from the docket. *Class Plaintiffs*: Class Plaintiffs take no position concerning Jazz and Hikma's proposals. To the extent the Court directs the parties to proceed with statements in support of sealing and revised redacted filings (if necessary) concerning the deposition designations, Class Plaintiffs propose that statements in support of sealing be filed by June 13, 2025.

***Second***, complete sets of public versions of the parties' below briefing have yet to be filed (those submissions were provisionally filed under seal or in redacted form pending the Court's ruling on sealing). The parties will file redacted versions conforming to the Court's sealing orders by June 13, 2025.

| Document to be Filed and ECF Number(s) of Sealing Motion(s) | ECF Number of Court order regarding sealing |
|---|---|
| Motion to Certify Class (ECF Nos. 351, 352) | 510, 529 |
| Reply re Motion to Certify Class (ECF Nos. 448, 449) | 510, 529 |
| Opposition to Motion to Exclude Opinions of Plaintiffs' Experts Rena Conti and Laura Craft (ECF Nos. 478) | 510 |
| Opposition to Motion to Strike Portions of Plaintiffs' Reply Expert Reports (ECF No. 613) | 650 |

***Third***, the parties have identified several administrative motions to seal and administrative motions to consider whether another party's material should be sealed that have not yet to be ruled on. Most significantly, the parties note that the parties' consolidated filing regarding Summary Judgment and Daubert Submissions (ECF No. 836) has not been ruled on. The parties will be prepared to discuss how the Court would prefer to handle the remaining outstanding motions to seal at the May 15 conference.

Once the Court has entered an order resolving these remaining open issues, the parties will file redacted versions conforming to the Court's sealing orders, if needed, within thirty (30) days of such orders.

Dated: May 14, 2025

Respectfully submitted,

By: */s/ Dena C. Sharp*
Dena C. Sharp (SBN 245869)
Scott Grzenczyk (SBN 279309)
Jordan Isern (SBN 343159)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
scottg@girardsharp.com
jisern@girardsharp.com

By: */s/ Jeffrey Faucette*
Jeffrey Faucette (SBN 193066)
**SKAGGS FAUCETTE LLP**
Four Embarcadero Center
Suite 1400 PMB #72
San Francisco CA 94111
Tel: (415) 295-1197
Fax: (888) 980-6547
jeff@skaggsfaucette.com

By: /s/ Michael M. Buchman
Michael M. Buchman (*pro hac vice*)
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, NY 10022
Tel: (212) 577-0050
mbuchman@motleyrice.com

*Co-Lead Class Counsel*

By: /s/ Heidi K. Hubbard
Heidi K. Hubbard (*pro hac vice*)
Stanley E. Fisher (*pro hac vice*)
Benjamin M. Greenblum (*pro hac vice*)
Alexander S. Zolan (*pro hac vice*)
Teagan J. Gregory (*pro hac vice*)
Lauren H. Uhlig (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
hhubbard@wc.com
sfisher@wc.com
bgreenblum@wc.com
azolan@wc.com
tgregory@wc.com
luhlig@wc.com

*Attorneys for Defendants Jazz Pharmaceuticals, Inc., Jazz Pharmaceuticals Ireland Limited, and Jazz Pharmaceuticals Public Limited Company*

By: /s/ Jack E. Pace III
Jack E. Pace III (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Fax: (212) 354-8113
jpace@whitecase.com

Kathryn J. Mims (*pro hac vice*)
Jaclyn Phillips (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 626-3600
Fax: (202) 639-9355
kmims@whitecase.com
jaclyn.phillips@whitecase.com

Jeremy Kent Ostrander (SBN 233489)
**WHITE & CASE LLP**
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109

Tel: (650) 213-0300
Fax: (650) 213-8158
jostrander@whitecase.com

*Attorneys for Defendants Hikma Pharmaceuticals PLC, Eurohealth (U.S.A.), Inc., West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc., and Roxane Laboratories, Inc. n/k/a Hikma Labs Inc.*

**FILER'S ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: May 14, 2025

*/s/ Dena C. Sharp*
Dena C. Sharp