1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | CASE NO. 3:20-md-02966-RS |
| | **COMPENDIUM OF COUNSEL DECLARATIONS** |
| This Document Relates to: | HON. RICHARD SEEBORG |
| All Class Actions | |

In connection with Class Counsel's Motion for an Award of Attorneys' Fees, Expenses, and Service Awards, each firm has submitted a declaration in support of the motion. In addition to the Joint Declaration of Co-Lead Counsel submitted in connection with today's filings, individual firm declarations are attached as exhibits hereto as follows:

A.     DiCello Levitt LLP

B.     Hagens Berman Sobol Shapiro LLP

C.     Joseph Saveri Law Firm, Inc.

D.     Labaton Keller Sucharow LLP

E.     Radice Law Firm, P.C.

F.     Spector Roseman & Kodroff PC

G.     Wexler Boley & Elgersma LLP

H.     Loper Law LLC

I.     Rupp Pfalzgrad LLC

J.     David Kalow

K.     Zimmerman Reed

Dated: July 10, 2025

Respectfully submitted,

By: /s/ *Dena C. Sharp*
Dena C. Sharp (State Bar No. 245869)
Scott Grzenczyk (State Bar No. 279309)
Jordan Isern (State Bar. No. 343159)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dsharp@girardsharp.com
scottg@girardsharp.com
jisern@girardsharp.com

By: /s/ *Michael M. Buchman*
Michael M. Buchman
**MOTLEY RICE LLC**
800 Third Avenue, Ste 2401
New York, NY 10022
(212) 577-0050
mbuchman@motleyrice.com

*Co-Lead Counsel*

COMPENDIUM OF COUNSEL DECLARATIONS
CASE NO. 3:20-md-02966-RS

# DiCello Levitt LLP

# EXHIBIT A

*[Submitting Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS<br><br>**DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, Gregory S. Asciolla, declare as follows:

1.      I am an attorney at DiCello Levitt LLP ("DiCello Levitt"), counsel for UFCW Local 1500 Welfare Fund ("Local 1500"). This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As one of the attorneys at DiCello Levitt who was responsible for the firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto. While some of the DiCello Levitt attorneys identified below were involved in the matter from its inception, they began working on this matter at a different law firm: Labaton Keller Sucharow LLP ("Labaton"). On March 7, 2022, these attorneys switched law firm affiliations to DiCello Levitt from Labaton and continued working on this matter.  Labaton will be submitting its own separate declaration for the work performed from inception of the case through March 4, 2022, while this declaration will cover the work performed from March 7, 2022 through May 15, 2025.

2.      DiCello Levitt is an experienced class action, antitrust, and complex civil litigation firm. DiCello Levitt attorneys have been sole lead, co-lead, and members of the executive committee on antitrust matters in various business sectors. A few of those notable actions are *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-02724 (E.D. Pa.) ($333 million in settlements to date); *In re European Gov't Bonds Antitrust Litig.*, No. 19-cv-02601 (S.D.N.Y.) ($120 million); *In re Platinum and Palladium Antitrust Litig.*, No. 1:14-cv-9391 (S.D.N.Y.) ($20 million); *Borozny, et al. v. RTX Corporation, Pratt & Whitney Division, et al*., No. 21-cv-01657 (D. Conn.) ($60.5 million); and *In re Novartis and Par Antitrust Litig.*, No. 18-cv-04361 (S.D.N.Y.) ($30 million).

## I.    OVERVIEW

### A.    Work Performed for the Benefit of the Settlement Class

DiCello Levitt has participated in the prosecution of this litigation on behalf of the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel includes the following (among other things): working with regulatory expert Martin Lessem to prepare expert reports; preparing for and defending Mr. Lessem's deposition; preparing Mr. Lessem for planned

1

1  trial; taking depositions of various Hikma employees; assisting with preparation of depositions of

2  other Defendant witnesses; reviewing and analyzing documents with a focus on regulatory

3  misconduct component of case; and engaging in various defensive discovery tasks on behalf of

4  plaintiffs and client Local 1500.

5    **B.**  **Lodestar Summary**

6    3.  In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2,

7  2021, letter concerning time and expense reporting, DiCello Levitt's attorneys and staff kept

8  contemporaneous records of the time they spent on this litigation. Reports that reflect the

9  contemporaneous time entries for the work performed by DiCello Levitt were delivered to Co-

10 Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my

11 office have reviewed my firm's daily time records to ensure compliance with the rules set forth by

12 Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-

13 Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by

14 the Court.

15   4.  The total number of hours spent by DiCello Levitt prosecuting this litigation from

16 March 7, 2022, through May 15, 2025, is 2122.30, with a corresponding lodestar of $1,607,531.50.

17 The lodestar does not include any time related to the appointment of class counsel, proceedings

18 involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing

19 of preliminary approval.

20   5.  The following summary chart identifies the individuals who worked on this matter,

21 their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the approximate total

22 number of hours they worked, their historic hourly billing rates, and their approximate total

23 lodestar. Additional detail concerning the work performed by each of these individuals is set forth

24 below.

25

26

27

28

DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Staff | Title | Hours | Historic Hourly Rate(s) | Lodestar |
|---|---|---|---|---|
| Adrian Saldana | Paralegal | 47.2 | $400.00 | $18,880.00 |
| Adrian Saldana | Paralegal | 11.8 | $440.00 | $5,192.00 |
| Adrian Saldana | Paralegal | 12.2 | $450.00 | $5,490.00 |
| Charles Appiah | Associate (Contract Attorney) | 403.1 | $240.00 | $96,744.00 |
| Gregory Asciolla | Partner | 0.4 | $1,100.00 | $440.00 |
| Gregory Asciolla | Partner | 0.4 | $1,210.00 | $484.00 |
| Gregory Asciolla | Partner | 2.4 | $1,275.00 | $3,060.00 |
| Gregory Asciolla | Partner | 0.8 | $1,405.00 | $1,124.00 |
| Johnny Shaw | Associate | 97.8 | $490.00 | $47,922.00 |
| Johnny Shaw | Associate | 15.5 | $540.00 | $8,370.00 |
| Jonathan Crevier | Associate | 331.3 | $625.00 | $207,062.50 |
| Jonathan Crevier | Associate | 54.1 | $690.00 | $37,329.00 |
| Jonathan Crevier | Associate | 178.1 | $755.00 | $134,465.50 |
| Jonathan Crevier | Partner | 17 | $1,155.00 | $19,635.00 |
| Karin Garvey | Partner | 136.7 | $1,010.00 | $138,067.00 |
| Karin Garvey | Partner | 13.4 | $1,110.00 | $14,874.00 |
| Karin Garvey | Partner | 69.7 | $1,210.00 | $84,337.00 |
| Karin Garvey | Partner | 12.2 | $1,250.00 | $15,250.00 |
| Matthew Perez | Partner | 306.4 | $1,010.00 | $309,464.00 |
| Matthew Perez | Partner | 256.1 | $1,110.00 | $284,271.00 |
| Matthew Perez | Partner | 154.9 | $1,125.00 | $174,262.50 |
| Robin van der Meulen | Partner | 0.8 | $1,010.00 | $808.00 |

DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

### C.     Staffing and Tasks Performed on This Matter

6.     DiCello Levitt staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who worked on this matter and the tasks they performed are described below:

| Attorney | Title | Tasks |
|---|---|---|
| Appiah, Charles | Associate (Contract Attorney) | Document review and analysis, focused on regulatory misconduct component of case. |
| Asciolla, Gregory | Partner | Oversaw DiCello Levitt team; managed various projects related to regulatory misconduct component of case. |
| Crevier, Jonathan | Associate/Partner (starting 1/1/25) | Worked directly with regulatory expert Martin Lessem, assisting with the preparation of his expert reports and preparing him to testify in his deposition and at trial; developed detailed timelines of regulatory misconduct case evidence; prepared memoranda outlining points of proof for the regulatory misconduct claims, including supporting evidence, legal theories, and citations to key documents; prepared "key evidence" presentation for lead counsel; drafted deposition outlines and modular question sets for the examination of multiple fact witnesses, including Suzanne McLeod (Hikma), Gregory Hicks (Hikma), Shawn Mindus (Jazz), and Kalpana Vanum (Lupin); conducted targeted document review and analysis focusing on the regulatory misconduct aspects of the case and identified and synthesized evidence for use in depositions and at trial; assisted in the preparation of Local 1500's responses to defendants' written discovery requests and Local 1500's deposition; participated in internal case team meetings devoted to regulatory misconduct issues, contributing to the development of litigation strategy and evidentiary framing. |
| Garvey, Karin | Partner | Prepared and supervised the drafting of deposition outlines and question sets for key |

4

DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| | | fact witnesses relevant to regulatory issues, including Ms. McLeod and Mr. Hicks; took the depositions of Ms. McLeod and Mr. Hicks; participated in regulatory misconduct team meetings, providing guidance on litigation strategy. |
|---|---|---|
| Perez, Matthew | Partner | Worked directly with regulatory expert Martin Lessem in the preparation of expert reports; defended Mr. Lessem's deposition; prepared and supervised the drafting of deposition outlines and question sets for multiple key fact witnesses relevant to regulatory issues, including Ms. McLeod, Mr. Hicks, Mr. Mindus, and Ms. Vanum; gave presentation to lead counsel on "key evidence" for regulatory misconduct component of case; managed and performed defensive discovery tasks for client Local 1500, including preparing for and defending Local 1500's deposition; contributed to the formulation of plaintiffs' regulatory misconduct case theory, including collaboration on timelines, evidentiary frameworks, and legal arguments in coordination with lead counsel; participated in regulatory misconduct team meetings, providing guidance on litigation strategy. |
| Saldana, Adrian | Paralegal | Senior paralegal assigned to case for DiCello Levitt; assisted attorneys with deposition prep and document review and analysis. |
| Shaw, Johnny | Associate | Assisted with preparation of deposition outlines, including for Ms. McLeod and Mr. Hicks' depositions; performed document review and analysis, focused on regulatory misconduct component of case. |

## II.    HOURLY RATES

7.      The historical hourly rates submitted by DiCello Levitt in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

5

8.    Recently, DiCello Levitt's hourly rates, including the rates for specific timekeepers that worked on this matter, were approved by courts in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters: *Borozny, et al. v. RTX Corporation, Pratt & Whitney Division, et al*., No. 21-cv-01657 (D. Conn.), ECF 1002; *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.,* No. 2:20-cv-02600 (W.D. Tenn.), ECF 350; *In re Platinum and Palladium Antitrust Litig.*, No. 1:14-cv-9391 (S.D.N.Y.), ECF 335, 340; and *In re Opana ER Antitrust Litigation*, No 14-cv-10150 (N.D. Ill.), ECF 1077, 1091.

## III.    LITIGATION EXPENSES

9.    Below is an itemized list of the unreimbursed expenses DiCello Levitt incurred during the prosecution of this litigation while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary course of the firm's business and are based on the receipts and data maintained by the firm. DiCello Levitt periodically submitted its expenses for review by Co-Lead Counsel throughout the litigation.

| Category | Amount Incurred |
|---|---|
| Assessments/Litigation Fund | $200,000.00 |
| Computer Research/Lexis/Westlaw | $376.54 |
| Experts/Consultants/Professional Services | $5,141.60 |
| Filing/Witness Fees | $6,912.50 |
| Travel/Meals/Hotels/Transportation | $8,527.00 |
| Photocopies/Reproduction | $66.87 |
| Postage | $497.65 |
| **Total:** | $221,522.16 |
| **Contributions to the Litigation Fund:** | $200,000.00 |

10.    The firm also contributed $200,000.00 to the litigation fund maintained by Co-Lead Counsel.

11.    The expenses listed above—including computer research—were incurred specifically for this case and do not include any costs for general firm overhead.

DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

## IV.    WORK WITH CLASS REPRESENTATIVE

12.    DiCello Levitt is counsel for class representative Local 1500. Over the course of the litigation, DiCello Levitt kept Local 1500 apprised of the status of the litigation and worked with Local 1500 to respond to discovery served by Defendants. In responding to discovery, Local 1500 met with counsel many times to discuss the requests, searched for and produced documents from their files dating back to 2016, provided data reflecting their brand and generic Xyrem purchases (including supplemental productions), provided information in response to interrogatories, conferred with counsel regarding discovery motions (concerning, for example, premiums), prepared and sat for a deposition, and conferred with counsel regarding settlement. Based on DiCello Levitt's work with Local 1500, Local 1500 devoted substantial time to responding to discovery in this matter and performing its duties as a class representative.

*        *        *        *        *

13.    DiCello Levitt will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this July 10, 2025, in New York, New York.


/s/ *Gregory S. Asciolla*
Gregory S. Asciolla
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com

7

DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

1

**<u>FILER'S ATTESTATION</u>**

2

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file

3

this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto

4

concur in this filing.

5

Dated: July 10, 2025                                     <u>/s/ *Dena C. Sharp*</u>

6

                                                          Dena C. Sharp

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

DECLARATION OF DICELLO LEVITT LLP IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Hagens Berman Sobol Shapiro LLP

EXHIBIT B

[*Submitting Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS<br><br>**DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, Jessica R. MacAuley, declare as follows:

1.      I am an attorney at Hagens Berman Sobol Shapiro LLP (HBSS), counsel for Government Employees Health Association ("GEHA"). On February 22, 2021, I was appointed to the "Plaintiffs Steering Committee" in this action (ECF No. 59).

2.      This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the attorney at HBSS responsible for the firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

3.      HBSS is an experienced class action, antitrust, and complex civil litigation firm. HBSS attorneys have been sole lead, co-lead, and members of the executive committee on antitrust matters in various business sectors. In the Northern District of California, HBSS was appointed co-lead counsel in *In re Dexilant (Dexlansoprazole) Antitrust Litig.*, No. 25-cv-2785 (N.D. Cal.) (Hon. Corley); *In re Glumetza Antitrust Litig.*, No. 19-cv-5822 (N.D. Cal.) (Hon. Alsup); *In re HIV Antitrust Litig.*, No. 3:19-cv-02573 (N.D. Cal.) (Hon. Chen); and *In re Lidoderm Antitrust Litig.*, No. 14-md-2521 (N.D. Cal.) (Hon. Orrick).

4.      HBSS has also served as co-lead counsel in multiple actions asserting antitrust or consumer harm in the pharmaceutical sector. These include: *Carefirst of Maryland, Inc., et al. v. Johnson and Johnson, et al.*, No. 23-cv-00629 (E.D. Va.) (Hon. Walker); *In re Intuniv Antitrust Litigation*, No. 1:16-cv-12653 (D. Mass.) (Hon. Burroughs); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 18-md-02836 (E.D. Va.) (Hon. Smith; Hon. Miller); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-md-02819 (E.D.N.Y.) (Hon. Gershon); *In re Celebrex (Celecoxib) Antitrust Litig.*, No. 14-cv-00361 (E.D. Va.) (Hon. Wright Allen; Hon. Miller); *In re Asacol Antitrust Litig.*, No. 16-cv-11498 (D. Mass.) (Hon. Casper); *In re Aggrenox Antitrust Litig.*, No. 14-md-2516 (D. Conn.) (Hon. Underhill); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-02503 (D. Mass.) (Hon. Casper); *In re Niaspan Antitrust Litig.*, No. 13-md-02460 (E.D. Pa.) (Hon. DuBois; Hon. Savage); *In re Suboxone*

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

*(Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, No. 13-md-02445 (E.D. Pa.) (Hon. Goldberg); and *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-02472 (D.R.I.) (Hon. Smith).

## I.    OVERVIEW

### A.    Work Performed for the Benefit of the Class

HBSS has participated in the prosecution of this litigation on behalf of the class. HBSS attorneys were involved in the day-to-day strategy from inception to trial. The work performed by the firm at the direction of Co-Lead Counsel included: researching and drafting the initial complaint, effectuating service on defendants, and drafting initial case documents; drafting and responding to discovery requests; researching and drafting the opposition to the defendant's motion to dismiss; leading the agreements issue team through document production, deposition, and trial; and reviewing thousands of documents—both in offensive and defensive discovery. HBSS attorneys were lead examiners for the depositions of six fact witnesses: Mini Bhatt, Kapil Gupta, Jason Gensburger, Christopher Bonny, P.J. Honerkamp, and Bruce Cozadd. HBSS attorneys also assisted in the preparation and second-chaired the depositions of Jana Gold, Brian Hoffman, and Shawn Mindus. In coordination with Co-Lead Counsel, HBSS attorneys drafted and coordinated briefing on an affirmative motion for summary judgment and the opposition to two motions for summary judgment filed by defendants. HBSS attorneys also contributed to multiple affirmative and defensive *Daubert* motions. Lastly, HBSS dedicated significant time and resources to preparing for the trial. HBSS attorneys reviewed and selected exhibits and designated deposition testimony for trial, drafted witness examinations, and drafted briefing on pretrial submissions, including multiple affirmative and defensive motions *in limine*. HBSS attorneys, with Co-Lead Counsel, worked on jury instructions and in the waiver fights that occurred just a month before the start of trial. HBSS attorneys also conducted jury research, created and refined the trial exhibit list, and prepared expert witnesses for trial.

### B.    Lodestar Summary

5.    In accordance with this Court's direction (ECF No. 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, HBSS's attorneys and staff kept

2

contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by HBSS were delivered to Co-Lead Counsel for their review every month. Co-Lead Counsel and my office have reviewed my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgments to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court. All time and expenses reported below have been reviewed and approved by Co-Lead Counsel.

6.    The total number of hours spent by HBSS prosecuting this litigation through May 15, 2025, is 14,789, with a corresponding lodestar of $8,708,153. The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

7.    The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Summer Associate, Contract Attorney, Staff Attorney, Paralegal, Litigation Staff), the total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional details concerning the work performed HBSS is set forth below.

| Staff | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Thomas Sobol | Partner | 97.8 | $1,425.00 | $139,365.00 |
| Thomas Sobol | Partner | 83.6 | $1,350.00 | $112,860.00 |
| Thomas Sobol | Partner | 44.5 | $1,250.00 | $55,625.00 |
| Thomas Sobol | Partner | 53.7 | $1,200.00 | $64,440.00 |
| Thomas Sobol | Partner | 57.1 | $1,100.00 | $62,810.00 |
| Thomas Sobol | Partner | 59.9 | $995.00 | $59,600.50 |
| Thomas Sobol | Partner | 75.3 | $975.00 | $73,417.50 |
| Lauren Barnes | Partner | 0.3 | $950.00 | $285.00 |
| Lauren Barnes | Partner | 365.3 | $935.00 | $341,555.50 |
| Lauren Barnes | Partner | 136.7 | $875.00 | $119,612.50 |
| Lauren Barnes | Partner | 12.2 | $850.00 | $10,370.00 |
| Kristen Johnson | Partner | 2 | $990.00 | $1,980.00 |

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE No. 3:20-md-02966-RS

| Staff | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Kristen Johnson | Partner | 0.4 | $950.00 | $380.00 |
| Kristen Johnson | Partner | 1 | $935.00 | $935.00 |
| Kristen Johnson | Partner | 1.8 | $875.00 | $1,575.00 |
| Jessica MacAuley | Partner | 637.4 | $850.00 | $541,790.00 |
| Jessica MacAuley | Partner | 891.1 | $825.00 | $735,157.50 |
| Jessica MacAuley | Partner | 129.8 | $780.00 | $101,244.00 |
| Jessica MacAuley | Partner | 1341.5 | $700.00 | $939,050.00 |
| Jessica MacAuley | Partner | 447.5 | $600.00 | $268,500.00 |
| Hannah Brennan | Partner | 83.2 | $700.00 | $58,240.00 |
| Greg Arnold | Partner | 5.1 | $850.00 | $4,335.00 |
| David Nalven | Partner | 3.3 | $950.00 | $3,135.00 |
| Daniel Kurowski | Partner | 2.2 | $600.00 | $1,320.00 |
| Abbye Ognibene | Partner | 287.9 | $775.00 | $223,122.50 |
| Abbye Ognibene | Partner | 29.3 | $725.00 | $21,242.50 |
| Abbye Ognibene | Partner | 13.7 | $680.00 | $9,316.00 |
| James Nicklaus | Of-Counsel | 461.9 | $625.00 | $288,687.50 |
| James Nicklaus | Of-Counsel | 21.7 | $650.00 | $14,105.00 |
| James Nicklaus | Of-Counsel | 732.9 | $675.00 | $494,707.50 |
| James Nicklaus | Of-Counsel | 7.9 | $700.00 | $5,530.00 |
| James Nicklaus | Of-Counsel | 0.2 | $750.00 | $150.00 |
| Laura Hayes | Of-Counsel | 394.4 | $500.00 | $197,200.00 |
| Laura Hayes | Of-Counsel | 317.7 | $525.00 | $166,792.50 |
| Laura Hayes | Of-Counsel | 1045.4 | $550.00 | $574,970.00 |
| Laura Hayes | Of-Counsel | 201.2 | $575.00 | $115,690.00 |
| Laura Hayes | Of-Counsel | 65.9 | $600.00 | $39,540.00 |
| Laura Hayes | Of-Counsel | 303.8 | $625.00 | $189,875.00 |
| Abbye Ognibene | Associate | 1.8 | $500.00 | $900.00 |
| Abbye Ognibene | Associate | 0.6 | $425.00 | $255.00 |
| Bradley Vettraino | Associate | 18.4 | $575.00 | $10,580.00 |
| Bradley Vettraino | Associate | 723.8 | $550.00 | $398,090.00 |
| Bradley Vettraino | Associate | 92.6 | $525.00 | $48,615.00 |
| Bradley Vettraino | Associate | 205.1 | $500.00 | $102,550.00 |
| Chris O'Brien | Associate | 1313.7 | $550.00 | $722,535.00 |
| Chris O'Brien | Associate | 412.3 | $475.00 | $195,842.50 |
| Claudia Morera | Associate | 0.2 | $450.00 | $90.00 |

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Staff | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Hannah Brennan | Associate | 0.8 | $500.00 | $400.00 |
| Jessica MacAuley | Associate | 144.2 | $550.00 | $79,310.00 |
| Rachel Downey | Associate | 9.1 | $550.00 | $5,005.00 |
| Rachel Downey | Associate | 8.7 | $500.00 | $4,350.00 |
| Rachel Downey | Associate | 0.5 | $475.00 | $237.50 |
| Rachel Downey | Associate | 5 | $425.00 | $2,125.00 |
| Whitney Siehl | Associate | 1.4 | $400.00 | $560.00 |
| Audley Fuller | Staff Attorney | 13.8 | $450.00 | $6,210.00 |
| Joshua Portney | Staff Attorney | 214.6 | $375.00 | $80,475.00 |
| Andreas Bojesen | Contract Attorney | 247.9 | $240.00 | $59,496.00 |
| Diane Williams | Contract Attorney | 81.8 | $240.00 | $19,632.00 |
| Timothy Farrell | Contract Attorney | 102.8 | $240.00 | $24,672.00 |
| Victoria Walton | Contract Attorney | 94.5 | $240.00 | $22,680.00 |
| Manuel Rendo | Summer Associate | 12.9 | $325.00 | $4,192.50 |
| Michael Lavine | Summer Associate | 18.8 | $300.00 | $5,640.00 |
| Christine Tierney | Paralegal | 144.4 | $450.00 | $64,980.00 |
| Christine Tierney | Paralegal | 269.6 | $425.00 | $114,580.00 |
| Christine Tierney | Paralegal | 0.2 | $375.00 | $75.00 |
| Christine Tierney | Paralegal | 0.9 | $350.00 | $315.00 |
| Valeria Alvarez | Paralegal | 420.9 | $425.00 | $178,882.50 |
| Valeria Alvarez | Paralegal | 581.2 | $375.00 | $217,950.00 |
| Valeria Alvarez | Paralegal | 108.9 | $350.00 | $38,115.00 |
| Valeria Alvarez | Paralegal | 219.2 | $325.00 | $71,240.00 |
| Rachel Downey | Paralegal | 5.9 | $350.00 | $2,065.00 |
| Megan O'Connell | Paralegal | 4.1 | $250.00 | $1,025.00 |
| Marcella Jackson | Paralegal | 178.6 | $325.00 | $58,045.00 |
| Linaris Falcon | Paralegal | 1.1 | $350.00 | $385.00 |
| Keiana James | Paralegal | 184.4 | $325.00 | $59,930.00 |
| Karen Elias | Paralegal | 0.3 | $375.00 | $112.50 |
| Jennifer O'Brien | Paralegal | 78.6 | $350.00 | $27,510.00 |
| Jennifer O'Brien | Paralegal | 12.7 | $325.00 | $4,127.50 |
| Jane MacKerron | Paralegal | 8.8 | $350.00 | $3,080.00 |
| Jane MacKerron | Paralegal | 8.6 | $325.00 | $2,795.00 |
| Iman Khan | Paralegal | 3 | $325.00 | $975.00 |
| David Newmark | Paralegal | 17.9 | $375.00 | $6,712.50 |

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Staff | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Annetta Giannetto | Paralegal | 0.1 | $375.00 | $37.50 |
| Achebe Silva | Paralegal | 3.6 | $325.00 | $1,170.00 |
| Jacob Phillips | Litigation Staff | 71 | $60.00 | $4,260.00 |
| Paola Demir | Litigation Staff | 45.5 | $60.00 | $2,730.00 |
| Julia Tushla | Litigation Staff | 7.7 | $55.00 | $423.50 |
| Paige Herman | Litigation Staff | 13 | $55.00 | $715.00 |
| Pono Gacutan | Litigation Staff | 23.7 | $55.00 | $1,303.50 |
| Beatriz Burd | Litigation Staff | 3.9 | $50.00 | $195.00 |
| Grace McGovern | Litigation Staff | 112.8 | $50.00 | $5,640.00 |
| Jasmine Burgos | Litigation Staff | 1.5 | $50.00 | $75.00 |
| Jessica Gwardschaladse | Litigation Staff | 2.5 | $50.00 | $125.00 |
| Olivia Binder | Litigation Staff | 57.4 | $50.00 | $2,870.00 |
| Princess Dyer | Litigation Staff | 34.1 | $50.00 | $1,705.00 |
| Sage Shumate | Litigation Staff | 4.3 | $50.00 | $215.00 |
| Sarah Wang | Litigation Staff | 10.1 | $50.00 | $505.00 |
| Valeria Alvarez[1] | Litigation Staff | 6.6 | $50.00 | $330.00 |
| **Total** | | **14,789** | | **$8,708,153.00** |

**C.    Staffing and Tasks Performed on this Matter**

8.    HBSS staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The core team of individuals who worked on this matter and the tasks they performed are described below:

a.    **Thomas Sobol, Partner:** Mr. Sobol oversaw and initiated the research that evolved into the first complaint filed by class representative Blue Cross Blue Shield Association (BCBSA). Mr. Sobol provided key insights and research on causes of action, reviewed and edited multiple drafts, and individually drafted significant portions of the complaint. At motion to dismiss, Mr. Sobol provided edits to the entire brief and wrote an analysis of *Illinois Brick* and

---

[1] Ms. Alvarez worked at HBSS as a college intern prior to entering the firm as a paralegal.

6

the nature of the sales transactions for Xyrem. Mr. Sobol advised and assisted in the retention of experts and worked closely with multiple experts, most notably Tom McGuire and Rena Conti, while their reports were being drafted. Mr. Sobol prepared for and was the lead examiner for the depositions of Jazz executives P.J. Honerkamp and Bruce Cozadd. During discovery, Mr. Sobol attended in-person and remote meetings called by co-lead counsel and contributed to the overall strategy for the case. Mr. Sobol outlined the key arguments to be made in class plaintiffs' affirmative motion for summary judgment and wrote and edited multiple sections of that brief. He also provided edits and analysis to the opposition and replies for the summary judgment motions and *Daubert* motions. Mr. Sobol was deeply engaged in the preparations leading to the trial, playing a pivotal role in shaping the trial strategy. Mr. Sobol drafted and revised jury instructions and prepared for the examination of multiple fact and expert witnesses. Mr. Sobol also consulted on numerous occasions with Co-Lead counsel Ms. Sharp (at her request) regarding settlement discussions with Jazz and, later, Hikma, providing advice and suggestions on approaches and evaluation of positions.

b.  **Jessica MacAuley, Partner:** Ms. MacAuley began work on the case prior to the consolidation and drafted ESI and other protocols. Following the consolidation, Ms. MacAuley was named as part of the Plaintiffs Steering Committee. Ms. MacAuley wrote key sections about REMS and reverse payment law in the motion to dismiss opposition. Ms. MacAuley led the agreements issue team tasked with marshaling evidence to support class plaintiffs' reverse payment and market allocation claims. This included analyzing the agreements, preparing questions for potential experts, reviewing documents and potential exhibits, drafting outlines for fact depositions, and identifying potential witnesses. Ms. MacAuley drafted

7

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

written discovery including requests for production, interrogatories, and 30(b)(6) deposition notice topics. Ms. MacAuley was the lead examiner of Hikma's Christopher Bonny and Lupin's Minaksi Bhatt. Ms. MacAuley assisted in the strategy and selection of potential exhibits for the depositions of Shawn Mindus, Jana Gold, P.J. Honerkamp, Bruce Cozadd, and Brian Hoffman. Ms. MacAuley worked closely with experts Thomas McGuire and Michael Johnson, including in their retention, the drafting of their reports, preparing them for deposition, and preparing them for testifying at trial. Ms. MacAuley also worked with class representative BCBSA and GEHA in responding to discovery requests and reviewing documents for potential production. During summary judgment briefing, Ms. MacAuley drafted several fact sections, compiled the factual evidence needed, and worked with the team on the liability portions of the briefing. In preparation for trial, Ms. MacAuley dedicated significant hours to organizing various teams and providing input into nearly all materials included in the pretrial exchanges. Ms. MacAuley took part in jury focus work, presenting the defendant's case and preparing presentations to mock jurors. She led the team in reviewing depositions and making designations, and in analyzing and narrowing all designations. She also was responsible for agreements documents included on the exhibit list and spent considerable time scrutinizing various forecasts for inclusion on the exhibit list and for use with experts. Hikma's last minute privilege waiver required Ms. MacAuley to review hundreds of privilege log entries to try and establish which would fall within the scope or would potentially have relevant information given the waiver. Ms. MacAuley engaged in multiple meet and confers over this process. Ms. MacAuley was prepared to argue several motions *in limine* at the final pre-trial conference.

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

c. **Lauren Barnes, Partner:** Ms. Barnes worked with class representative BCBSA and GEHA in preparing responses to discovery requests and producing documents. She also prepared both class representatives for their deposition and defended them at deposition. Ms. Barnes led the team drafting the opposition to the motion to dismiss filed against class representative BCBSA and argued that motion before the Court. Ms. Barnes led the drafting and writing of the affirmative motion to for summary judgment on antitrust law issues, as well as the reply. Ms. Barnes also prepared Dr. Tom McGuire for his expert deposition and defended him at that deposition.

d. **Abbye Klamann Ognibene, Partner:** Ms. Ognibene, who acted as trial counsel for indirect purchasers in the *In re HIV* jury trial in front of Judge Chen in this Court, was brought into the case to assist in preparing the patent witnesses for trial. Ms. Ognibene prepared trial examinations of plaintiffs' experts Daniel Wynn, Michael Johnson, Michael Davitz, Elaine Morrato, and Thomas Wessel. She was also preparing cross-examinations of defense experts Ahmed Davis, Richard Bogan, and Kathleen O'Malley. Ms. Ognibene assisted with drafting opening arguments and planning demonstratives. She handled numerous meet and confers with defendants concerning the mechanics of pretrial exchanges and helped manage complex filings in the lead up to trial. She also contributed to the comprehensive exhibit list, briefing on motions *in limine*, and the draft jury instructions.

e. **Laura Hayes, Of Counsel:** Laura Hayes was first placed on the patent issue team and was responsible for reviewing the prosecution history, litigation, and expert reports related to the '730 patent family. Ms. Hayes was also part of the team reviewing and identifying relevant documents from the class representatives BCBSA and GEHA. Ms. Hayes assisted with the agreements issue team, drafting a comprehensive memo detailing the agreement terms

9

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

and an in-depth analysis of the negotiations of the agreements. Ms. Hayes worked with the agreements issue team to identify hundreds of potentially relevant documents for use at deposition or by experts and narrowed this document set for use during discovery. Ms. Hayes drafted potential questions of forecasts for depositions of generic witnesses. In the lead up to trial, Ms. Hayes used that experience to assist in the preparation of multiple witnesses.

f.  **Jim Nicklaus, Of Counsel**: Mr. Nicklaus contributed to the initial research used to draft the first BCBSA complaint, specifically researching and drafting the patent and patent claims. Mr. Nicklaus was also a part of the team reviewing and identifying relevant documents from class representatives BCBSA and GEHA. Based on this experience, Mr. Nicklaus drafted responses to written discovery served on class representatives and assisted in the preparation of BCBSA and GEHA for their deposition. Mr. Nicklaus also assisted the agreements issue team in an in-depth analysis of the negotiations of the agreements.

g.  **Bradley Vettraino, Associate:** Mr. Vettraino began working on the case at its inception, researching and drafting portions of the complaint with an emphasis on REMS and regulatory issues. Mr. Vettraino then drafted and researched portions of the motion to dismiss, with a particular focus on the *Illinois Brick* and Express Scripts sections of the motion. Mr. Vettraino led multiple efforts in early discovery, including analyzing the settlement agreements themselves, agreements with Express Scripts, and outlining the proof needed for full discovery. Mr. Vettraino was heavily involved with plaintiff discovery, leading the review of potentially relevant documents to be produced by class representatives BCBSA and GEHA. He also led several efforts during fact discovery, reviewing and analyzing documents, creating draft outlines for depositions, and drafting the agreements issue team white

10

paper. Mr. Vettraino prepared for and was the lead examiner for the depositions of Amneal's Kapil Gupta and Lupin's Jason Gensburger.

h. **Christopher O'Brien, Associate**: Mr. O'Brien dedicated significant hours to drafting and editing the plaintiffs' affirmative motion for summary judgment. He also researched and drafted portions of the opposition to summary judgment and the reply. For trial, Mr. O'Brien drafted jury instructions, with a focus on Section 2 of the Sherman Act. He also drafted motions *in limine* and Daubert motions. Mr. O'Brien also prepared outlines and documents for the examination of plaintiffs' experts Martha Starr and Thomas McGuire, as well as cross-examinations for Pierre Cremieux and Robert Armitage.

i. **Valeria Alvarez, Paralegal:** Ms. Alvarez assisted attorneys in all phases of litigation, from discovery through trial preparation and settlement. Ms. Alvarez assisted in the preparation for, and was on-hand to assist in, the deposition of Lupin's Mini Bhatt. Ms. Alvarez also managed the case files, maintained documentation, and tracked deadlines to ensure compliance with court rules and procedural timelines, both for HBSS and for all counsel in the lead-up to trial. Ms. Alvarez communicated with the courts, co-counsel, and vendors to schedule and resolve case issues.

j. **Christine Tierney, Paralegal:** Ms. Tierney is an experienced trial paralegal who worked with Co-Lead Counsel to prepare for trial including by researching and negotiating contracts with hotels and other vendors. Ms. Tierney also managed and de-duplicated the trial exhibit list.

k. **Hannah Brennan, Partner**. Ms. Brennan worked closely with expert Thomas McGuire in the drafting of his expert report.

l. **Paralegal support**. During the five-year pendency of this action, multiple paralegals contributed to supporting attorneys. These paralegals worked on the first complaint by gathering documentation and preparing for service;

11

they also reviewed plaintiff productions and prepared them for service, prepared documents for filing with the Court, and assisted in the preparation for depositions.

m. **Staff attorneys, junior attorneys, and summer associates**. Multiple staff and junior attorneys also contributed with specific tasks including developing a timeline for trial, preparing a presentation for co-lead counsel, and researching issues to respond to defendants' summary judgement motions.

n. **Complaint drafting**. Partners Gregory Arnold, Daniel Kurowski, and David Nalven contributed to the initial factual research, coordinated with the client, and provided supporting documents for drafting the complaint. They also contributed to case management before the consolidation decision. Partner Kristen Johnson contributed to summary judgment efforts, providing insights into potential arguments.

o. **Contract Attorneys.** HBSS employed contract attorneys for two purposes. First, contract attorney Andreas Bojesen reviewed and marked documents for the agreements issue team. Second, contract attorneys Victoria Walton, Diane Williams, and Timothy Farrell reviewed the potential production of documents for class representative BCBSA and GEHA. Both plaintiffs are among the largest insurance companies in the country, requiring a comprehensive review of thousands of potentially responsive documents.

p. **Litigation Staff.** HBSS employs undergraduate students from the Northeastern University Co-op program who work with attorneys for discrete research projects and assist paralegals in preparing attorneys for depositions, hearings, and trial. The litigation staff here prepared background memos for depositions, assisted in the creation of the trial exhibit list, and prepared documents for exhibits at deposition.

12

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

## II. HOURLY RATES

9.     The historical hourly rates submitted by HBSS in this matter are the usual and customary rates charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

10.    Recently, HBSS's hourly rates—including the rates for specific timekeepers that worked on this matter—were approved in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters: *In re Glumetza Antitrust Litig.*, No. C 19-05822, 2022 WL 327707, at *8–9 (N.D. Cal. Feb. 3, 2022) (court would "not reduce the billing rate for any of" the 79 timekeepers from class counsel firms that participated in the case—three of which are class counsel here—because their rates "correspond with the going rate for counsel in our geographic region with the same levels of skill and experience"); *In re Lipitor Antitrust Litig.*, No. 12-cv-2389, slip op. at 10–11 (D.N.J. June 12, 2024); *In re Suboxone (Buprenorphine Hydrochloride & Nalaxone) Antitrust Litig.*, No. 13-md-2445, 2024 WL 815503, at *17 (E.D. Pa. Feb. 27, 2024); *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 630 F. Supp. 3d 241, 246–48 (D. Mass. Sept. 19, 2022); *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472, 2020 WL 5203323, at *5 (D.R.I. Sept. 1, 2020); *In re Solodyn Antitrust Litig.*, No. 14-md-2503, 2018 WL 7075880 (D. Mass. July 18, 2018).

## III. LITIGATION EXPENSES

11.    Below is an itemized list of the unreimbursed expenses HBSS incurred while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary course of the firm's business and are based on the receipts and data maintained by the firm. HBSS periodically submitted its expenses for review by Co-Lead Counsel throughout the litigation.

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Category | Amount Incurred |
|---|---|
| Computer Research/Lexis/Westlaw | $14,186.60 |
| Court Reporters/Transcripts/Video | $19.20 |
| Filing/Witness Fees | $2,604.57 |
| Travel/Meals/Hotels/Transportation | $41,917.45 |
| Photocopies/Reproduction | $18,053.45 |
| Postage | $2,071.94 |
| **Total Held Expenses:** | **$78,853.21** |
| **Contributions to the Litigation Fund:** | **$385,000.00** |
| **Total Expenses** | **$463,853.21** |

12.    HBSS also contributed $385,000.00 to the litigation fund maintained by Co-Lead Counsel.

13.    The expenses listed above, including computer research, were incurred specifically for this case and do not include any costs for general firm overhead.

**IV.    WORK WITH CLASS REPRESENTATIVE**

14.    HBSS is counsel for class representative GEHA in this litigation. Throughout the litigation, HBSS kept GEHA's general counsel, Shelby Kirk, informed of the litigation's status and collaborated with Ms. Kirk to respond to discovery served by the defendants. In responding to discovery, Ms. Kirk met with counsel frequently to discuss the requests, search for and produce documents from their files dating back to 2016, provide data reflecting their brand and generic Xyrem purchases (including supplemental productions), provide information in response to interrogatories, confer with counsel regarding discovery motions (concerning, for example, premiums), prepare and sit for a deposition, and confer with counsel regarding settlement. With HBSS's support, Ms. Kirk devoted substantial time to responding to discovery in this matter and performing the duties of class representative.

15.    HBSS also worked with Ms. Kirk to prepare for trial by preparing documents and potential testimony topics, evaluating Ms. Kirk's deposition for potential cross-examination topics, and holding two remote meetings with Ms. Kirk and GEHA staff to discuss potential trial topics. GEHA was also presented with settlement options and offers and advised counsel of their opinions.

*    *    *    *    *

14

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

16.     Hagens Berman Sobol Shapiro LLP will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this July 10, 2025, in Boston, Massachusetts.


/s/ *Jessica R. MacAuley*
Jessica R. MacAuley

DECLARATION OF HAGENS BERMAN SOBOL SHAPIRO LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Joseph Saveri Law Firm, Inc.

EXHIBIT C

Joseph R. Saveri (SBN 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiff*
*Self-Insured Schools of California*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION* | Case No. 3:20-md-02966-RS |
| | **DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, Joseph R. Saveri, declare as follows:

1.      I am the founding partner at Joseph Saveri Law Firm, LLP, ("JSLF") counsel for Self-Insured Schools of California ("SISC"). This Declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney at JSLF, who was responsible for the firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2.      JSLF is an experienced class action, antitrust, and complex civil litigation firm. JSLF attorneys have been sole lead, co-lead, and members of the executive committee on antitrust matters in various business sectors, including *In Re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD, 3:17-md-02801-JD (N.D. Cal.); *In Re High-Tech Employees Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal.); *In re Restasis Antitrust Litig.*, No. 1:18-md-02819-NG-LB (E.D.N.Y.); *Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-BNW (D. Nev); and *Robinson v. Jackson Hewitt Inc*, No. 2:19-cv-9066-MEF (D.N.J.).

## I.  <u>OVERVIEW</u>

### A.  **Work Performed for the Benefit of the Settlement Class**

JSLF has participated in the prosecution of this litigation on behalf of the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel included:

- <u>Investigation, Complaint and Initiation of Litigation</u>: JSLF undertook significant efforts to develop the factual basis and legal claims of Plaintiffs in this case. JSLF undertook an extensive prefiling investigation, including analyzing the terms of the anticompetitive agreement in this case and its anticompetitive effects. JSLF consulted with its long-term client, SISC, regarding its purchases and likely damages. JLSF filed a class action complaint on behalf of SISC and other similarly situated indirect purchasers. JSLF was appointed by the Court to serve on the plaintiffs' Steering Committee.

- <u>Discovery</u>: JSLF undertook significant discovery efforts in this case. JSLF attorneys worked with SISC in the preparation of responses to Defendants' written discovery. JLSF gathered, reviewed and produced SISC documents in response to Defendants' document requests. JSLF also evaluated and analyzed defendants' discovery responses.

JSLF participated extensively in the review of documents produced by Defendants. JSLF led discovery meet and confers with Anneal and Hikma, reviewed and analyzed Defendants' privilege logs for deficiencies and drafted letters to Lupin and Jazz Pharmaceuticals challenging their deficient privilege log entries, including the review and analysis of thousands of documents. JSLF prepared SISC for deposition and engaged in intensive preparation sessions over multiple days to prepare SISC for deposition.

- <u>Dispositive Motions</u>: In preparation for Motions for Summary Judgment, JSLF researched Defendants' affirmative defenses and met and conferred with Defendants regarding those defenses.

- <u>Preparation for Trial</u>: JSLF attorneys engaged in training sessions to prepare SISC Deputy Executive Officer, Health Benefits, John Stenerson, to testify at trial.

## B.    Lodestar Summary

3.    In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, JSLF's attorneys and staff kept contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by JSLF were drafted and reviewed by JSLF attorneys and regularly provided  Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my office have audited my firm's daily time records to ensure compliance. That audit confirms the time to be in compliance with the rules set forth by Co-Lead Counsel and consistent with the exercise of billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

4.    The total number of hours spent by JSLF prosecuting this litigation through May 15, 2025, is **2,947.45** with a corresponding lodestar at historical  rates of **$1,655,458.75** The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

5.    The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Litigation Staff), the total

number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals is set forth below.

| Timekeeper | Title | Hours | Rate (Historical) | Lodestar |
|---|---|---|---|---|
| Joseph R Saveri | Partner | 18.9 | $1,100 | $20,790.00 |
| Joseph R Saveri | Partner | 30.3 | $1,150 | $34,845.00 |
| Joseph R Saveri | Partner | 1 | $1,200 | $1,200.00 |
| Joseph R Saveri | Partner | 0.3 | $1,400 | $420.00 |
| Joseph R Saveri | Partner | 0.3 | $1,450 | $435.00 |
| David Seidel | Partner | 1.7 | $650 | $1,105.00 |
| Ronnie S. Spiegel | Partner | 2.7 | $900 | $2,430.00 |
| Steven Williams | Partner | 17.5 | $1,150 | $20,125.00 |
| Steven Williams | Partner | 122.8 | $1,200 | $147,360.00 |
| Christopher Young | Partner | 0.4 | $1,150 | $460.00 |
| Cadio Zirpoli | Partner | 6.2 | $1,250 | $7,750.00 |
| Holden Benon | Associate | 4.6 | $825 | $3,795.00 |
| Elissa Buchanan | Associate | 0.2 | $500 | $100.00 |
| Elissa Buchanan | Associate | 280.3 | $525 | $147,157.50 |
| Elissa Buchanan | Associate | 77.1 | $550 | $42,405.00 |
| Elissa Buchanan | Associate | 1.7 | $575 | $977.50 |
| Elissa Buchanan | Associate | 17.1 | $650 | $11,115.00 |
| William Castillo Guardado | Associate | 48.9 | $700 | $34,230.00 |
| Gwendolyn Giblin | Associate | 4.4 | $650 | $2,860.00 |
| Julie Han | Associate | 15.7 | $450 | $7,065.00 |

| Timekeeper | Title | Hours | Rate (Historical) | Lodestar |
|---|---|---|---|---|
| Julie Han | Associate | 14.6 | $475 | $6,935.00 |
| Julie Han | Associate | 756.5 | $525 | $397,162.50 |
| Julie Han | Associate | 519.1 | $550 | $285,505.00 |
| Julie Han | Associate | 213.8 | $575 | $122,935.00 |
| Julie Han | Associate | 114.8 | $625 | $71,750.00 |
| Anna-Patrice Harris | Associate | 13.8 | $625 | $8,625.00 |
| Anna-Patrice Harris | Associate | 8.8 | $650 | $5,720.00 |
| Brent Jordan | Associate | 9.4 | $825 | $7,755.00 |
| Ryan Manuel | Associate | 1.3 | $500 | $650.00 |
| Travis Manfredi | Associate | 2.2 | $750 | $1,650.00 |
| Kyle Quackenbush | Associate | 19.6 | $425 | $8,330.00 |
| Kyle Quackenbush | Associate | 22.8 | $450 | $10,260.00 |
| Anupama Reddy | Associate | 89.7 | $500 | $44,850.00 |
| Sean Bockover | Staff Attorney | 14.7 | $385 | $5,659.50 |
| Heather Du | Staff Attorney | 191.1 | $385 | $73,573.50 |
| Heather Du | Staff Attorney | 0.4 | $405 | $162.00 |
| Randy Salenfriend | Staff Attorney | 76.55 | $385 | $29,471.75 |
| Regan Yamasaki | Staff Attorney | 8 | $385 | $3,080.00 |
| Latoya Concepcion | Law Clerk | 3.5 | $375 | $1,312.50 |
| Latoya Concepcion | Law Clerk | 0.1 | $405 | $40.50 |
| Abraham Maggard | Law Clerk | 32.50 | $375 | $ 12.187.50 |
| Gayatri Raghunandan | Law Clerk | 8.9 | $375 | $3,337.50 |
| Gayatri Raghunandan | Law Clerk | 95.9 | $385 | $36,921.50 |

DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

| Timekeeper | Title | Hours | Rate (Historical) | Lodestar |
|---|---|---|---|---|
| Linda Szabados | Law Clerk | 14.7 | $375 | $5,512.50 |
| Gurjit Aulkh | Paralegal | 31.6 | $400 | $12,640.00 |
| Yasmin Jayasuriya | Paralegal | 0.2 | $425 | $85.00 |
| Ashleigh N Jensen | Paralegal | 0.5 | $425 | $212.50 |
| Alice Llie | Paralegal | 1.1 | $450 | $495.00 |
| Ruby Ponce | Paralegal | 1.50 | $385 | $577.50 |
| Ruby Ponce | Paralegal | 14.6 | $400 | $5,840.00 |
| Ruby Ponce | Paralegal | 0.5 | $445 | $222.50 |
| Ruby Ponce | Paralegal | 0.4 | $450 | $180.00 |
| Ruby Ponce | Paralegal | 1.4 | $625 | $875.00 |
| Sean Robertson | Paralegal | 4.1 | $400 | $1,640.00 |
| Daniel VanDeMortel | Paralegal | 4.5 | $400 | $1,800.00 |
| Ame Ortiz | Litigation Staff | 2.2 | $400 | $880.00 |
| | **Total** | **2,947.45** | | **$1,655,458.75** |

## C.     Staffing and Tasks Performed on This Matter

6.     JSLF staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who worked primarily on this matter and the tasks they performed are described below:

- Joseph Saveri (Partner): Oversaw JSLF team; managed the investigation, drafting and filing of complaint; attended and participated case management meetings; reviewed and revise pleadings; supervised defensive discovery tasks for plaintiffs and client SISC.

- Steve Williams (Partner): Oversaw JSLF team; managed various projects focused on assessment of the validity of the privilege assertions; supervised defensive discovery tasks for plaintiffs and client SISC; attended and participated in case management meetings.

- Elissa Buchannan (Associate):  Worked on various discovery projects on the case; performed offensive and defensive discovery tasks for plaintiffs and client SISC; attended and participated in meetings focused on assessment of the validity of defendants' privilege assertions; performed document review and analysis, on assessment of the validity of the privilege assertions; performed research and drafted letters and memoranda related to meet and confers and defendant privilege assertion issues. Researched issues for challenging affirmative defenses.

- Julie Han (Associate): Attended and participated in privilege review team meetings; performed document review and analysis of defendants' privilege logs, focused on assessment of the validity of defendants' privilege assertions; researched and drafted letters and memoranda relating to defendants' privilege assertion issues; met and conferred with defendants to resolve the dispute over privilege assertions; drafted letters defendants requesting the production of documents withheld or redacted based on deficient privilege assertions; participated in drafting preclusion motion.

- Anupama Reddy (Associate): Worked on projects related to initial discovery; met and conferred with Jazz related to custodial and other discovery issues; researched and drafted letters to Jazz related to custodial and discovery issues; performed document review and

DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

analysis, focused on custodians; performed various defensive discovery tasks for plaintiffs and client SISC; attended and participated in case management meetings.

## II.  HOURLY RATES

7.  The historical hourly rates submitted by JSLF in this matter are the firm's usual and customary rates charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

8.  Recently, JSLF's hourly rates, including the rates for specific timekeepers that worked on this matter, were approved by courts in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters:

- *In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD, 3:17-md-02801-JD (N.D. Cal.);
- *In re Restasis Antitrust Litig.*, No. 1:18-md-02819-NG-LB (E.D.N.Y.);
- *Jones v. Varsity Brands, LLC,* No. 2:20-cv-02892 (W.D. Tenn.);
- *Le v. Zuffa, LLC,* No. 2:15-cv-01045-RFB-BNW (D. Nev.); and
- *Robinson v. Jackson Hewitt Inc,* No. 2:19-cv-9066-MEF (D.N.J.).

## III.  LITIGATION EXPENSES

9.  Below is an itemized list of the unreimbursed expenses JSLF incurred during the prosecution of this litigation while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary course of the firm's business and are based on the receipts and data maintained by the firm. JSLF periodically submitted its expenses for review by Co-Lead Counsel throughout the litigation.

| Category | Amount Incurred |
|---|---|
| Computer Research | $    3,066.60 |
| Court Reporters / Transcripts | $    6,682.60 |
| Experts | $   36,120.00 |
| Filing Fees | $    7.118.66 |
| Travel / Meals / Hotels / Transportation | $    1,795.06 |
| Photocopies | $      236.40 |
| Postage / Delivery Services | $    1,470.69 |
| | |
| **Total:** | $   56,490.01 |
| **Contributions to the Litigation Fund:** | $ 160,000.00 |

DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

10.     As noted, the firm contributed $ 160,000.00 to the Litigation Fund maintained by Co-Lead Counsel.

11.     The expenses listed above—including computer research—were incurred specifically for this case and do not include any costs for general firm overhead.

## IV.     <u>WORK WITH CLASS REPRESENTATIVE SISC</u>

12.     JSLF are attorneys for SISC, one of the class representatives. JSLF worked with SISC in its prefiling investigation of the case, including investigation and analysis of overcharges paid as a result of Defendants' anticompetitive unlawful conduct.  JSLF worked with SISC to respond to discovery served by Defendants. In responding to discovery, SISC met with counsel many times to discuss the requests, searched for and produced documents form their files dating back to 2016, provided data reflecting their brand and generic Xyrem purchases (including supplemental productions), provided information in response to interrogatories, conferred with counsel regarding discovery motions (concerning, for example, premiums), prepared and sat for a deposition, and conferred with counsel regarding settlement. Based on JSLF work with SISC, SISC devoted substantial time to responding to discovery in this matter and performing its duties as a class representative. Following the filing of its complaint, over the course of the litigation, JSLF apprised SISC of the progress and status of the litigation. JLSF worked with SISC.

13.     John Stenerson, SISC's Deputy Executive Officer, Health Benefits, was asked by Co-Lead Counsel to testify at trial. Mr. Stenerson agreed to do so. JSLF attorneys engaged in training sessions to prepare Mr. Stenerson to testify.

14. JSLF will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 10, 2025 at San Francisco, California.

*/s/ Joseph Saveri*
Joseph Saveri

DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

# Labaton Keller Sucharow LLP

# EXHIBIT D

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS<br><br>**DECLARATION OF LABATON KELLER SUCHAROW LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, JONATHAN GARDNER, declare as follows:

1.      I am a partner at Labaton Keller Sucharow LLP ("Labaton"), counsel for UFCW Local 1500. I submit this Declaration in support of Class Counsel's Motion for Award of Attorneys' Fees, Litigation Expenses, and Service Awards in connection with time spent and expenses incurred by my firm in the above-captioned action (the "Litigation"). Attorneys at Labaton were involved in the Litigation from its inception through March 4, 2022. On March 7, 2022, the Labaton attorneys principally working on the Litigation switched law firm affiliations to DiCello Levitt LLP ("DiCello Levitt"). DiCello Levitt will be submitting its own separate declaration for the work performed from March 7, 2022, through May 15, 2025.

2.      While Labaton was involved in the Litigation, the case was overseen and managed by other partners at the firm. As such, this declaration is based on communications with my former partner Gregory Asciolla of DiCello Levitt, as well as a review by me, and others at my direction, of Labaton's business records, including contemporaneous time records and expense reports.

3.      Labaton is an experienced class action and complex civil litigation firm. Prior to March 2022, attorneys at Labaton were sole lead, co-lead, or members of the executive committee on antitrust matters in various business sectors. A few of those notable actions are: *In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D.N.Y.) (co-lead counsel (2006-2013) and obtained more than $1.2 billion in settlements from over 30 international airlines to resolve claims alleging a global conspiracy to fix surcharges for air cargo shipping services); *In re Aftermarket Automotive Lighting Products Antitrust Litigation*, No. 09-ml-02007 (C.D. Cal.) (co-lead counsel and obtained more than $50 million in settlements to resolve claims alleging that several manufacturers participated in an international conspiracy to fix the prices of aftermarket automotive lighting products); *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789 (S.D.N.Y.) (class counsel and appointed allocation counsel and obtained more than $2.3 billion in settlements from the major FX dealer banks to resolve claims alleging a conspiracy to fix the prices of foreign exchange transactions); *In re Lidoderm Antitrust Litigation*, No. 14-md-02521 (N.D. Cal.) (class counsel for end-payors and secured $104.75 million in settlements to

resolve claims alleging that certain brand and generic pharmaceutical manufacturers agreed to delay the launch of a cheaper generic version of the drug Lidoderm).

**I.    OVERVIEW**

**A.    Work Performed for the Benefit of the Settlement Class**

4.    Labaton participated in the prosecution of this Litigation on behalf of the Settlement Class.  During the time Labaton was involved in the Litigation, the work performed by Labaton at the direction of Co-Lead Counsel included (among other things): reviewing and analyzing documents with a focus on the regulatory misconduct component of case; preparing timelines and case strategy memoranda related to the regulatory misconduct component of case; vetting potential regulatory misconduct expert witnesses; and engaging in various defensive discovery tasks on behalf of plaintiffs and client Local 1500.

**B.    Lodestar Summary**

5.    In accordance with this Court's direction (ECF No. 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, Labaton attorneys and staff kept contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by Labaton were delivered to Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my office have reviewed my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

6.    The total number of hours spent by Labaton prosecuting this Litigation through March 4, 2022, is 638.8 with a corresponding lodestar of $435,408.00. This does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

7.    The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, and Litigation Staff), the total number of

2

hours they worked, their historic hourly rates, and their total lodestar. Additional detail concerning the work performed by the primary attorneys working on the Litigation is set forth below.

| Attorney | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Adrian Saldana | Paralegal | 1.2 | $350.00 | $420.00 |
| Adrian Saldana | Paralegal | 7.2 | $375.00 | $2,700.00 |
| Cheryl Boria | Paralegal | 1.5 | $335.00 | $502.50 |
| Derick Cividini | Of Counsel | 1.6 | $675.00 | $1,080.00 |
| Derick Cividini | Of Counsel | 4.6 | $725.00 | $3,335.00 |
| Ethan Kaminsky | Associate | 5 | $450.00 | $2,250.00 |
| Euterpe Pina | Paralegal | 2.3 | $335.00 | $770.50 |
| Euterpe Pina | Paralegal | 3.9 | $360.00 | $1,404.00 |
| Euterpe Pina | Paralegal | 1.8 | $375.00 | $675.00 |
| Gregory Asciolla | Partner | 0.4 | $900.00 | $360.00 |
| Gregory Asciolla | Partner | 16.8 | $995.00 | $16,716.00 |
| Gregory Asciolla | Partner | 7.7 | $1,025.00 | $7,892.50 |
| James Isabel | Paralegal | 1 | $160.00 | $160.00 |
| Jay Himes | Senior Counsel | 0.5 | $1,100.00 | $550.00 |
| Jonathan Crevier | Associate | 0.8 | $275.00 | $220.00 |
| Jonathan Crevier | Associate | 7.7 | $375.00 | $2,887.50 |
| Jonathan Crevier | Associate | 0.8 | $450.00 | $360.00 |
| Jonathan Crevier | Associate | 88.8 | $475.00 | $42,180.00 |
| Jonathan Crevier | Associate | 107.3 | $525.00 | $56,332.50 |
| Karin Garvey | Partner | 2 | $775.00 | $1,550.00 |
| Karin Garvey | Partner | 162 | $925.00 | $149,850.00 |
| Karin Garvey | Partner | 8.3 | $975.00 | $8,092.50 |
| Matthew Epstein | Law Clerk | 5.2 | $275.00 | $1,430.00 |
| Matthew Perez | Of Counsel | 14 | $525.00 | $7,350.00 |
| Matthew Perez | Of Counsel | 2.5 | $650.00 | $1,625.00 |
| Matthew Perez | Of Counsel | 157.6 | $675.00 | $106,380.00 |
| Matthew Perez | Of Counsel | 20.2 | $700.00 | $14,140.00 |
| Robin Van Der Meulen | Partner | 4 | $750.00 | $3,000.00 |
| Robin Van Der Meulen | Partner | 0.8 | $775.00 | $620.00 |
| Stacy Redman | Paralegal | 0.1 | $325.00 | $32.50 |
| Veronica Bosco | Associate | 1.1 | $450.00 | $495.00 |
| Veronica Bosco | Associate | 0.1 | $475.00 | $47.50 |

C.    **Staffing and Tasks Performed on This Matter**

8.    Labaton staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who primarily worked on this

DECLARATION OF LABATON KELLER SUCHAROW LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

matter and the tasks they performed are described below.  Other attorneys assisted with motion

practice and discovery matters.  Other staff assisted with court filings.

| Attorney | Title | Tasks |
|---|---|---|
| Asciolla, Gregory | Partner | Oversaw Labaton team; managed various projects related to regulatory misconduct component of case. |
| Crevier, Jonathan | Associate | Worked on projects related to regulatory misconduct component of case; attended and participated in regulatory misconduct team meetings; vetting potential regulatory misconduct experts; performed document review and analysis, focused on regulatory misconduct component of case; performed various defensive discovery tasks for plaintiffs and client Local 1500. |
| Garvey, Karin | Partner | Worked on projects related to regulatory misconduct component of case; attended and participated in regulatory misconduct team meetings; vetting potential regulatory misconduct experts; performed document review and analysis, focused on regulatory misconduct component of case; performed various defensive discovery tasks for plaintiffs and client Local 1500. |
| Perez, Matthew | Of Counsel | Worked on projects related to regulatory misconduct component of case; attended and participated in regulatory misconduct team meetings; vetting potential regulatory misconduct experts; performed document review and analysis, focused on regulatory misconduct component of case; performed various defensive discovery tasks for plaintiffs and client Local 1500. |
| Saldana, Adrian | Paralegal | Senior paralegal assigned to case for Labaton; assisted attorneys with document review and analysis and case management. |

4

DECLARATION OF LABATON KELLER SUCHAROW LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

## II. HOURLY RATES

9. The historical hourly rates submitted by Labaton in this matter are the firm's usual and customary rates used by the firm in similar matters in which the firm was paid on a contingent basis.

10. Labaton's hourly rates, including the rates for specific timekeepers that worked on this matter, were approved by courts in the following cases in connection with the payment of attorneys' fees from recoveries in class action antitrust matters: *In re Platinum and Palladium Antitrust Litig.*, No. 1:14-cv-9391 (S.D.N.Y. Jan. 16, 2025), ECF Nos. 335, 340; *In re Opana ER Antitrust Litigation*, No 14-cv-10150 (N.D. Ill. Dec. 15, 2022), ECF Nos. 1077, 1091.

## III. LITIGATION EXPENSES

11. Below is an itemized list of the expenses Labaton incurred during the prosecution of this Litigation while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary course of the firm's business and are based on the receipts and data maintained by the firm. Labaton periodically submitted its expenses for review by Co-Lead Counsel throughout the Litigation.

| Category | Amount Incurred |
|---|---|
| Computer Research/Lexis/Westlaw | $1,081.83 |
| Experts/Consultants/Professional | $5,873.75 |
| Filing/Witness Fees | $3,101.42 |
| Travel/Meals/Hotels/Transportation | $87.66 |
| Photocopies/Reproduction | $1,028.07 |
| Postage | $745.32 |
| Telephone | $2.00 |
| **Expense Total:** | $11,920.05 |
| **Contributions to the Litigation Fund:** | $20,000.00 |

12. The firm contributed $20,000 to the litigation fund maintained by Co-Lead Counsel.

13. The expenses listed above—including computer research—were incurred specifically for this case and do not include any costs for general firm overhead.

DECLARATION OF LABATON KELLER SUCHAROW LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

## IV.    WORK WITH CLASS REPRESENTATIVE

14.    Labaton is counsel for class representative UFCW Local 1500. Over the course of the Litigation, Labaton kept UFCW Local 1500 apprised of the status of the litigation and worked with UFCW Local 1500 to respond to discovery served by Defendants. In responding to discovery, UFCW Local 1500 met with counsel many times to discuss the requests, searched for and produced documents from their files dating back to 2016, provided data reflecting their brand and generic Xyrem purchases (including supplemental productions), provided information in response to interrogatories, conferred with counsel regarding discovery motions (concerning, for example, premiums), prepared and sat for a deposition, and conferred with counsel regarding settlement. Based on Labaton's work with UFCW Local 1500, UFCW Local 1500 devoted substantial time to responding to discovery in this matter and performing its duties as a class representative.

\*        \*        \*        \*        \*

15.    Labaton will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this July 10, 2025, in New York, NY.


/s/ *Jonathan Gardner*
JONATHAN GARDNER


## FILER'S ATTESTATION

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: July 10, 2025                              /s/ *Dena C. Sharp*
                                                               Dena C. Sharp

6

DECLARATION OF LABATON KELLER SUCHAROW LLP IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Radice Law Firm, P.C.

EXHIBIT E

1  [*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS |
| | **DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, John Radice, declare as follows:

1.    I am managing partner of Radice Law Firm, P.C., counsel for the Class Plaintiffs in this matter. This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney at Radice Law Firm who was responsible for the firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2.    Radice Law Firm is an experienced class action, antitrust, and complex civil litigation firm. Radice Law Firm attorneys have been sole lead, co-lead, and members of the executive committee on antitrust matters in various business sectors. A few of those notable actions are *United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. Novartis Pharmaceuticals Corp.*, No. 15-cv-12732 (D. Mass.); *Chepiga v. Conair Corp.*, No. 17-cv-1090 (D.N.J.); *Simon and Simon, P.C. v. Align Tech., Inc.*, No. 20-cv-3754 (N.D. Cal.); *In re: Inclusive Access Course Materials Antitrust Litig.*, No. 20-md-2946 (S.D.N.Y.); and *In re Delta Dental Antitrust Litig.*, No. 19-cv-6734 (N.D. Ill.).

## I.    OVERVIEW

### A.    Work Performed for the Benefit of the Settlement Class

Radice Law Firm has participated in the prosecution of this litigation on behalf of the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel was extensive, including from the beginning factual investigation and pleadings, strategic planning and coordination, discovery and document review, work with expert witnesses, taking and defending depositions, class certification briefing, motion practice, and trial preparation.

### B.    Lodestar Summary

3.    In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, Radice Law Firm's attorneys and staff kept contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by Radice Law Firm were delivered to Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my

1

DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

office have reviewed my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

4. The total number of hours spent by Radice Law Firm prosecuting this litigation through May 15, 2024, is 5,108.8, with a corresponding lodestar of $3,478,531.50. The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

5. The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals is set forth below.

2

DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Attorney | Title | Hours | Rate | Lodestar |
|----------|-------|-------|------|----------|
| John Radice (2020) | Partner | 85.3 | $795 | $67,813.50 |
| John Radice (2021-22) | Partner | 30.4 | $875 | $26,600.00 |
| John Radice (2023) | Partner | 3.7 | $895 | $3,311.50 |
| John Radice (2024) | Partner | 2 | $945 | $1,890.00 |
| John Radice (2025) | Partner | 4.2 | $995 | $4,179.00 |
| Clark Craddock (2020) | Of Counsel | 401 | $625 | $250,625.00 |
| Clark Craddock (2021-22) | Of Counsel | 883.2 | $675 | $596,160.00 |
| Clark Craddock (2023) | Partner | 575.8 | $725 | $417,455.00 |
| Clark Craddock (2024) | Partner | 667.6 | $785 | $524,066.00 |
| Clark Craddock (2025) | Partner | 378.6 | $835 | $316,131.00 |
| Kenneth Pickle (2020) | Associate | 131.9 | $575 | $75,842.50 |
| Kenneth Pickle (2021-22) | Associate | 510.2 | $605 | $308,671.00 |
| Kenneth Pickle (2023) | Partner | 191.1 | $695 | $132,814.50 |
| Kenneth Pickle (2024) | Partner | 136.2 | $750 | $102,150.00 |
| Kenneth Pickle (2025) | Partner | 78 | $800 | $62,400.00 |
| Daniel Rubenstein (2020) | Of Counsel | 101.5 | $605 | $61,407.50 |
| Daniel Rubenstein (2021-22) | Of Counsel | 101.7 | $625 | $63,562.50 |
| Daniel Rubenstein (2023) | Partner | 117.9 | $725 | $85,477.50 |
| Daniel Rubenstein (2024) | Partner | 195.5 | $785 | $153,467.50 |
| Daniel Rubenstein (2025) | Partner | 68.6 | $835 | $57,281.00 |
| Luke Smith (2020) | Associate | 153.1 | $605 | $92,625.50 |
| Natasha Fernandez-Silber (2021) | Of Counsel | 6 | $575 | $3,450.00 |
| Eric Blanco (2021-23) | Of Counsel | 275.9 | $240 | $66,216.00 |
| Rishi Raithatha | Of Counsel | 9.4 | $525 | $4,935.00 |

DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

### C.    Staffing and Tasks Performed on This Matter

6.    Radice Law Firm staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who worked on this matter and the tasks they performed are described below:

**John Radice, Partner**:

- Pre-filing investigation and fact development, including factual and legal research, expert analysis, and communication with co-counsel;

- Complaint drafting and strategy in coordination with co-counsel;

- Case organization, filing, and procedural strategy including decisions around jurisdiction, magistrate consent, and other related procedural issues;

- Assigning and coordinating work related to patent team investigations and projects, including reviewing and developing patent discovery plans, document production, deposition strategy, and expert retention for various patent team issues, including REMS and pharmacological experts;

- Worked on class certification briefing, research, and strategy; review and revision of jury instructions, verdict slips, and trial plans, and coordination on trial staffing, witness preparation, and strategy;

- Participated in Plaintiffs' Steering Committee meetings addressing diverse issues across all litigation stages.

**Clark Craddock, Partner**:

- Served on plaintiffs' steering committee, involving participation in regular calls and meetings throughout the litigation to discuss strategy, experts, discovery issues, and trial preparation;

- Chaired the patents issue team, involving responsibility for white paper sections concerning invalidity and non-infringement of the patents, related IPRs and outcomes, settlements, prior art and invalidity theories;

- Took depositions of experts from the underlying Hatch-Waxman litigation;

4

- Worked extensively with multiple technical and patent experts in this litigation to help draft and revise their reports, including invalidity opinions on various patents, technical analyses of the drug formulation, drug-drug interaction, and REMS patents, and prepared and defended the depositions of experts Ralph Tarantino and Tom Wessel;

- Worked on various trial preparation tasks, including exhibit lists and objections, deposition designations and objections, drafting of trial outlines and scripts, participation in expert witness preparation for trial, and drafting of cross-examination outlines and scripts for defendants' expert witnesses.

**Kenneth Pickle, Partner**:

- Early-stage research of the Xyrem patent family, including prosecution history and potential arguments for invalidity/unenforceability, review of prior litigation materials (e.g. Markman orders, expert reports, pleadings) for insight into patent strengths/weaknesses, and drafting summaries of patent families (e.g. the drug-drug interaction patent family) for strategic planning and white papers;

- Identification and evaluation of potential technical and pharmacological experts, including holding numerous calls and meetings with potential and retained experts, drafting and revising expert retainer agreements and handling execution and logistics, managing conflicts checks and responses to defense challenges seeking disqualification, coordination of expert meetings to discuss case assignments, strategy, and reports;

- Worked with multiple experts to help draft and revise their reports, including invalidity opinions on various patents, technical analyses of the drug formulation, drug-drug interaction, and REMS patents, and therapeutic interchangeability analysis;

- Extensive review, coding, and analysis of documents, summarizing hot docs and incorporating them into white papers, searched deposition transcripts to identify witnesses for cast-of-characters document;

DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

- Drafted and revised contention interrogatory responses related to multiple patent families, coordination with co-counsel and technical experts to confirm factual bases for interrogatory responses, and managed RFP drafting and revisions for patent issues;

- Extensive deposition preparation, including prep meetings with experts Tom Wessel and Daniel Wynn, defended Dr. Wynn's deposition in Chicago, and handled his errata;

- Research for and drafting motions to exclude defendants' experts, worked on letters and court filings in opposition to disqualification motions related to plaintiffs' experts;

- Drafted witness outlines and scripts for direct examination of experts, prepared demonstratives and trial materials for expert testimony, organized and led trial prep sessions with technical experts, and attended internal trial strategy meetings regarding expert testimony and trial planning.

**Daniel Rubenstein, Partner**:

- Worked with multiple experts to help draft and revise their outlines, reports, and replies, coordinated numerous meetings with technical experts to refine analyses and prepare testimony and reports, particularly on patent eligibility (§ 101) analyses, invalidity arguments, and therapeutic substitutability, prepared experts for deposition including mock depo sessions and drafting practice examination questions, and defended the deposition of expert Carl Accettura;

- Researched and assisted with Daubert motion to exclude defense expert Pierre Cremieux;

- Drafted and revised motions in limine on multiple issues, including exclusion of references to PTO decisions, settlements as procompetitive justifications, and arguments about treble damages and prescribers' brand preferences;

- Reviewed and summarized deposition transcripts from the Jazz-Roxane patent litigation and other prior litigations involving Jazz Pharmaceuticals, creating digests and analyses to support patents team strategy and expert reports.

**Eric Blanco, Of Counsel**:

DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

- Extensive review, analysis, and coding of the custodial files of Judith Profant, Vinay Shukla, and Mark Eller for patent team issues.

**Luke Smith, Partner**:

- Evaluated and researched facts and legal theories, and contributed to drafting, revising, and finalizing the complaint, including specialized sections on Citizen Petitions, REMS issues, pay-for-delay, stock price analysis, and AG acceleration clauses;

- Participated in calls and correspondence to discuss case strategy, complaint filing logistics, venue decisions, and scheduling, including preparation of materials for CMC statements;

- Identification, evaluation, and correspondence with potential causation expert witnesses, and prepared background materials and comparison analyses of expert prospects;

- Reviewed and corresponded on non-party subpoena drafting and related discovery efforts.

**Natasha Fernandez-Silber, Partner**:

- Reviewed background materials and agreements, and participated in team discussions to gain context on the case and related agreements team issues.

**Rishi Raithatha, Of Counsel**:

- Cite-checking, fact checking, and redlining class certification brief.

## II.    HOURLY RATES

7.    The historical hourly rates submitted by Radice Law Firm in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

8.    Recently, Radice Law Firm's hourly rates, including the rates for specific timekeepers that worked on this matter, were approved by courts in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters: *In re Intuniv Antitrust Litig.*, No. 16-cv-12653 (D. Mass.); *Cung Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, No. 15-cv-1045 (D. Nev.); *In re California Gasoline Spot Market Antitrust Litigation*, No. 20-cv-3131 (N.D. Cal.); and *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-2724 (E.D. Pa.).

DECLARATION OF RADICE LAW FIRM IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

## III.    LITIGATION EXPENSES

9.    Below is an itemized list of the unreimbursed expenses Radice Law Firm incurred during the prosecution of this litigation while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary course of the firm's business and are based on the receipts and data maintained by the firm. Radice Law Firm periodically submitted its expenses for review by Co-Lead Counsel throughout the litigation.

| Category | Amount Incurred |
|---|---|
| Computer Research/Lexis/Westlaw | $33.59 |
| Experts/Consultants/Professional Services | $21.42 |
| Filing/Witness Fees | $634 |
| Travel/Meals/Hotels/Transportation | $12,760.85 |
| Postage | $55.70 |
| | |
| Total: | $13,505.56 |
| Contributions to the Litigation Fund: | $295,000 |

10.    The firm contributed $295,000 to the litigation fund maintained by Co-Lead Counsel.

11.    The expenses listed above—including computer research—were incurred specifically for this case and do not include any costs for general firm overhead.

12.    Radice Law Firm undertook extensive efforts to ensure readiness for trial, including analyzing and designating deposition testimony; preparing detailed outlines and scripts for the direct and cross-examinations of numerous expert witnesses, notably for plaintiffs' experts Michael Davitz, Ralph Tarantino, Daniel Wynn, Tom Wessel, and Carl Accettura; conducting mock examinations and witness preparation sessions with the experts; drafting and responding to motions in limine; developing demonstrative exhibits and visual presentations to aid the jury's understanding of technical and legal issues; reviewing and coding voluminous trial exhibits for admissibility and objections; and strategizing regarding trial themes, witness order, and evidentiary issues.

13.     The Radice Law Firm trial team participated in frequent trial preparation meetings and calls to coordinate assignments and integrate expert opinions into a cohesive trial strategy. Radice Law Firm attorneys also researched and drafted materials to address complex patent, antitrust, and evidentiary questions in the context of preparing jury instructions and verdict forms. These efforts were critical to effectively presenting plaintiffs' case as the matter approached trial and settlement discussions.

14.     Radice Law Firm will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this July 10, 2025, in Princeton, NJ.


/s/ *John Radice*
John Radice

9

# Spector Roseman & Kodroff PC

# EXHIBIT F

1  [*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS |
| | **DECLARATION OF SPECTOR ROSEMAN & KODROFF, P.C., IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, Diana J. Zinser, declare as follows:

1. I am an attorney at Spector Roseman & Kodroff, P.C. ("SRK"), counsel for plaintiff Ruth Hollman. This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney at SRK who was responsible for the firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2. SRK is an experienced class action, antitrust, and complex civil litigation firm. SRK attorneys have been sole lead, co-lead, and members of the executive committee on antitrust matters in various business sectors. A few of those notable actions are *In re Automotive Parts Antitrust Litigation,* MDL 12-2311 (E.D. Mich.); *In re Interior Molded Doors Antitrust Litigation*, No. 3:18-cv-00718-JAG (E.D. Va.); *In re Domestic Drywall Antitrust Litigation,* MDL 12-2437 (E.D. Pa.); *In re Blood Reagents Antitrust Litigation*, MDL 09-2081 (E.D. Pa.); *In re Linerboard Antitrust Litigation*, MDL No. 1261 (E.D. Pa.); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.); *Vista Healthplan, Inc. v. Cephalon, Inc.,* CA No. 06-1833 (E.D. Pa.); and *In re Effexor XR Antitrust Litigation*, CA No. 11-5479 (D.N.J.).

## I.    OVERVIEW

### A.    Work Performed for the Benefit of the Settlement Class

SRK has participated in the prosecution of this litigation on behalf of the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel included responding to discovery request, including working with the client to search for documents; reviewing and revising the amended complaint and other pleadings; drafting discovery requests and reviewing documents produced in response thereto; preparing for and taking depositions of defendants; preparing for and defending client's deposition; and retaining and working with expert witnesses.

### B.    Lodestar Summary

3. In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, SRK's attorneys and staff kept

contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by SRK were delivered to Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my office have reviewed my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

4.    The total number of hours spent by SRK prosecuting this litigation through May 15, 2025, is 3025.2 hours, with a corresponding lodestar of $ $1,195,667.00. The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

5.    The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the approximate total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals is set forth below.

| Staff | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Alex Iozzo | Paralegal | 22.5 | $210.00 | $4,725.00 |
| Alex Iozzo | Paralegal | 0.5 | $220.00 | $110.00 |
| Cary Zhang | Associate | 0.3 | $495.00 | $148.50 |
| Dan Keenan | Of Counsel | 2149.9 | $240.00 | $551,176.00 |
| Diana Zinser | Partner | 2.3 | $525.00 | $1,207.50 |
| Diana Zinser | Partner | 25 | $540.00 | $13,500.00 |
| Diana Zinser | Partner | 5.3 | $750.00 | $3,975.00 |
| Diana Zinser | Partner | 0.4 | $775.00 | $310.00 |
| Diana Zinser | Partner | 4.4 | $825.00 | $3,630.00 |
| Florence Bristow | Paralegal | 2 | $210.00 | $420.00 |
| Florence Bristow | Paralegal | 2 | $220.00 | $440.00 |

DECLARATION OF SPECTOR ROSEMAN & KODROFF, P.C., IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Staff | Title | Hours | Historical Rate(s) | Lodestar at Historical Rate(s) |
|---|---|---|---|---|
| Gerri De Marshall | Paralegal | 2.4 | $280.00 | $672.00 |
| Gerri De Marshall | Paralegal | 1.4 | $310.00 | $434.00 |
| Gerri De Marshall | Paralegal | 6.9 | $320.00 | $2,208.00 |
| Icee Ethridge | Associate | 10 | $575.00 | $5,750.00 |
| Icee Ethridge | Associate | 9.4 | $595.00 | $5,593.00 |
| Jeffrey Corrigan | Partner | 0.3 | $975.00 | $292.50 |
| Jeffrey Corrigan | Partner | 0.8 | $1,075.00 | $860.00 |
| Jeffrey Kodroff | Partner | 5 | $935.00 | $4,675.00 |
| Jeffrey Kodroff | Partner | 3.3 | $965.00 | $3,184.50 |
| Jeffrey Kodroff | Partner | 2.8 | $975.00 | $2,730.00 |
| Jeffrey Kodroff | Partner | 3.5 | $1,075.00 | $3,762.50 |
| Jeffrey Spector | Partner | 0.1 | $825.00 | $82.50 |
| Jeffrey Spector | Partner | 0.4 | $850.00 | $340.00 |
| Jeffrey Spector | Partner | 1.1 | $925.00 | $1,017.50 |
| John Macoretta | Partner | 0.4 | $240.00 | $96.00 |
| John Macoretta | Partner | 0.3 | $365.00 | $109.50 |
| John Macoretta | Partner | 21.1 | $800.00 | $16,880.00 |
| John Macoretta | Partner | 81.1 | $825.00 | $66,907.50 |
| John Macoretta | Partner | 150 | $900.00 | $135,000.00 |
| John Macoretta | Partner | 274.4 | $975.00 | $267,540.00 |
| William Caldes | Partner | 0.2 | $825.00 | $165.00 |
| William Caldes | Partner | 1.8 | $975.00 | $1,755.00 |
| William Caldes | Partner | 2 | $1,075.00 | $2,150.00 |

**C.    Staffing and Tasks Performed on This Matter**

6.    SRK staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who primarily worked on this matter and the tasks they performed are described below:

3

| Staff | Title | Tasks |
|-------|-------|-------|
| Alex Iozzo | Paralegal | Preparing correspondence and court filings at the direction of counsel; organizing case files. |
| Cary Zhang | Associate | Conferring with partners regarding case status and strategy. |
| Dan Keenan | Of Counsel | Reviewing documents produced by defendants at the direction of lead counsel; discussing legal and factual issues with lead counsel; drafting memoranda summarizing key issues in the case; preparing exhibits for fact and expert depositions. |
| Diana Zinser | Partner | Drafting and responding to discovery requests; conferring with partners regarding case status and strategy; corresponding with client regarding case status. |
| Florence Bristow | Paralegal | Preparing correspondence and court filings at the direction of counsel; organizing case files. |
| Gerri DeMarshall | Paralegal | Preparing correspondence and court filings at the direction of counsel; organizing case files. |
| Icee Etheridge | Associate | Performing legal research; corresponding with client regarding case status. |
| Jeffrey Corrigan | Partner | Conferring with partners regarding case status and strategy. |
| Jeffrey Kodroff | Partner | Conferring with partners regarding case status and strategy. |
| John Macoretta | Partner | Discussing and setting case strategy with lead counsel; drafting pleadings; supervising document review projects and analyzing memoranda on key issues in case; drafting discovery |

4

DECLARATION OF SPECTOR ROSEMAN & KODROFF, P.C., IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Staff | Title | Tasks |
|-------|-------|-------|
| | | requests; meeting and conferring with defendants and third parties regarding discovery; coordinating search and review of client's documents prior to production; working with experts in drafting reports; preparing for, taking, and defending depositions; corresponding with client regarding case status; discussing settlement negotiations with lead counsel. |
| Jeffrey Spector | Partner | Conferring with partners regarding case status and strategy. |
| William Caldes | Partner | Conferring with partners regarding case status and strategy. |

## II.    HOURLY RATES

7.    The historical hourly rates submitted by SRK in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

8.    Recently, SRK hourly rates, including the rates for specific timekeepers that worked on this matter, were approved by courts in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters: *Braun v. The Philadelphia Inquirer, LLC*, No. 2:22-cv-04185-JMY, ECF No. 74 (E.D. Pa. May 6, 2025); *Le et al. v. Zuffa LLC*, No. 2:15-cv-01045, ECF No. 1065 (D. Nev. Mar. 3, 2025); *In re Effexor ER Antitrust Litigation*, No. 3:11-cv-05479, ECF No. 761 (D.N.J. Sept. 12, 2024).

## III.    LITIGATION EXPENSES

9.    Below is an itemized list of the unreimbursed expenses SRK incurred during the prosecution of this litigation while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary

course of the firm's business and are based on the receipts and data maintained by the firm. SRK

periodically submitted its expenses for review by Co-Lead Counsel throughout the litigation.

| Category | Amount Incurred |
|---|---|
| Filing Fees | $1046.50 |
| Professional Fees | 1882.00 |
| PACER | 114.70 |
| Transcripts | 1,656.20 |
| Travel | 1,772.40 |
| FedEx | 62.92 |
| Westlaw | 5,073.78 |
| In House Copying | 702.75 |
| **Total:** | $7,771.17 |

10.    The firm also contributed $285,000.00 to the litigation fund maintained by Co-Lead

Counsel.

11.    The expenses listed above—including computer research—were incurred

specifically for this case and do not include any costs for general firm overhead.

## IV.    WORK WITH CLASS REPRESENTATIVE

12.    SRK is counsel for class representative Ruth Hollman. Over the course of the

litigation, SRK kept Ms. Hollman apprised of the status of the litigation and worked with Ms.

Hollman to respond to discovery served by Defendants. In responding to discovery, Ms. Hollman

met with counsel many times to discuss the requests, searched for and produced documents from

her files dating back to 2016, provided data reflecting her brand and generic Xyrem purchases

(including supplemental productions), provided information in response to interrogatories,

conferred with counsel regarding discovery motions (concerning, for example, premiums),

prepared and sat for a deposition, and conferred with counsel regarding settlement. Based on

SRK's work with Ms. Hollman, Ms. Hollman devoted substantial time to responding to discovery

in this matter and performing her duties as a class representative.

*        *        *        *        *

13.    SRK will not seek payment for work, lodestar, or expenses related to this litigation

other than those set forth in this declaration.

6

DECLARATION OF SPECTOR ROSEMAN & KODROFF, P.C., IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this July 10, 2025, in Philadelphia, Pennsylvania.

/s/ *Diana J. Zinser*
Diana J. Zinser

**FILER'S ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: July 10, 2025

/s/ *Dena C. Sharp*
Dena C. Sharp

7

DECLARATION OF SPECTOR ROSEMAN & KODROFF, P.C., IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Wexler Boley & Elgersma LLP

# EXHIBIT G

1 *[Submitting Counsel on Signature Page]*

2

3

4

5

6

7

8

9

10     **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS |
| 14 | |
| 15 | **DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |
| 16 | |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

1   I, Kenneth A. Wexler, declare as follows:

2       1.      I am an attorney at Wexler Boley & Elgersma LLP ("WBE"), counsel for Plaintiff

3   New York State Teamsters Council Health and Hospital Fund ("NYST"), and an appointed

4   member of the Plaintiffs' Steering Committee. This declaration is submitted in support of Class

5   Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney at

6   WBE who was responsible for the firm's work in this matter, I have personal knowledge of the

7   facts below and, if called upon to do so, could and would testify competently thereto.

8       2.      WBE is an experienced class action, antitrust, and complex civil litigation firm.

9   WBE's attorneys have been sole lead, co-lead, member of the executive committee, and member of

10  the steering committee in antitrust matters involving a variety of business sectors. A few of those

11  notable actions are: *In re Deere & Company Repair Services Antitrust Litigation*, Case No. 22-cv-

12  00188 (N.D. Ill.) (Interim Co-Lead Counsel); *Powell Prescription Center, et al. v. Surescripts,*

13  *LLC, et al.*, No. 19-cv-06627 (N.D. Ill.) (Interim Co-Lead Counsel); and *In re DPP Beef Litigation*,

14  No. 20-cv-131 (D. Minn.) (Plaintiffs' Steering Committee).

15  **I.    OVERVIEW**

16      **A.    Work Performed for the Benefit of the Settlement Class**

17      WBE has participated in the prosecution of this litigation on behalf of the Settlement Class.

18  The work performed by the firm at the direction of Co-Lead Counsel included the investigation of

19  various patent issues and conducting research regarding numerous issues raised in the motions to

20  dismiss, for class certification, and for summary judgment. WBE participated in the analysis and

21  drafting of briefs in response to the same motions. In addition, WBE worked on substantive aspects

22  of the litigation relating to the economic issues of antitrust impact, damages, and market power,

23  including, among other things, identifying and analyzing direct and indirect evidence of Jazz's

24  market power in the market for sodium oxybate, price competition between Xyrem and other

25  purported therapeutic substitutes, and forecasts reflecting the expected impact of unrestrained

26  competition from AB-rated generic Xyrem on Jazz's sales and market share. WBE also deposed

27  several Jazz employees with knowledge of Jazz's pricing, profit margins, and financial forecasts

28

1

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

for Xyrem and assisted Plaintiffs' economists, Dr. Rena M. Conti and Dr. Martha A. Starr, with the preparation of their damages and market power reports. As representative of named plaintiff NYST, WBE was involved in all facets of plaintiff discovery. WBE also engaged in preparation for trial.

**B.     Lodestar Summary**

3.     In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, WBE's attorneys and staff kept contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by WBE were delivered to Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my office have audited my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

4.     The total number of hours spent by WBE prosecuting this litigation through May 15, 2025, is 3,727.10, with a corresponding lodestar of $2,277,206.00. The lodestar does not include any time related to the appointment of class counsel, time that may have been eliminated through audit, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing for preliminary approval.

5.     The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals is set forth below.

| Attorney | Title | Hours | Rate(s) | Lodestar |
|---|---|---|---|---|
| Kenneth A. Wexler | Managing Partner | 33 | $925.00 | $30,525.00 |
| Kenneth A. Wexler | Managing Partner | 44.3 | $950.00 | $42,085.00 |
| Kenneth A. Wexler | Managing Partner | 32 | $960.00 | $30,720.00 |
| Kenneth A. Wexler | Managing Partner | 4.3 | $1,000.00 | $4,300.00 |

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Attorney | Title | Hours | Rate(s) | Lodestar |
|---|---|---|---|---|
| Kenneth A. Wexler | Managing Partner | 0.9 | $1,050.00 | $945.00 |
| Kenneth A. Wexler | Managing Partner | 1 | $1,200.00 | $1,200.00 |
| Justin N. Boley | Partner | 99.4 | $770.00 | $76,538.00 |
| Justin N. Boley | Partner | 84.4 | $800.00 | $67,520.00 |
| Justin N. Boley | Partner | 285.2 | $850.00 | $242,420.00 |
| Justin N. Boley | Partner | 29.6 | $950.00 | $28,120.00 |
| Justin N. Boley | Partner | 14.7 | $985.00 | $14,479.50 |
| Justin N. Boley | Partner | 7.3 | $995.00 | $7,263.50 |
| Kara A. Elgersma | Partner | 1.3 | $850.00 | $1,105.00 |
| Bethany R. Turke | Partner | 0.1 | $825.00 | $82.50 |
| Tyler J. Story | Partner | 30.9 | $565.00 | $17,458.50 |
| Tyler J. Story | Partner | 62.5 | $575.00 | $35,937.50 |
| Tyler J. Story | Partner | 502.7 | $625.00 | $314,187.50 |
| Tyler J. Story | Partner | 81.3 | $750.00 | $60,975.00 |
| Tyler J. Story | Partner | 15.9 | $800.00 | $12,720.00 |
| Tyler J. Story | Partner | 4.1 | $900.00 | $3,690.00 |
| Bradley A. Dirks | Associate | 538.3 | $240.00 | $129,192.00 |
| Bradley A. Dirks | Associate | 56.4 | $675.00 | $38,070.00 |
| Bradley A. Dirks | Associate | 1062.4 | $700.00 | $743,680.00 |
| Bradley A. Dirks | Associate | 160.3 | $750.00 | $120,225.00 |
| Ash Patel | Associate | 213 | $240.00 | $51,120.00 |
| Ash Patel | Associate | 294.5 | $600.00 | $176,700.00 |
| Eaghan S. Davis | Associate | 17.1 | $525.00 | $8,977.50 |
| Eaghan S. Davis | Associate | 0.3 | $575.00 | $172.50 |
| Jason Keener | Associate | 30.9 | $350.00 | $10,815.00 |
| Ashtin Otto | Paralegal | 9.3 | $300.00 | $2,790.00 |
| Ashtin Otto | Paralegal | 5.4 | $325.00 | $1,755.00 |
| Ashtin Otto | Paralegal | 1.9 | $335.00 | $636.50 |
| Ashtin Otto | Paralegal | 0.1 | $400.00 | $40.00 |
| Amy Catena | Litigation Staff/ Paralegal | 1 | $325.00 | $325.00 |
| Amy Catena | Litigation Staff/ Paralegal | 1.3 | $335.00 | $435.50 |

**C.     Staffing and Tasks Performed on This Matter**

6.     WBE staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. Some of the projects were discrete, while others were far-ranging. The individuals who primarily worked on this matter and the tasks they performed are described below. Other attorneys assisted with motion practice, discovery matters, and case-related research. Other litigation staff assisted with discovery matters.

3

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Attorney | Title | Tasks |
|---|---|---|
| Kenneth A. Wexler | Managing Partner | Supervised all aspects of the WBE workload throughout the course of the litigation at the direction of and in conjunction with Co-Lead Counsel; worked with Co-Lead Counsel and Plaintiffs' economists, Dr. Rena M. Conti and Dr. Martha A. Starr, with the preparation of their damages and market power reports; assisted with analyzing and presenting preliminary patent research and case evaluations to Co-Lead Counsel; oversaw discovery efforts and deposition participation; assisted with drafting of the amended complaint and class certification briefing; coordinated NYST's potential trial attendance; attended weekly and bi-weekly Co-Lead Counsel and Plaintiffs' Steering Committee calls discussing strategic decisions. |
| Justin N. Boley | Partner | Managed the bulk of WBE's work in the litigation, including the work of Mr. Story, Mr. Dirks, and Mr. Patel; helped develop Plaintiffs' evidence relating to the economic issues of antitrust impact, damages, and market power; deposed several Jazz witnesses on the issues of antitrust impact, damages, and market power; helped guide Plaintiffs' strategies for addressing economic issues at class certification (*i.e.*, demonstrating classwide antitrust impact and damages) and summary judgment (*e.g.*, adducing evidence of Jazz's market power in the market for sodium oxybate); assisted with preparing and attending NYST's deposition. |
| Tyler J. Story | Partner | Handled WBE's day-to-day efforts to develop Plaintiffs' evidence on economic issues relevant to the litigation; directed, monitored, and analyzed the work of Mr. Dirks and Mr. Patel relating to the collection of evidence concerning antitrust impact, damages, and market power; worked with Mr. Boley in preparation for depositions of Jazz's economics-related witnesses; assisted Co-Lead Counsel in supporting Plaintiffs' economists with the preparation of their expert reports; coordinated with NYST in responding to discovery from defendants; prepared and defended NYST at its deposition. |

4

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Attorney | Title | Tasks |
|---|---|---|
| Bradley A. Dirks | Associate | Reviewed documents relating to economic issues in the litigation; analyzed deposition transcripts in the underlying patent litigations for economics-related testimony; worked with Mr. Story to compile evidence for WBE's depositions of Jazz's economics-related witnesses; identified evidence for Plaintiffs' economists. |
| Ash Patel | Associate | Reviewed documents relating to economic issues in the litigation; worked with Mr. Story to compile evidence for WBE's depositions of Jazz's economics-related witnesses; identified evidence for Plaintiffs' economists. |
| Ashtin Otto | Paralegal | Senior paralegal assigned to case for WBE; worked on several aspects of the case, including initial case orientation materials; vetted potential experts for consideration by Co-Lead Counsel; assisted with NYST plaintiff discovery; supported deposition preparation of Jazz employees; provided preparation materials for NYST's representative to attend trial as a potential witness. |

## II.    HOURLY RATES

7.    The historical hourly rates submitted by WBE in this matter are the firm's usual and customary rates charged by the firm in similar matters in which the firm is paid on a contingent basis.

8.    WBE's hourly rates, including the rates for specific timekeepers that worked on this matter, have been approved by every court to which they have been submitted in connection with the payment of attorneys' fees from recoveries in class action matters. Most recently, these hourly rates were approved in the following: *In re Effexor XR Antitrust Litigation*, Case No. 11-cv-05479 (D.N.J.); *In re Lipitor Antitrust Litigation*, No. 12-cv-2389 (D.N.J.); *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-8637 (N.D. Ill.); and *In re Suboxone Antitrust Litigation*, MDL 2445 (E.D. Pa.).

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

1

## III.    LITIGATION EXPENSES

2      9.      Below is an itemized list of the unreimbursed expenses WBE incurred during the

3  prosecution of this litigation while performing work assigned by Co-Lead Counsel. Those

4  expenses are reflected in the firm's books and records that are regularly maintained in the ordinary

5  course of the firm's business and are based on the receipts and data maintained by the firm. WBE

6  periodically submitted its expenses for review by Co-Lead Counsel throughout the litigation.

7

| Category | Amount Incurred |
|---|---|
| Computer Research/Lexis/Westlaw | $1,242.24 |
| Filing/Witness Fees | $650.00 |
| Travel/Meals/Hotels/Transportation | $1,477.93 |
| Photocopies/Reproduction | $362.21 |
| Postage | $50.00 |
| Telephone | $14.10 |
| | |
| **Total:** | $3,796.48 |
| **Contributions to the Litigation Fund:** | $295,000 |

13      10.     The firm also contributed $295,000 to the litigation fund maintained by Co-Lead

14  Counsel.

15      11.     The expenses listed above—including computer research—were incurred

16  specifically for this case and do not include any costs for general firm overhead.

## IV.    WORK WITH CLASS REPRESENTATIVE

18      12.     WBE is counsel for class representative NYST. Over the course of the litigation,

19  WBE kept NYST apprised of the status of the case and worked with NYST to respond to discovery

20  served by Defendants. In responding to discovery, NYST met with counsel many times to discuss

21  the requests, searched for and produced documents form their files dating back to 2016, provided

22  data reflecting their brand and generic Xyrem purchases (including supplemental productions),

23  provided information in response to interrogatories, conferred with counsel regarding discovery

24  motions (concerning, for example, premiums), prepared and sat for a deposition, and conferred

25  with counsel regarding settlement. Based on WBE's work with NYST, NYST devoted substantial

26  time to responding to discovery in this matter and performing its duties as a class representative.

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

1        13.    NYST and WBE also conferred regarding arrangements and preparation for NYST's

2    representative to attend trial as a potential witness.

3                *     *     *     *     *

4        14.    WBE will not seek payment for work, lodestar, or expenses related to this litigation

5    other than those set forth in this declaration.

6        I declare under penalty of perjury under the laws of the United States that the foregoing is

7    true and correct. Executed July 10, 2025, in Chicago, Illinois.

8

9    _____

10                 Kenneth A. Wexler

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF WEXLER BOLEY & ELGERSMA LLP IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Loper Law LLC

# EXHIBIT H

[*Submitting Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS |
| | **DECLARATION OF LOPER LAW LLC IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

1    I, THOMAS M. LOPER, declare as follows:

2        1.    I am an attorney at LOPER LAW LLC, counsel for the AFL-AGC BUILDING

3    TRADES WELFARE PLAN. This declaration is submitted in support of Class Counsel's Motion

4    for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney at LOPER LAW LLC

5    who was responsible for the firm's work in this matter, I have personal knowledge of the facts

6    below and, if called upon to do so, could and would testify competently thereto.

7        2.    LOPER LAW LLC, along with attorney Kimberly C. Walker, formerly of

8    Kimberly C. Walker, P.C., is an experienced class action, antitrust, and complex civil litigation

9    firm. LOPER LAW LLC attorneys have represented class representatives on antitrust matters in

10    various business sectors. A few of those notable actions are *In re Buspar*; *In re Relafen Antitrust*

11    *Litigation*; *In re Flonase Antitrust Litigation*; *In re Aggrenox Antitrust Litigation*; *In re Loestrin*

12    *24 FE Antitrust Litigation*; *In re Suboxone Antitrust Litigation*; and *In re Lipitor*.

13    **I.    OVERVIEW**

14        **A.    Work Performed for the Benefit of the Settlement Class**

15        3.    LOPER LAW LLC has participated in the prosecution of this litigation on behalf of

16    the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel

17    included assisting in drafting and reviewing pleadings, maintaining regular communication with

18    Co-Lead Counsel as to needed information or documents, monitoring filings for applicability to

19    represented class representative, compiling documents and advising client with discovery

20    responses, assisting with obtaining subpoenaed documents and information from service providers,

21    and preparing and advising client with deposition and testifying at trial.

22        **B.    Lodestar Summary**

23        4.    In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2,

24    2021, letter concerning time and expense reporting, LOPER LAW LLC's attorneys and staff kept

25    contemporaneous records of the time they spent on this litigation. Reports that reflect the

26    contemporaneous time entries for the work performed by LOPER LAW LLC and Kimberly C.

27    Walker, P.C. were delivered to Co-Lead Counsel for their review throughout the course of the

28
                                        1
    DECLARATION OF LOPER LAW LLC IN SUPPORT OF MOTION FOR ATTORNEYS'
                    FEES, EXPENSES, AND SERVICE AWARDS
                        CASE NO. 3:20-md-02966-RS

litigation. Co-Lead Counsel and my office have reviewed my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

5.    The total number of hours spent by LOPER LAW LLC and attorney Kimberly C. Walker, formerly of Kimberly C. Walker P.C., in prosecuting this litigation through May 15, 2024, is 120.95.

6.    The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the total number of hours they worked, and their historic hourly billing rates. Additional detail concerning the work performed by each of these individuals is set forth below.

| Attorney | Title | Hours | Rate(s) | Lodestar |
|---|---|---|---|---|
| Thomas M. Loper | Partner | 56.1 | $600 | |
| Kimberly C. Walker | Partner | 55.85 (includes work through predecessor firm) | $600 | |
| Debbie Amsbaugh | Paralegal | 9 | $150 | |

**C.    Staffing and Tasks Performed on This Matter**

7.    LOPER LAW LLC staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who worked on this matter and the tasks they performed are described below:

8.    THOMAS M. LOPER, ATTORNEY: drafting and reviewing pleadings, communicating with Co-Lead Counsel as to discovery and litigation requirements, monitoring filings, compiling documents and advising client with discovery responses, and preparing client for deposition and trial testimony.

9.    KIMBERLY C. WALKER, ATTORNEY: drafting and reviewing pleadings, communicating with Co-Lead Counsel as to discovery and litigation requirements, compiling

DECLARATION OF LOPER LAW LLC IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

documents and advising client with discovery responses, assisting with obtaining subpoenaed documents and information from service providers, and preparing client for deposition and trial testimony

10.    DEBBIE AMSBAUGH, PARALEGAL: filing and processing admission documents specific to the District Court, researched local rules for filing and service, and managed service and filing requirements.

11.    Attached herewith are itemizations of time spent and contemporaneously maintained by the firm, Attorneys Thomas M. Loper and Kimberly C. Walker, and paralegal Debbie Amsbaugh on various categories of work.

## II.    HOURLY RATES

12.    The historical hourly rates submitted by LOPER LAW LLC in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

13.    The LOPER LAW LLC's hourly rates, including the rates for specific timekeepers that worked on this matter, reflect an increase of $150 in the hourly rates charged by timekeepers in this matter in 2017 that were approved by the court in connection with the payment of attorneys' fees from recoveries in *In re: Aggrenox Antitrust Litigation*.

## III.    LITIGATION EXPENSES

14.    Attached herewith are itemizations of expenses incurred during the prosecution of this litigation while performing work assigned by Co-Lead Counsel. Those expenses are reflected in the firm's books and records that are regularly maintained in the ordinary course of the firm's business and are based on the receipts and data maintained by the firm. LOPER LAW LLC incurred unreimbursed expenses in the amount of $292.75. These expenses were incurred specifically for this case and do not include any costs for general firm overhead.

## IV.    WORK WITH CLASS REPRESENTATIVE

15.    LOPER LAW LLC is counsel for class representative the AFL-AGC BUILDING TRADES WELFARE PLAN. Over the course of the litigation, LOPER LAW LLC kept the AFL-AGC BUILDING TRADES WELFARE PLAN apprised of the status of the litigation and worked with the AFL-AGC BUILDING TRADES WELFARE PLAN to respond to discovery served by Defendants. In responding to discovery, the AFL-AGC BUILDING TRADES WELFARE PLAN met with counsel many times to discuss the requests, searched for and produced documents form their files dating back to 2016, provided data reflecting their brand and generic Xyrem purchases (including supplemental productions), provided information in response to interrogatories, conferred with counsel regarding discovery motions (concerning, for example, premiums), prepared and sat for a deposition, and conferred with counsel regarding settlement. Based on LOPER LAW LLC's work with the AFL-AGC BUILDING TRADES WELFARE PLAN, the AFL-AGC BUILDING TRADES WELFARE PLAN devoted substantial time to responding to discovery in this matter and performing its duties as a class representative.

16.    LOPER LAW LLC  attorneys prepared the representative of the AFL-AGC BUILING TRADES WELFARE PLAN for trial testimony. This preparation included, but was not limited to, review of documents applicable to the issues to be addressed during trial testimony, as well as meeting with the witness to prepare for actual trial testimony.

*        *        *        *        *

17.    LOPER LAW LLC will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of July, 2025, in MOBILE, ALABAMA.

/s/ THOMAS M. LOPER
THOMAS M. LOPER

DECLARATION OF LOPER LAW LLC IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Rupp Pfalzgrad LLC

# EXHIBIT I

[*Submitting Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 3:20-md-02966-RS |
| | **DECLARATION OF RUPP PFALZGRAF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, Marco Cercone, declare as follows:

1.    I am an attorney at Rupp Pfalzgraf, LLC, counsel for New York State Teamsters Council Health and Hospital Fund. This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney at Rupp Pfalzgraf who was responsible for the firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2.    Rupp Pfalzgraf is an experienced class action, antitrust, and complex civil litigation firm. Rupp Pfalzgraf attorneys have been co-counsel to lead counsel, and members of the liaison committee on antitrust matters in various business sectors. A few of those notable actions are *In re: Caustic Soda Antitrust Litigation; In re: National Prescription Opiate Litigation; In re: Broiler Chickens Antitrust Litigation; In re: Pork and Pork Products Antitrust Litigation; et al.*

## I.    OVERVIEW

### A.    Work Performed for the Benefit of the Settlement Class

Rupp Pfalzgraf has participated in the prosecution of this litigation on behalf of the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel included client retention, ensured compliance with ADA and HIPAA regulations, participated in discovery demands, including all declarations, verifications, and analyzation of client's purchase data, coordinated communications between lead counsel and client, held conferences with client regarding case status, and various conferences and communications with lead counsel during case progression.

### B.    Lodestar Summary

3.    In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, Rupp Pfalzgraf's attorneys and staff kept contemporaneous records of the time they spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by Rupp Pfalzgraf were delivered to Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my office have reviewed my firm's daily time records to ensure compliance with the rules set forth by

1

DECLARATION OF RUPP PFALZGRAF, LLC IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

4.    The total number of hours spent by Rupp Pfalzgraf prosecuting this litigation through May 15, 2024, is 93.2, with a corresponding lodestar of $41,173.50. The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

5.    The following summary chart identifies the individuals who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals is set forth below.

| Attorney | Title | Hours | Rate(s) | Lodestar |
|----------|-------|-------|---------|----------|
| Arthur N. Bailey | Partner | 85.4 | $450.00 | $38,430.00 |
| Arthur N. Bailey | Partner | 2.8 | $495.00 | $1,386.00 |
| Marco Cercone | Partner | 3.8 | $450.00 | $900.00 |
| Marco Cercone | Partner | .7 | $475.00 | $332.50 |
| Theresa Hobbs | Paralegal | .5 | $250.00 | $125.00 |

**C.    Staffing and Tasks Performed on This Matter**

6.    Rupp Pfalzgraf staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who worked on this matter and the tasks they performed are described below:

7.    Arthur Bailey, Partner: client retention, discovery matters, strategy matters.

Marco Cercone, Partner: assisted in discovery matters and data analyzation.

Theresa Hobbs, Paralegal: assisted in coordination with client re document verification and client signature.

8.    Below is an itemization of time spent by the firm on various categories of work:

| Attorney | Tasks | Hours | Lodestar |
|----------|-------|-------|----------|
| Arthur N. Bailey | Factual Research & Investigation | 7.6 | $3,420.00 |
| Arthur N. Bailey | Discovery of Plaintiffs | 62.2 | $27,990.00 |

2

DECLARATION OF RUPP PFALZGRAF, LLC IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

| Arthur N. Bailey | Pleadings, Briefs, and Pre-Trial Motions (incl legal research) | .4 | $180.00 |
| Arthur N. Bailey | Litigation Strategy, Analysis, & Case Management | 18.0 | $8,226.00 |
| Marco Cercone | Discovery of Plaintiffs | .2 | $90.00 |
| Marco Cercone | Litigation Strategy, Analysis, & Case Management | 4.3 | $1,142.50 |
| Theresa Hobbs | Discovery of Plaintiffs | .5 | $125.00 |

## II.    HOURLY RATES

9.      The historical hourly rates submitted by Rupp Pfalzgraf in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

10.      Recently, Rupp Pfalzgraf's hourly rates, including the rates for specific timekeepers that worked on this matter, were approved by courts in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters:

> *In re National Prescription Opiate Litigation*
>
> *In re: Pork & Pork Products Antitrust Litigation*
>
> *In re: Broiler Chickens Antitrust Litigation*

## III.    LITIGATION EXPENSES

11.      Rupp Pfalzgraf does not request the reimbursement of any litigation expenses.

## IV.    WORK WITH CLASS REPRESENTATIVE

12.      Rupp Pfalzgraf is counsel for class representative New York State Teamsters Council Health & Hospital Fund. Over the course of the litigation, Rupp Pfalzgraf kept New York State Teamsters Council Health & Hospital Fund apprised of the status of the litigation and worked with New York State Teamsters Council Health & Hospital Fund to respond to discovery served by Defendants. In responding to discovery, New York State Teamsters Council Health & Hospital Fund met with counsel many times to discuss the requests, searched for and produced documents from their files dating back to 2016, provided data reflecting their brand and generic Xyrem purchases (including supplemental productions), provided information in response to

3

interrogatories, conferred with counsel regarding discovery motions (concerning, for example, premiums), prepared for potential deposition, and conferred with counsel regarding settlement. Based on Rupp Pfalzgraf's work with New York State Teamsters Council Health & Hospital Fund, New York State Teamsters Council Health & Hospital Fund devoted substantial time to responding to discovery in this matter and performing its duties as a class representative.

13.    Rupp Pfalzgraf will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of July, 2025, in Buffalo, New York.

/s/ *Marco Cercone*
Marco Cercone, Esq.

David Kalow

EXHIBIT J

[*Submitting Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No.  3:20-md-02966-RS-SVK |
| This Document Relates to:<br><br>All Class Actions | **DECLARATION OF DAVID A. KALOW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

I, David A. Kalow, declare as follows:

1.    I am an attorney at David A. Kalow, Esq. (sole practitioner), counsel for The City of Providence, Rhode Island. This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary, indeed only, attorney at my firm, responsible for my firm's work in this matter, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2.    I am an experienced intellectual property law, with a focus on litigation, and have worked on several class action, antitrust, and complex civil litigation cases. I have worked with the sole lead, co-lead, and members of the executive committee on the patent/intellectual property aspects of antitrust matters in various business sectors. Some of those actions are *Augmentin*, *Cipro*, *K-Dur*, *Pineapples*, *Plavix*, *Relafen*, *Tamoxifen*, *TriCor*, and *Wellbutrin*.

## I.    OVERVIEW

### A.    Work Performed for the Benefit of the Settlement Class

3.    I have participated in the prosecution of this litigation on behalf of the Settlement Class. The work performed by the firm at the direction of Co-Lead Counsel included patent strategy issues, facts and choices.

### B.    Lodestar Summary

4.    In accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, I kept contemporaneous records of the time spent on this litigation. Reports that reflect the contemporaneous time entries for the work performed by me were delivered to Co-Lead Counsel for their review throughout the course of the litigation. Co-Lead Counsel and my office have reviewed my firm's daily time records to ensure compliance with the rules set forth by Co-Lead Counsel and exercised billing judgment to eliminate inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

DECLARATION OF DAVID A. KALOW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

5.     The total number of hours spent by me prosecuting this litigation through May 15, 2024, is 32.5, with a corresponding lodestar of $23,562.50. The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation, or after the filing of preliminary approval.

| Attorney | Title | Hours | Rate(s) | Lodestar |
|----------|-------|-------|---------|----------|
| David Kalow | Owner | 32.5 | 725 | 23,562.50 |

**C.     Staffing and Tasks Performed on This Matter**

6.     I staffed this matter alone and performed tasks based on my skills, expertise, and experience. In particular, in this matter I provided reviewed materials related to the patents at issue and helped prepare summaries and analyses of those patents and the underlying patent infringement litigation. I began my work on these matters early in the litigation when counsel needed the insights of an experienced patent litigation attorney to assess the patents at issue. I completed that initial case work, but generally did not work on additional assignments as the case progressed.

**II.     HOURLY RATES**

7.     The historical hourly rates submitted by me in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis, as well as the firm's noncontingent matters.

8.     In the past, my hourly rates were approved by courts in the multiple cases in connection with the payment of attorneys' fees from recoveries in class action matters mentioned in Para. 2 above, when we were successful.

**III.     LITIGATION EXPENSES**

9.     There are no unreimbursed expenses I incurred during the prosecution of this litigation while performing work assigned by Co-Lead Counsel.

10.     I did not contribute to the litigation fund maintained by Co-Lead Counsel.

2

DECLARATION OF DAVID A. KALOW IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
Case No. 3:20-md-02966-RS

11.     I had no expenses —including computer research— that were incurred specifically for this case, apart from any costs for general firm overhead.

**IV.     WORK WITH CLASS REPRESENTATIVE**

12.     I worked in association and coordination with attorney Michael M. Buchman, who is counsel for class representative The City of Providence, Rhode Island. Over the course of the litigation, I kept Mr. Buchman apprised of the status of the patent and IP issues in this litigation.

*          *          *          *          *

13.     I will not seek payment for work, lodestar, or expenses related to this litigation other than those set forth in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of July, 2025, in New York, New York .

/s/ *David A. Kalow*
David A. Kalow

**FILER'S ATTESTATION**

I, Dena C. Sharp, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: July 10, 2025

/s/ *Dena C. Sharp*
Dena C. Sharp

3
DECLARATION OF DAVID A. KALOW IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

# Zimmerman Reed

# EXHIBIT K

1   Jeff S. Westerman (SBN 94559)
      Email: jeff.westerman@zimmreed.com
2   **ZIMMERMAN REED LLP**
3   6420 Wilshire Blvd, Suite 1080
    Los Angeles, CA 90048
4   Tel: (877) 500-8780

5   *Counsel for Plaintiff City of Providence*

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  IN RE: XYREM (SODIUM OXYBATE)       Case No. 3:20-md-02966-RS
    ANTITRUST LITIGATION
12                                      **DECLARATION OF JEFF**
13                                      **WESTERMAN FOR WESTERMAN**
                                        **LAW CORP AND ZIMMERMAN**
14                                      **REED LLP IN SUPPORT OF**
                                        **MOTION FOR ATTORNEYS' FEES,**
15                                      **EXPENSES, AND SERVICE AWARDS**

16                                      Date:        October 23, 2025
                                        Time:        1:30 p.m. PST
17                                      Location:    San Francisco Courthouse,
                                                     Courtroom 3 – 17th Floor
18                                      Judge:       Hon. Richard Seeborg

19

20

21

22

23

24

25

26

27

28
    DECLARATION OF JEFF WESTERMAN IN SUPPORT OF MOTION FOR ATTORNEYS'
                 FEES, EXPENSES, AND SERVICE AWARDS
                      CASE NO. 3:20-md-02966-RS

I, Jeff Westerman, declare as follows:

I am an attorney at Zimmerman Reed LLP ("Zimmerman") and previously of Westerman Law Corp ("Westerman Law")., co-counsel with Co-Lead Counsel Michael Buchman for Plaintiff, The City of Providence, Rhode Island

1.      This declaration is submitted in support of Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards. As the primary attorney who was responsible for each firm's work in this matter, originally at Westerman Law Corp and now since my move two years ago, at Zimmerman Reed, I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2.      Westerman Law was, and Zimmerman is an experienced class action, antitrust, and complex civil litigation firm. Attorneys at the firms, including myself, have been sole lead, co-lead, and members of the executive committee on numerous complex class matters in various business sectors. See https://www.zimmreed.com/ ; and https://www.zimmreed.com/attorneys/jeff-s-westerman/ A few of those notable actions where I was lead or co-lead counsel are:

i.      Judge Otero in the Central District of California appointed me as one of three Co-Lead Counsel over a group of about 80 plaintiff attorneys, In Re Korean Air Lines Co., LTD Antitrust Litigation, MDL No. 1891 Master File No. CV 07 05107 SJO (AGRx).  That case resulted in separate settlements with the two defendants, Asiana Air Lines ($21 million) and Korean Air Lines ($68 million) for a total of $89 million.

ii.     Judge Ware appointed me as sole lead counsel over The Nvidia GPU Litigation, consumer class case re defective graphic processor units. This case settled with multi-pronged relief including returning computers for repair and chip replacement at Nvidia's expense; a reimbursement fund for class member damages incurred prior to the settlement; and replacement of some computers with a new computer. Estimated reimbursement, repair, replace and expense value to class of over $400 million.

DECLARATION OF JEFF WESTERMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

iii.  <u>In UCLA Medical Data Breach</u>, Case No. BC589243 Los Angeles Superior Court, against Defendant UC Regents, I was stipulated to be the sole lead counsel, with an Executive Committee (including Girard Sharp), by over 30 law firms. The case settled with cash payments and over $1 billion in retail cost value settlement identity protection insurance and services made available to the 4.5 million class members where, at the final approval hearing on June 18, 2019, the Hon Daniel Buckley, addressing Mr. Westerman stated:

"… You've outlined an approach that bluntly is consistent with your professionalism and your integrity…."

iv.  In a case before the Hon. David Carter in C.D. Cal, resolved in 2013, as Court appointed Co-Lead Counsel with Cotchett, Pitre & McCarthy, LLP, we achieved a total settlement of $219 million against Wells Fargo ($105 million) and Bank of NY Mellon ($114 million) for class and non-class investors, on a claim for the banks' roles in a Ponzi scheme. That case was one of the largest Ponzi scheme recoveries in California history and was recognized by Institutional Shareholder Services as one of the top 10 investor cash recoveries in the United States for 2013. Mr. Westerman and his Co-Lead Counsel were finalists for the California Consumer Attorneys Consumer Attorney of the Year award for this case.

v.  <u>In Re Chase Bank USA, N.A. "Check Loan" Contract Litigation</u>, MDL No. 2032; Case No.3:09-md-02032 MMC (JL) (N.D. Cal.), settled in 2012 for $100 million. Chase was alleged to have acted in bad faith in changing the payment terms of about 1 million cardholder/class members. That case was prosecuted by a six firm Executive Committee (including Girard Sharp, then known as Girard Gibbs), appointed by Judge Chesney. I was a member of that Executive Committee.

I.  **OVERVIEW**

  A.  **Work Performed for the Benefit of the Settlement Class**

DECLARATION OF JEFF WESTERMAN IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

3.   Westerman Law and Zimmerman have participated in the prosecution of this litigation on behalf of the Settlement Class. Work performed by the firms at the direction of a Co-Lead Counsel before and after appointment included: Assisted Mr. Buchman in preparing and filing his initial complaint, and with the strategic follow up related to Magistrate Judge assignment, defense requested extension(s), pro hac vice application(s) as local counsel, preparation for initial noticed status conference. Although not included in the fee request, I also participated in the lead counsel briefing which resulted in Mr. Buchman's appointment as Co-Lead Counsel. More recently, shortly before the case settled, Mr. Buchman as Co-Lead Counsel asked, that I make my self and an associate available to participate in trial briefing to assist the trial team. I agreed. The associate and I participated in trial preparation meetings and took steps to prepare, be available, and ready to assist during trial. We ceased work when notified of the settlement.

**B.    Lodestar Summary**

4.   Prior to the Court issuing the Orders and any direction from Co-Lead Counsel, Westerman Law kept its time and expenses with contemporaneous records of the time spent by the respective attorneys. Subsequently, in accordance with this Court's direction (ECF 59) and Co-Lead Counsel's March 2, 2021, letter concerning time and expense reporting, to the extent work was performed after those events, Westerman Law and Zimmerman attorneys and staff kept contemporaneous records of the time they spent on this litigation. Reporting on the contemporaneous time entries for the work performed by Westerman Law were made to Co-Lead Counsel Michael Buchman for the limited work done early in the litigation, mostly before the Court appointed Co-Lead Counsel.  In addition to paying attention when the work was performed, I have reviewed my firms' daily time records and incorporated audit comments from Co-Lead Counsel following the representation the audit standards were applied uniformly to all firms

submitting to ensure there is no inefficiency and duplication. Co-Lead Counsel are authorized to submit my firm's time records for *in camera* review if requested by the Court.

5.    The total number of submitted hours spent by Westerman Law and Zimmerman prosecuting this litigation through May 15, 2025, is 22.7, with a corresponding lodestar of $17,412.50. The lodestar does not include any time related to the appointment of class counsel, proceedings involving motions to transfer before the Judicial Panel on Multidistrict Litigation , or after the filing of preliminary approval.

6.    The following summary chart identifies the individuals at Westerman Law who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals at Westerman Law is set forth below.

| Attorney | Title | Hours | Rate(s) | Lodestar |
|---|---|---|---|---|
| Jeff Westerman | Owner | 3.8 | $895 | $3,401.00 |
| Jeff Westerman | Owner | .9 | $925 | $832.50 |
| Guido Toscano | Associate | 3.5 | $680 | $2,380.00 |

7.    The following summary chart identifies the individuals at Zimmerman who worked on this matter, their titles (Partner, Of Counsel, Associate, Paralegal, Litigation Staff), the total number of hours they worked, their historic hourly billing rates, and their total lodestar. Additional detail concerning the work performed by each of these individuals at Zimmerman is set forth below.

| Attorney | Title | Hours | Rate(s) | Lodestar |
|---|---|---|---|---|
| Jeff Westerman | Of Counsel | 4.4 | $1,100 | $4,840.00 |
| Jessica Liu | Associate | 10.1 | $590 | $5,959.00 |

**C.    Staffing and Tasks Performed on This Matter**

4

8. Both Westerman Law and Zimmerman staffed this matter with attorneys and professionals who performed tasks based on their skills, expertise, and experience. The individuals who worked on this matter and the tasks they performed are described below:

9. At Westerman Law: Jeff Westerman, owner, performed work and supervised the associate, Guido Toscano, as described above and summarized below.

10. At Zimmerman, Jeff Westerman as Of Counsel performed work and supervised associate Jessica Liu as summarized and described below.

//

//

//

//

11. Below is an itemization of time spent by the Westerman Law firm on various categories of work:

| Attorney | Tasks | Hours | Lodestar |
|---|---|---|---|
| Jeff Westerman | Complaint/pre-complaint investigation | 2.2 | $1,969.00 |
| Jeff Westerman | Other motion practice/research | .7 | $632.50 |
| Jeff Westerman | Litigation Strategy/Analysis | 1.5 | $1,354.50 |
| Jeff Westerman | Court Hearings/conferences/prep | .3 | $277.50 |
| Guido Toscano | Complaint/pre-complaint investigation | 1.7 | $1,156.00 |
| Guida Toscano | Litigation Strategy/Analysis | 1.8 | $1,224.00 |

12. Below is an itemization of time spent by the Zimmerman firm on various categories of work:

| Attorney | Tasks | Hours | Lodestar |
|---|---|---|---|
| Jeff Westerman | Trial/Trial Preparation | 4.4 | $4,840.00 |
| Jessica Liu | Trial/Trial Preparation | 10.1 | $5,959.00 |

**HOURLY RATES**

5

13.   The historical hourly rates submitted by both Westerman Law and Zimmerman in this matter are the firm's usual and customary rates that were charged by the firm in similar matters in which the firm is paid on a contingent basis.

14.   My recent hourly rate was approved in the following cases in connection with the payment of attorneys' fees from recoveries in class action matters:

As to Westerman Law:

See *In Re Woodridge Investments Litigation*, Case 2:18-cv-00103-DMG-MRW, Document 207, filed 12/17/21.

As to Zimmerman:

See Class Counsel's Motion For Attorneys' Fees, Reimbursement of Costs And Expenses, and Service Awards And Memorandum In Support Thereof, in *Wilson et al. v FCA US LLC*, Case 4:22-cv-00447-ALM, Document 64-4, filed 03/06/25, page 1 of 5, page ID #:1111, et seq.; and Order Granting Motion for Attorneys' Fees Reimbursement of Costs and Expenses, and Service Awards, 4:22-cv-00447-ALM, Document 68, filed 04/11/25, page 1 of 3, page ID #: 1348.

## II.   LITIGATION EXPENSES

15.   Westerman Law and Zimmerman are not submitting any expenses.

## III.   WORK WITH CLASS REPRESENTATIVE

16.   Westerman Law was, and Zimmerman is, current co- counsel for plaintiff City of Providence. Over the course of the litigation, Mr. Buchman handled direct communications and interaction with the client and I and my respective firms worked at his direction.

17. Neither Westerman Law or Zimmerman seek payment for work, lodestar, or

///

///

///

DECLARATION OF JEFF WESTERMAN IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS

expenses related to this litigation, other than as set forth in this declaration, based on the representation that uniform auditing standards were applied.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed July 8, 2025, in Pitkin County, Colorado.

_____
Jeff Westerman

DECLARATION OF JEFF WESTERMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-md-02966-RS