Matthew Weiler (SBN 236052)
Todd Schneider (SBN 158253)
J. Caleigh Macdonald (SBN 302592)
SCHNEIDER[2] WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
TSchneider@schneiderwallace.com
MWeiler@schneiderwallace.com
JMacdonald@schneiderwallace.com

*Counsel for Plaintiffs Humana Inc., Health Care Service Corporation, Molina Healthcare Inc., and Blue Cross and Blue Shield of Florida and Health Options, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION<br><br>HUMANA (CASE NO. 4:21-CV-07934-RS)<br>HCSC (CASE NO. 3:22-CV-00993-RS)<br>MOLINA (CASE NO. 3:21-CV-07935-RS)<br>BCBS FL (CASE NO. 3:24-CV-00514-RS) | Case No. 3:20-md-02966-RS<br><br>**PLAINTIFFS' HUMANA, INC., HEALTH CARE SERVICE COROPORATION, MOLINA HEALTHCARE, INC., BLUE CROSS AND BLUE SHIELD OF FLORIDA AND HEALTH OPTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL OF HIKMA DEFENDANTS**<br><br>Date: October 16, 2025<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor<br>The Honorable Richard Seeborg |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and the confidential terms of their settlement agreements, Plaintiffs Humana, Inc. ("Humana"), Health Care Service Corporation ("HCSC"), Molina Healthcare, Inc. ("Molina"), Blue Cross and Blue Shield of Florida and Health Options, Inc. (collectively "BCBS FL") (collectively the "Plaintiffs") hereby move to dismiss their claims against Defendants Hikma Labs, Inc., Hikma Pharmaceuticals USA Inc., Eurohealth (USA), Inc., and Hikma Pharmaceuticals PLC (collectively, "Hikma Defendants" or "Hikma") with prejudice in the above-captioned case. Plaintiffs reserve their rights and will continue to prosecute their respective claims against the remaining Defendants. Hikma does not oppose Plaintiffs' motion for its dismissal with prejudice, but rather has sought and approved their seeking its dismissal.

**STATEMENT OF RELIEF SOUGHT**

Plaintiffs seek entry of an order dismissing with prejudice their respective claims against Hikma Defendants in this action. A proposed order is submitted herewith, and each party shall bear their own costs and attorneys' fees.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs have executed settlement agreements that resolved their respective claims against the Hikma Defendants. Plaintiffs thus seek dismissal of Hikma from their respective cases—and the claims they each raised against Hikma therein—with prejudice.

Except as provided in Rule 41(a)(1), an action may be dismissed against a defendant at the plaintiffs' request only by court order. *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Unlike a Rule 41(a)(1) notice of dismissal, a Rule 41(a)(2) motion requires court approval."). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Kamal v. Eden Creamery, LLC*, No. 21-56260, LEXIS 33875, *20 (9th Cir. Dec. 21, 2023) (quoting *Westlands Water Dist.*, 100 F.3d 94, 97 (9th Cir. 1996)).

This Court has dismissed other Defendants pursuant to settlement agreements reached with other plaintiffs in consolidated or related cases. *See* ECF Nos. 588 (granting United HealthCare

Services, Inc.'s Motion for Voluntary Dismissal as to Defendant Amneal Pharmaceuticals, LLC), 589 (granting Plaintiffs' Motion for Voluntary Dismissal as to Defendant Amneal Pharmaceuticals, LLC).

Legal prejudice is not at issue here. This with prejudice dismissal was negotiated as part of Plaintiffs' settlement agreement with Hikma. No party is prejudiced by it, unfairly or otherwise. As indicated, Hikma does not oppose Plaintiffs' motion, or the proposed order submitted herewith, but rather has requested that Plaintiffs seek its dismissal from their respective cases with prejudice.

## CONCLUSION

The Court should dismiss Plaintiffs' respective claims against Hikma Defendants with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: August 28, 2025

Respectfully submitted,

By: */s/ Matthew S. Weiler*
Matthew Weiler (SBN 236052)
Todd Schneider (SBN 158253)
J. Caleigh Macdonald (SBN 302592)
SCHNEIDER² WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
TSchneider@schneiderwallace.com
MWeiler@schneiderwallace.com
JMacdonald@schneiderwallace.com

Jason H. Kim (SBN 220279)
SCHNEIDER² WALLACE
COTTRELL KIM LLP
300 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Telephone: (415) 421-7100
JKim@schneiderwallace.com

*Counsel for Humana Inc., Health Care Service Corporation, Molina Healthcare Inc., Blue Cross and Blue Shield of Florida and Health Options, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Peter D. St. Phillip, Jr. (pro hac vice)
Uriel Rabinowitz (pro hac vice)
Noelle Ruggiero (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
PStPhillip@lowey.com
URabinowitz@lowey.com
NRuggiero@lowey.com

*Counsel for Humana Inc., Health Care Service Corporation, and Molina Healthcare Inc.*